**WANGER JONES HELSLEY**
Riley C. Walter #91839
Kurt F. Vote #160496
Steven K. Vote #309152
Danielle J. Bethel #315945
265 E. River Park Circle, Suite 310
Fresno, California 93720
Telephone: (559) 490-0949
E-Mail: rwalter@wjhattorneys.com
　　　　　dbethel@wjhattorneys.com

Attorneys for Debtor and Debtor in Possession, Madera Community Hospital

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

# FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>MADERA COMMUNITY HOSPITAL,<br><br>　　Debtor in Possession.<br><br>Tax ID#:　23-7429117<br>Address:　1250 E. Almond Avenue<br>　　　　　　Madera, CA 93637 | Case No. 23-10457<br><br>Chapter 11<br><br>DC No.: WJH-4<br><br>Date:　　March 16, 2023<br>Time:　　11:00 a.m.<br>Place:　　2500 Tulare Street<br>　　　　　Courtroom 13<br>　　　　　Fresno, CA 93721<br>Judge:　　Honorable René Lastreto II |

**EMERGENCY MOTION FOR ORDER AUTHORIZING (1) MAINTENANCE OF EXISTING BANK ACCOUNTS, (2) CONTINUED USE OF EXISTING CASH MANAGEMENT SYSTEM, AND (3) CONTINUED USE
OF BUSINESS FORMS**

TO THE HONORABLE RENÉ LASTRETO II, UNITED STATES BANKRUPTCY JUDGE, THE TWENTY LARGEST UNSECURED CREDITORS, ANY SECURED CREDITORS, PARTIES WITH A PECUNIARY INTEREST IN THE SUBJECT MATTER ADDRESSED IN THE MOTION, PARTIES REQUESTING SPECIAL NOTICE, AND THE U.S. TRUSTEE'S OFFICE:

1    PLEASE TAKE NOTICE that Madera Community Hospital, the debtor and debtor in possession
2 in the above-captioned case (the "Debtor" or "MCH" or "Hospital"), hereby moves the Court for entry
3 of an order (a) authorizing the Debtor to maintain and to continue using its existing bank accounts, (b)
4 authorizing the Debtor to continue using its electronically generated business forms without "Debtor in
5 Possession" appearing on them for a period of seventy five (75) days until the Debtor can alter its
6 software to include that designation and the Case number on the forms, to utilize its preprinted forms
7 without the "Debtor in Possession" stamp until the supply is depleted, and to approve the use of a
8 "Debtor in Possession" stamp on all checks issued until the current stock of checks is depleted and
9 checks are reordered, (c) authorizing and directing the Banks to honor post-petition checks drawn on
10 and transfers made from the Accounts in the ordinary course of business, (d) requiring that in the event
11 that if any Bank refuses to honor checks drawn on the Accounts (provided there are sufficient good
12 funds in the account to honor the checks and the checks are otherwise property payable) order the Bank
13 to immediately turn over the deposits held in the applicable Account upon the Debtor's request, and (e)
14 granting such other and further relief as is just and proper under the circumstances ("Motion"). The
15 Motion is brought pursuant to 11 U.S.C. §§ 363, 1107 and 1108. This Motion is based on the
16 Memorandum of Points and Authorities, the Declaration of Karen Paolinelli filed concurrently herewith
17 and the exhibits thereto, the arguments of counsel and other admissible evidence properly brought before
18 the Court at or before the hearing on this Motion.

19    As with most hospitals, MCH has a long-maintained, complicated cash management system.
20 The Debtor currently has accounts with Bank of America ("BofA") and Edward Jones ("EJ") which it
21 requests remain open (collectively, BofA and EJ are the "Banks"). A comprehensive list of accounts
22 held by the Debtor at the Banks ("Accounts") is attached as Exhibit A to the declaration of Karen
23 Paolinelli filed in support of this Motion. A description of each of the Accounts, its location, use, and
24 the Debtor's intentions by way of this Motion is set forth in the Brief. The Debtor is requesting
25 authorization to leave its Accounts open and to utilize them as described more fully in the Brief.

26    WHEREFORE, for all the foregoing reasons, and such additional reasons as may be advanced
27 at or prior to the hearing on the Motion, the Debtor respectfully requests that this Court enter an order
28 (a) authorizing the Debtor to maintain and continue using the existing Accounts; (b) authorizing the

Debtor to continue using its electronically generated business forms without "Debtor in Possession" being imprinted on and to utilize its preprinted forms without the "Debtor in Possession" designation; (c) authorizing the Debtor to continue using its existing checks without "Debtor in Possession" being imprinted on them until the Debtor exhausts its current supply and must order new checks with the designation and case number preprinted on them; (d) authorizing and directing BOA and EJ, the Banks, to honor post-petition checks drawn on and transfers made from the Accounts in the ordinary course of business; and (e) granting such other and further relief as is just and proper under the circumstances.

Dated: March 13, 2023                WANGER JONES HELSLEY

                                     By: /s/ Riley C. Walter
                                         Riley C. Walter
                                         Kurt F. Vote
                                         Steven K. Vote
                                         Danielle J. Bethel
                                         Attorneys for Debtor and Debtor in Possession,
                                         Madera Community Hospital