**6**
**WANGER JONES HELSLEY**
Riley C. Walter #91839
Kurt F. Vote #160496
Steven K. Vote #309152
Danielle J. Bethel #315945
265 E. River Park Circle, Suite 310
Fresno, California 93720
Telephone: (559) 490-0949
E-Mail:  rwalter@wjhattorneys.com
              dbethel@wjhattorneys.com

Attorneys for Debtor and Debtor in Possession, Madera Community Hospital

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>MADERA COMMUNITY HOSPITAL,<br><br>    Debtor in Possession.<br><br>Tax ID#:     23-7429117<br>Address:    1250 E. Almond Avenue<br>                  Madera, CA 93637 | Case No. 23-10457<br><br>Chapter 11<br><br>DC No.:   WJH-5<br><br>Date:    March 16, 2023<br>Time:    11:00 a.m.<br>Place:   2500 Tulare Street<br>             Courtroom 13<br>             Fresno, CA 93721<br>Judge:   Honorable René Lastreto II |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EMERGENCY MOTION FOR ORDER (A) PROHIBITING UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE, AND (B) DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES**

TO THE HONORABLE RENÉ LASTRETO II, UNITED STATES BANKRUPTCY JUDGE, THE TWENTY LARGEST UNSECURED CREDITORS, ALL ALLEGED SECURED CREDITORS; PARTIES REQUESTING SPECIAL NOTICE, PARTIES WITH A PECUNIARY INTEREST IN THE SUBJECT MATTER ADDRESSED IN THIS MOTION, AND THE U.S. TRUSTEE'S OFFICE:

Memorandum of Points and Authorities in Support
of Motion to Prohibit Utilities from Altering
Service and Determine Adequate Assurance

1

R:\Client\10538-002\PLEADINGS\WJH-5
Motion re Utilities\Brief.031223.docx

Madera Community Hospital, the debtor and debtor in possession in the above-captioned case (the "Debtor" or "MCH" or "Hospital"), hereby submits this memorandum of points and authorities in support of its motion for an order (a) prohibiting each of the utilities (collectively, the "Utility Companies" and individually, a "Utility Company") from altering, refusing, or discontinuing services to the Debtor without further order of this Court; (b) finding that the following constitutes adequate assurance of payment for future utility services as contemplated by §§ 366(b) and (c)(3)(A): (i) a Deposit made by the Debtor to each of the Utility Companies in an amount equal to the average monthly invoice for prepetition services; and (ii) the ability of the Utility Companies to obtain an expedited hearing twenty (20) days after the Debtor receives notice of a default and does not cure that default; and (c) requiring any Utility Company whose services are terminated by the Debtor to immediately refund any deposit in connection with this Motion (with no offset for prepetition claims) (provided that all postpetition invoices have been paid) ("Motion" or "Utilities Motion").

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**<u>INTRODUCTION</u>**

The general background facts pertinent to this case are set out in the declaration of Karen Paolinelli filed concurrently herewith and are therefore not repeated herein except as needed.

The Debtor receives essential utility services from several utility providers. A list of the utility providers together with the corresponding average monthly pre-petition invoice is attached to the Declaration of Paolinelli in support of this Motion ("List of Utility Companies"). The Debtor's facilities receive one or more of the essential water, sewer, gas, electric, telephone, cell, and garbage services from the Utility Companies.

The Debtor still operates a hospital facility that must be maintained twenty four/seven (24 hours a day, 7 days a week). While any interruption in utility services would certainly be detrimental to the Debtor's operations, the more important consideration in this case is that any utility interruption, no matter how brief, could be extremely harmful to the hospital facility. At this critical time and given the nature of the Debtor's operations, uninterrupted electricity, gas,

water, sewer, garbage service, telephone and cell services, and internet services are essential to the ongoing operations of the Debtor and to the preservation of the value thereof.

The Debtor routinely pays its regular monthly utility obligations when due. In addition, the Debtor's chapter 11 filing occurred during the middle of the billing cycles for many, if not all, of the Utility Companies. As a result, there are likely limited outstanding prepetition amounts owed to the Utility Companies.

The Debtor believes it will have adequate cash to meet all of its necessary post-petition operating expenses on a current basis for the initial 13-week period, including payments to the Utility Companies. The Debtor has specifically included in its budget amounts for payments to Utility Companies, including the payment of potential Utility Deposits (as defined below).

The Debtor proposes to give each of the Utility Companies adequate assurance of payment for its future services in the form of cash deposits (the "Utility Deposits" and each, a "Utility Deposit") in amounts that are equal to the average monthly invoice for one month of prepetition services provided to the Debtor by each Utility Company. These amounts (as so calculated) are included in the List of Utility Companies. The Debtor proposes to pay the Utility Deposits within forty-five (45) days after the Court's entry of an order granting the Utilities Motion.

Additionally, the Debtor proposes that if the Debtor defaults on an obligation to pay a Utility Company for post-petition services and such default is not cured within twenty (20) days of such Debtor's receipt of written notice of default, then the applicable Utility Company may file a motion requesting that the Debtor furnish further adequate assurance of future payment, and such motion shall be heard on an expedited basis.

