**4**

**WANGER JONES HELSLEY**
Riley C. Walter #91839
Kurt F. Vote #160496
Steven K. Vote #309152
Danielle J. Bethel #315945
265 E. River Park Circle, Suite 310
Fresno, California  93720
Telephone: (559) 490-0949
E-Mail:  rwalter@wjhattorneys.com
            dbethel@wjhattorneys.com

Attorneys for Debtor and Debtor in Possession, Madera Community Hospital

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>MADERA COMMUNITY HOSPITAL,<br><br>          Debtor in Possession.<br><br>Tax ID#:    23-7429117<br>Address:    1250 E Almond Avenue<br>                  Madera, CA 93637 | Case No. 23-10457<br><br>Chapter 11<br><br>DC No.:   WJH-6<br><br>Date:     March 16, 2023<br>Time:     11:00 a.m.<br>Place:    2500 Tulare Street<br>              Courtroom 13<br>              Fresno, CA 93721<br>Judge:    Honorable René Lastreto II |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EMERGENCY MOTION FOR AUTHORITY TO SELL PERSONAL PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. § 363 (EXCESS MEDICAL SUPPLIES)**

TO THE HONORABLE RENÉ LASTRETO II, UNITED STATES BANKRUPTCY JUDGE, THE TWENTY LARGEST UNSECURED CREDITORS, ALL ALLEGED SECURED CREDITORS, PARTIES WITH A PECUNIARY INTEREST IN THE SUBJECT MATTER ADDRESSD IN THIS MOTION, PARTIES REQUESTING SPECIAL NOTICE, AND THE U.S. TRUSTEE'S OFFICE:

///

PLEASE TAKE NOTICE that Madera Community Hospital, the debtor and debtor in possession in the above-captioned case (the "Debtor" or "MCH" or "Hospital"), hereby moves the Court an Order authorizing the Debtor to sell certain excess medical supplies of the estate (the "Assets") pursuant to 11 U.S.C. § 363 and B.R. 9014 ("Motion" or "Sale Motion").

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**<u>INTRODUCTION</u>**

The general background facts pertinent to this case are set out in the declaration of Karen Paolinelli ("Paolinelli Declaration") filed concurrently herewith and are therefore not repeated herein except as needed.

The Debtor seeks authority to sell personal property consisting of excess medical supplies. The supplies are no longer needed in the operation of the Hospital due to the discontinuance of lines of service. The Debtor seeks authority to sell the excess supplies described on Exhibit A to the Paolinelli Declaration ("Assets") for market value on a case-by-case basis. The proceeds of sale may be the cash collateral of Saint Agnes Medical Center ("SAMC"). The prices to be paid are market prices based on the experience of the Debtor. Emergency relief is needed to maximize the benefit to the estate as many of these supplies are subject to expiration dates which greatly affects their value.

**II.**

**<u>JURISDICTION</u>**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

///

///

///

///

///

## III.

## **ARGUMENT**

A debtor in possession or trustee "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). In determining whether to allow a particular sale, a Bankruptcy Court must determine that the sale is supported by a showing of "good business judgment." *In Re Walter*, 83 B.R. 14, 20 (9th Cir. BAP 1988); *In Re Lionel Corp.*, 722 F.2d 1063, 1071 (2nd Cir. 1983). The debtor has the burden of establishing that it has met the "good business judgment" standard. *In the Matter of Baldwin United Corp.*, 43 B.R. 888, 905 (Bankr. S.D. Ohio 1984). The Ninth Circuit Bankruptcy Appellate Panel has stated that "whether the proffered business justification is sufficient depends on the case." *In Re Walter*, 83 B.R. at 20; *Lionel*, 722 F.2d at 1071. "As the Second Circuit held in *Lionel*, the Bankruptcy Judge should consider all salient factors pertaining to the proceeding and, accordingly, act to further the diverse interests of the debtor, creditors, and equity holders, alike." *Id.* at 20. However, the ultimate decision of whether to authorize a sale pursuant to Section 363(b) lies within the sound discretion of the Bankruptcy Court. *E.g., In Re Coastal Cable TV, Inc.*, 24 B.R. 609, 611 (1st Cir. BAP 1982), *vac. on other grounds*, 709 F.2d 762 (1st Cir. 1983); *In Re Lionel Corp.,* 722 F.2d at 1066. The Bankruptcy Court is given considerable latitude in deciding whether good business judgment is present. *In Re Walter*, 83 B.R. at 20.

Here, the Assets are no longer needed for Debtor's business operations due to the fact that the Debtor's lines of service have ceased. Therefore, it makes sense to sell the Assets for their current fair market value so that the proceeds can be used in furtherance of the bankruptcy estate. Further, many of the Assets are subject to expiration dates making time of the essence in order to secure the highest price possible. Last, because the Assets are the collateral of SAMC, proceeds from the Asset sales will be deposited into the Debtor's cash collateral account to be used only pursuant to further order of this court.

///

///

///

## IV.

## WAIVER OF BR 6004 IS APPROPRIATE

B.R. 6004(g) provides for an automatic fourteen-day stay on a sale. B.R. 6004(g) provides said stay can be waived. The said fourteen-day stay should be waived in this case because the price paid for the Assets is the market price and there is urgency for the sale to avoid obselence. Therefore, the Sale is fair and reasonable under the circumstances. Based on the foregoing, the fourteen-day stay of B.R. 6004 should be waived.

## V.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court enter an Order:

1. Authorizing the Debtor to sell the Assets on a case-by-case basis for market value based on the experience of the Debtor;

2. Finding that the Debtor has complied with all applicable notice procedures regarding the Motion for Authority to Sell Personal Property of the Estate Pursuant to 11 U.S.C. § 363;

3. Authorizing the Debtor to execute any and all documents reasonably necessary to effectuate the sale requested by the Motion;

4. Authorizing the Debtor to deposit all proceeds from Asset sales into the Debtor's cash collateral account to be used pursuant to orders of this court;

5. Waiving the fourteen-day stay of B.R. 6004.

Dated: March 13, 2023

WANGER JONES HELSLEY

By: *Riley C. Walter*
Riley C. Walter
Kurt F. Vote
Steven K. Vote
Danielle J. Bethel
Attorneys for Debtor and Debtor in Possession,
Madera Community Hospital