**4**

**WANGER JONES HELSLEY**
Riley C. Walter #91839
Kurt F. Vote #160496
Steven K. Vote #309152
Danielle J. Bethel #315945
265 E. River Park Circle, Suite 310
Fresno, California  93720
Telephone: (559) 490-0949
E-Mail:   rwalter@wjhattorneys.com
           dbethel@wjhattorneys.com

Attorneys for Debtor and Debtor in Possession, Madera Community Hospital

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| In re: | Case No. 23-10457 |
| MADERA COMMUNITY HOSPITAL, | Chapter 11 |
|       Debtor in Possession. | DC No.:   WJH-7 |
| Tax ID#:   23-7429117<br>Address:    1250 E Almond Avenue<br>              Madera, CA 93637 | Date:    March 16, 2023<br>Time:    11:00 a.m.<br>Place:   2500 Tulare Street<br>          Courtroom 13<br>          Fresno, CA 93721<br>Judge:   Hon.  René Lastreto II |

**EMERGENCY MOTION FOR ORDER LIMITING SCOPE OF NOTICE FOR CHAPTER 11 CASE**

TO THE HONORABLE RENÉ LASTRETO II, UNITED STATES BANKRUPTCY JUDGE, THE TWENTY LARGEST UNSECURED CREDITORS, ANY SECURED CREDITORS, PARTIES WITH A PECUNIARY INTEREST IN THE SUBJECT MATTER ADDRESSED IN THE MOTION, PARTIES REQUESTING SPECIAL NOTICE, AND THE U.S. TRUSTEE'S OFFICE:

PLEASE TAKE NOTICE that the above-captioned debtor and debtor in possession (the "Debtor") hereby moves the Court for entry of an order limiting the scope of notice of certain matters as set forth herein (the "Motion").

By this Motion, the Debtor seeks, pursuant to Rules 2002(i), 2002(m), 4001, 6004, 6006, 6007, 9006, 9007, 9013, 9014, and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and 11 U.S.C. § 105(a), an order authorizing the Debtor to limit notice of the Limited Notice Matters (as defined in the Memorandum of Points and Authorities) in this Chapter 11 case (the "Case") to the following parties: (1) the U.S. Trustee's Office, (2) the creditors appearing on the list filed by the Debtor in accordance with Bankruptcy Rule 1007(d) unless and until a committee of unsecured creditors (the "Committee") is appointed, then in that event, to counsel to the Committee and the Committee, (3) parties that file with the Court and serve upon the Debtor requests for notice in accordance with Bankruptcy Rule 2002(i), (4) any secured creditors, (5) various attorneys for the California Attorney General and (6) any party with a pecuniary interest in the subject matter of the particular Limited Notice Matter or its counsel.

The Motion is based on this Motion, the Notice, the attached Memorandum of Points and Authorities, the Declaration of Karen Paolinelli in Support of the Emergency Motion, the arguments of counsel, and other admissible evidence properly brought before the Court at or before the hearing on this Motion. In addition, the Debtor requests that the Court take judicial notice of all documents filed with the Court in this case.

The Debtor's creditor matrix exceeds 1000+ parties. Requiring notice to and service upon all of parties would significantly increase the cost of administering this estate. The limited scope of notice proposed herein is necessary to avoid the administrative burdens and costs that serving notice of all pleadings on these parties would impose upon the Debtor while assuring that the interested parties receive notice of all matters.

If the relief requested herein is granted, the burden, complication, delay and cost to the Debtor's estate that is associated with administering this case and providing notice of the proceedings in this case to dozens of parties will be dramatically reduced.

The Debtor requests that the Court limit the scope of service of all notices, motions, or applications (the "Limited Notice Matters"), including, but not limited to, the following:

- any proposed use, sale, or lease of property of the estate pursuant to section 363 of the Bankruptcy Code and Bankruptcy Rules 2002(a)(2), 4001(b), and 6004;
- any proposed debtor in possession financing or use of cash collateral;
- any proposed extension of the Debtor's exclusive time to file a plan of reorganization and solicit acceptance thereof (including, without limitation, the time to file a disclosure statement) pursuant to section 1121 of the Bankruptcy Code and Bankruptcy Rule 3016;
- any proposed approval of a compromise or settlement of a controversy pursuant to Bankruptcy Rules 2002(a)(3) and 9019 and/or section 363 of the Bankruptcy Code;
- any proposed abandonment or disposition of property of the estate pursuant to section 554 of the Bankruptcy Code and Bankruptcy Rules 6007(a) or (c);
- any proposed assumption, assumption and assignment or rejection of contracts or leases under section 365 of the Bankruptcy Code and Bankruptcy Rule 6006(a) or (c);
- any proposal to prohibit or condition the use, sale or lease of property pursuant to section 363 of the Bankruptcy Code or Bankruptcy Rule 4001(a);
- any proposed objections to claims pursuant to section 502 of the Bankruptcy Code or Bankruptcy Rules 3002, 3003 or 3007;
- any verified statement filed by any entity or committee (other than those appointed pursuant to section 1102 or 1104 of the Bankruptcy Code) representing more than one creditor pursuant to Bankruptcy Rule 2019(a) and any motion filed in respect thereof pursuant to Bankruptcy Rule 2019(b);
- any proposed application for employment of professionals pursuant to sections 327, 1103 or 1104 of the Bankruptcy Code or Bankruptcy Rule 2014;
- any proposed application for compensation or reimbursement of expenses of professionals, pursuant to sections 328, 329, 330, or 331 of the Bankruptcy Code

and Bankruptcy Rules 2002(a)(6), 2016, 2017, and 6005; except as provided by other orders of this Court;

- a hearing on any other contested matter in this case that requires notice to all creditors or equity holders pursuant to the Bankruptcy Code, Bankruptcy Rule 9014, or the Local Bankruptcy Rules; and
- all other pleadings, papers, and requests for relief or other order of the Court, except as limited below.

The Limited Notice Motion does not affect the rights of all creditors and parties in interest in this Case to receive notice of the following matters or proceedings: (i) a hearing on the dismissal or conversion of this Case; (ii) the time fixed for filing objections to any disclosure statement and any hearing to consider approval of any disclosure statement; (iii) the time fixed for accepting, rejecting, or objecting to confirmation of a plan or any modification thereof and the hearing thereon; (iv) the entry of an order confirming a plan; and (v) the date fixed for filing proofs of claim.

WHEREFORE, for all the foregoing reasons, and such additional reasons as may be presented at or prior to the hearing on this Motion, the Debtor respectfully requests that this Court enter an order (1) limiting the scope and manner of notice as set forth herein and in the Memorandum of Points and Authorities attached hereto, and (2) granting such other and further relief as is just and proper in the premises.

Dated: March 13, 2023

WANGER JONES HELSLEY

By: /s/ Riley C. Walter
Riley C. Walter
Attorneys for Debtor and Debtor in Possession,
Madera Community Hospital