**7**

**WANGER JONES HELSLEY**
Riley C. Walter #91839
Kurt F. Vote #160496
Steven K. Vote #309152
Danielle J. Bethel #315945
265 E. River Park Circle, Suite 310
Fresno, California 93720
Telephone: (559) 490-0949
E-Mail: rwalter@wjhattorneys.com
           dbethel@wjhattorneys.com

Attorneys for Debtor and Debtor in Possession, Madera Community Hospital

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| In re: | Case No. 23-10457 |
| MADERA COMMUNITY HOSPITAL, | Chapter 11 |
|        Debtor in Possession. | DC No.: WJH-7 |
| Tax ID#: 23-7429117<br>Address: 1250 E Almond Avenue<br>            Madera, CA 93637 | Date: March 16, 2023<br>Time: 11:00 a.m.<br>Place: 2500 Tulare Street<br>        Courtroom 13<br>        Fresno, CA 93721<br>Judge: Hon. René Lastreto II |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EMERGENCY MOTION TO LIMIT SCOPE OF NOTICE FOR CHAPTER 11 CASE**

       TO THE HONORABLE RENÉ LASTRETO II, UNITED STATES BANKRUPTCY JUDGE, THE TWENTY LARGEST UNSECURED CREDITORS, ANY SECURED CREDITORS, PARTIES WITH A PECUNIARY INTEREST IN THE SUBJECT MATTER ADDRESSED IN THE MOTION, PARTIES REQUESTING SPECIAL NOTICE, AND THE U.S. TRUSTEE'S OFFICE:

Madera Community Hospital ("MCH" or "Debtor" or the "Hospital") hereby submits this memorandum of points and authorities in support of its Motion for Order Limiting Scope of Notice ("Motion") filed concurrently herewith.

## I.

## INTRODUCTION

The general background facts pertinent to this case are set out in the declaration of Karen Paolinelli ("Paolinelli Declaration") filed concurrently herewith and are therefore not repeated herein except as needed.

The Debtor's creditor matrix exceeds 1000+ parties. Requiring notice to and service upon all of parties would significantly increase the cost of administering this estate. The limited scope of notice proposed herein is necessary to avoid the administrative burdens and costs that serving notice of all pleadings on these parties would impose upon the Debtor while assuring that the interested parties receive notice of all matters.

Madera Community Hospital therefore requests that this Court approve a limited notice procedure in this chapter 11 case. Such a procedure typical in a complex case with numerous creditors and parties in interest. Requiring notice to, and service upon, so many persons or entities would quickly increase the cost and administrative burden to the Debtor and its estate and diminish the assets ultimately available for creditors without conferring any meaningful benefit on the Debtor's estate. The Debtor submits that the proposed limited scope of notice is necessary to avoid the administrative costs of serving notice of all pleadings on dozens of parties while simultaneously assuring that the interested parties in these cases receive proper and sufficient notice of all matters.

## II.

## JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.

## ARGUMENT

**A.     Proposed Limited Notice**

The Debtor requests that the Court limit the scope of service of all notices, motions, or applications, including, but not limited to, the following:

- any proposed use, sale, or lease of property of the estate pursuant to section 363 of the Bankruptcy Code and Bankruptcy Rules 2002(a)(2), 4001(b), and 6004;
- any proposed debtor in possession financing or use of cash collateral;
- any proposed extension of the Debtor's exclusive time to file a plan of reorganization and solicit acceptance thereof (including, without limitation, the time to file a disclosure statement) pursuant to section 1121 of the Bankruptcy Code and Bankruptcy Rule 3016;
- any proposed approval of a compromise or settlement of a controversy pursuant to Bankruptcy Rules 2002(a)(3) and 9019 and/or section 363 of the Bankruptcy Code;
- any proposed abandonment or disposition of property of the estate pursuant to section 554 of the Bankruptcy Code and Bankruptcy Rules 6007(a) or (c);
- any proposed assumption, assumption and assignment or rejection of contracts or leases under section 365 of the Bankruptcy Code and Bankruptcy Rule 6006(a) or (c);
- any proposal to prohibit or condition the use, sale or lease of property pursuant to section 363 of the Bankruptcy Code or Bankruptcy Rule 4001(a);
- any proposed objections to claims pursuant to section 502 of the Bankruptcy Code or Bankruptcy Rules 3002, 3003 or 3007;
- any verified statement filed by any entity or committee (other than those appointed pursuant to section 1102 or 1104 of the Bankruptcy Code) representing more than one creditor pursuant to Bankruptcy Rule 2019(a) and any motion filed in respect thereof pursuant to Bankruptcy Rule 2019(b);

- any proposed application for employment of professionals pursuant to sections 327, 1103 or 1104 of the Bankruptcy Code or Bankruptcy Rule 2014;

- any proposed application for compensation or reimbursement of expenses of professionals, pursuant to sections 328, 329, 330, or 331 of the Bankruptcy Code and Bankruptcy Rules 2002(a)(6), 2016, 2017, and 6005; except as provided by other orders of this Court;

- a hearing on any other contested matter in this case that requires notice to all creditors or equity holders pursuant to the Bankruptcy Code, Bankruptcy Rule 9014, or the Local Bankruptcy Rules; and

- all other pleadings, papers, and requests for relief or other order of the Court, except as limited below.

(The notices, motions and applications for which the Debtor is seeking to limit notice are hereinafter referred to as the "Limited Notice Matters.")