Last, the Debtor is requesting that Utility Companies must immediately refund any Utility Deposit (without offset for prepetition claims) in the event that the Debtor terminates the services of any Utility Company and after all post-petition invoices to that Utility Company have been paid.

Under the circumstances of this case in which the Debtor believes it has no significant outstanding prepetition utility obligations and has already arranged to maintain current payment for post-petition services, the Debtor believes that the proposed Utility Deposits combined with

expedited access to a court hearing in the event of a default, together, constitute adequate assurance of payment under Section 366(c) of the Bankruptcy Code.

## II.

## JURISDICTION AND VENUE

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The venue of the Case is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.

## REQUESTED RELIEF

Through the Utility Motion, the Debtor requests an order prohibiting the Utility Companies from altering, refusing, or discontinuing service and establishing that the procedures described below constitute adequate assurance of future performance pursuant to Bankruptcy Code Section 366.

## IV.

## DISCUSSION

Under Section 366(b), utility companies may alter, refuse, or discontinue service to a debtor if the debtor has not furnished adequate assurance of payment within twenty (20) days of the Petition Date. 11 U.S.C. § 366(b). The Court, however, has the power to modify the form and amount of the assurance of payment after notice and a hearing. 11 U.S.C. § 366(c)(2), (3)(A). The policy underlying § 366 is to protect the debtor from utility service cutoffs upon the filing of a bankruptcy case and provide utility companies with adequate assurance that the debtor will in fact pay for postpetition services. *See* H.R. Rep. No. 595, 95th Cong., 1st Sess. 350 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6306.

"Utility" is not defined in the Bankruptcy Code. However, courts have generally limited this to entities that have a "special relationship" with the debtor, in that they provide the debtor with an essential service, for which the debtor has a need for continued access. *See, e.g.*, *Darby v. Time Warner Cable, Inc.* (*In re Darby*), 470 F.3d 573 (5th Cir. 2006).

Section 366 requires a cash deposit or other enumerated form of security that is "adequate," but the Bankruptcy Code does not define what is "adequate," except that administrative priority is not sufficient as a form of adequate assurance of payment. 11 U.S.C. §§ 366(c)(1)(B), 3(B)(iii).

While the *form* of adequate assurance of payment may be limited under § 366(c) to the types of security enumerated in § 366(c)(1)(A), the *amount* of the deposit or other form of security, however, remains fully within the reasonable discretion of the Court, subject only to three specific factors that may not be considered by the Court, as listed in § 366(c)(3)(B).

The Debtor believes that the amount it proposes to make as a cash deposit to each of the Utility Companies is fair and more than adequate under the totality of the facts and circumstances. See *In re Adelphia Business Solutions*, 280 B.R. 63, 82-83, 86 n.127 (Bankr. S.D.N.Y. 2002) (adequate assurance of payment is a fact-driven analysis based on the totality of the facts and circumstances of the case).

As explained in the Declaration of Karen Paolinelli, continued and uninterrupted utility service is critical to the Debtor's operations because, as mentioned previously, any interruption in utiity services would be detrimental to the Debtor's business and could be extremely harmful to the hospital facility.

In contrast, the Utility Companies will not be prejudiced by the continuation of their services. The Debtor is current on payment to the Utility Companies. The Debtor has sufficient funds to pay all postpetition charges. The Utility Companies are further protected by the Deposits and the provisions granting them an expedited hearing if the Debtor fails to cure a payment default within twenty (20) days after written notice of such default.

## VI.

## **CONCLUSION**

WHEREFORE, for all the foregoing reasons and such additional reasons as may be advanced at or prior to the hearing on this Motion, and to avoid immediate and irreparable harm, the Debtor respectfully requests that this Court enter an order:

Memorandum of Points and Authorities in Support of Motion to Prohibit Utilities from Altering Service and Determine Adequate Assurance

5

R:\Client\10538-002\PLEADINGS\WJH-5 Motion re Utilities\Brief.031223.docx

  (a) Determining that the following together constitutes adequate assurance of payment for future utility services as contemplated by §§ 366(b) and (c)(3)(A): (i) a Deposit equal to one (1) month of the Debtor's average monthly prepetition invoice amount prior to the filing of the Case, and (ii) the ability to obtain an expedited hearing twenty (20) days after the Debtor receives notice of a default and does not cure that default;

  (b) Prohibiting each of the Utility Companies from altering, refusing, or discontinuing services to the Debtor without further order of this Court;

  (c) Requiring any Utility Company whose services are terminated by the Debtor to immediately refund a Deposit (with no offset for prepetition claims) provided that all postpetition invoices have been paid; and

  (d) Granting such other and further relief as is just and proper under the circumstances.

Dated: March 13, 2023

WANGER JONES HELSLEY

By: /s/ Riley C. Walter
Riley C. Walter
Kurt F. Vote
Steven K. Vote
Danielle J. Bethel
Attorneys for Debtor and Debtor in Possession, Madera Community Hospital