Notwithstanding the foregoing, the relief requested in this Motion does not affect the rights of all creditors to receive notice of the following matters or proceedings: : (i) a hearing on the dismissal or conversion of this Case; (ii) the time fixed for filing objections to any disclosure statement and any hearing to consider approval of any disclosure statement; (iii) the time fixed for accepting, rejecting, or objecting to confirmation of a plan or any modification thereof and the hearing thereon; (iv) the entry of an order confirming a plan; and (v) the date fixed for filing proofs of claim (the "Complete Notice Matters").

**B.**     <u>**The Court Has Authority to Limit the Scope of Notice**</u>

Bankruptcy Rule 2002(i) provides, in pertinent part, as follows:

> [T]he Court may order that notices required by subdivision (a)(2), (3) and (6) of this rule be transmitted to the United States Trustee and be mailed only to the committees . . . appointed under § 1102 of the Code or to their authorized agents and to the creditors and equity security holders who serve on the trustee or debtor in possession and file a request that all notices be mailed to them.

FRBP 2002(i).

In addition, Bankruptcy Rules 4001, 6004, 6006, 9006, 9007, 9013, 9014, and 9019 each allow this Court to determine those parties to whom the Debtor must provide notice. Given the large number of parties in interest in this Case, it would be impractical and would impose a large administrative and economic burden upon the Debtor's estate if the Debtor were required to mail notice of every matter in this Case to all parties listed on the creditor matrix.

Finally, 11 U.S.C. § 105(a) give this Court the authority to "issue any order . . . that is necessary or appropriate to carry out the provisions of this title." The order the Motion requests falls squarely within the bounds of section 105(a).

**C.　Proposed Notice Procedures**

As permitted by Bankruptcy Rules 2002(i) and (m), the Debtor proposes that the Court enter an order that, to the extent allowed, limits the parties upon whom the Debtor must serve the Limited Notice Matters in this Case. This Order should also designate the manner of service as set forth below regarding all matters for which the Bankruptcy Code and the Bankruptcy Rules authorize the Court to designate the manner of service, including matters subject to Bankruptcy Rules 2002(i), 4001, 6004, 6006 or 6007. It is well within the Court's authority to regulate notices and to approve the notice procedures proposed by the Debtor. Furthermore, these notice procedures will minimize administrative burdens in this Case without diminishing creditor participation.

**1.　Service of Limited Notice Matters that Are Not Emergency or Expedited Motions**

Specifically, the Debtor proposes that notices regarding the Limited Notice Matters that will be heard on regular notice be served by first class mail, or email upon registered users, upon only: (a) the U.S. Trustee's Office, (b) the creditors appearing on the list filed in accordance with Bankruptcy Rule 1007(d) by the Debtor unless and until a Creditors' Committee is appointed, then in that event, also to counsel for the Committee, (c), parties that file with the Court and serve upon the Debtor requests for notice of all matters in accordance with Bankruptcy Rule 2002(i), and (d) any party with a pecuniary interest in the subject matter of the particular Limited Notice Matter or its counsel (collectively, the "Limited Service List").

**2. Service of Limited Notice Matters that Require Emergency or Expedited Relief**

The Debtor proposes that, in addition to all other authorized service methods, service of emergency or expedited Limited Notice Matters by overnight delivery be authorized if such notice will be delivered prior to the scheduled hearing time and that service of emergency or expedited Limited Notice Matters be upon only the Limited Service List.

The above proposed limited notice procedures are necessary and appropriate given that the creditor body is large and many of the creditors would not be interested in receiving copies of all the Limited Notice Matters but would find service of all these motions and other documents wasteful. Requiring notice to, and service upon, so many parties, therefore, would substantially augment the cost and administrative burden on the Debtor, without conferring any meaningful benefit to the Debtor's estate, and thus would diminish the assets ultimately available for distribution to creditors. Further, allowing service of an emergency motion by overnight delivery in the instances outlined above provides the other parties notice of the matter and preserves the Debtor's ability to bring such matters on a timely and efficient basis. The Debtor submits that such notice constitutes due and sufficient notice of the Limited Notice Matters.

If this Motion is granted, the Debtor will provide a copy of the Limited Service List to any creditor or party in interest that requests it. The Debtor will also send a conformed copy of any order granting this Motion to all known creditors within three days of entry.

**D. Service of this Motion**

The Debtor is serving this Motion by U.S. mail or electronic service on registered users of the court's electronic filing system, or e-mail, if known, to the 20 largest unsecured creditors, all secured creditors, the U.S. Trustee's Office, Debtor, all parties requesting special notice and any party with a pecuniary interest in the subject matter addressed in the Motion. The Debtor submits such notice is appropriate under the circumstances and is consistent with the Order Shortening Time for Hearing on Emergency Motions.

///

///

## IV.

## CONCLUSION

WHEREFORE, to facilitate the efficient administration of this Case, and to reduce the significant costs, delays, and burdens that would be associated with providing notice of all matters in this Case to all creditors, the Debtor hereby respectfully requests that the Court enter the order granting (a) the relief requested herein; (b) finding that notice of the Motion is sufficient under the circumstances; and (c) granting such other and further relief as is just and proper under the circumstances.

Dated: March 13, 2023                    WANGER JONES HELSLEY

By: /s/ Riley C. Walter
Riley C. Walter
Kurt F. Vote
Steven K. Vote
Danielle J. Bethel
Attorneys for Debtor and Debtor in Possession,
Madera Community Hospital