**6**

**WANGER JONES HELSLEY**
Riley C. Walter #91839
Kurt F. Vote #160496
Steven K. Vote #309152
Danielle J. Bethel #315945
265 E. River Park Circle, Suite 310
Fresno, California  93720
Telephone: (559) 490-0949
E-Mail:  rwalter@wjhattorneys.com
　　　　 dbethel@wjhattorneys.com

Attorneys for Debtor and Debtor in Possession, Madera Community Hospital

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA
# FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>MADERA COMMUNITY HOSPITAL,<br><br>　　Debtor in Possession.<br><br>Tax ID#:　　23-7429117<br>Address:　　1250 E. Almond Avenue<br>　　　　　　　Madera, CA 93637 | Case No. 23-10457<br><br>Chapter 11<br><br>DCN:  WJH-8<br><br>Date:　　　March 16, 2023<br>Time:　　　11:00 a.m.<br>Place:　　　2500 Tulare Street<br>　　　　　　Courtroom 13<br>　　　　　　Fresno, CA 93721<br>Judge:　　　Honorable René Lastreto II |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEBTOR'S EMERGENCY MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTOR TO (A) MAINTAIN INSURANCE PROGRAM, (B) PAY INSURANCE PREMIUMS AND BROKERAGE COMMISSIONS IN THE ORDINARY COURSE, AND (C) PAY ALL OBLIGATIONS ASSOCIATED THEREWITH**

TO THE HONORABLE RENÉ LASTRETO II, UNITED STATES BANKRUPTCY JUDGE, THE TWENTY LARGEST UNSECURED CREDITORS, ALL ALLEGED SECURED CREDITORS, PARTIES WITH A PECUNIARY INTEREST IN THE SUBJECT MATTER ADDRESSED IN THIS MOTION, PARTIES REQUESTING SPECIAL NOTICE, AND THE U.S. TRUSTEE'S OFFICE:

Madera Community Hospital, the debtor and debtor in possession in the above-captioned case (the "Debtor" or "MCH" or "Hospital"), hereby submits this memorandum of points and authorities in support of its Motion for order pursuant to 11 U.S.C. §§ 362, 363, 365, and 105: (i) authorizing the Debtor to (a) maintain its insurance coverage levels, including authority to revise, extend, supplement, renew or change insurance coverage as needed, (b) pay insurance premiums, self-insured retentions, broker fees and deductibles in the ordinary course of business, and (c) pay certain administrative obligations associated therewith (collectively, the "Insurance Obligations").  A list of the Insurance Obligations is attached as Exhibit A to the Declaration of Karen Paolinelli filed concurrently herewith ("Summary of Insurance Policies, Coverage, and Obligations").

## I.

## **INTRODUCTION**

The general background facts pertinent to this case are set out in the declaration of Karen Paolinelli filed concurrently herewith and are therefore not repeated herein except as needed.

The Debtor maintains various insurance policies issued by several insurance carriers (collectively, the "Insurance Carriers").  Collectively, these policies provide for coverage for, among other things: workers' compensation and employee liability, general liability, and professional liability, commercial property, commercial automobile, D&O liability, employee benefits and other coverage (collectively, the "Insurance Policies").  A list of the Insurance Policies is attached to the Declaration of Karen Paolinelli filed in support this Motion ("Summary of Insurance Policies, Coverage, and Obligations").

Most of the Debtor's Insurance Policies will expire beginning on April 1, 2023, or later.  It is critical that the Debtor continues to carry the necessary insurance coverage to operate.  The Debtor seeks the authority to renew, modify, extend or enter into new Insurance Policies (collectively, the "New Insurance Policies") on a postpetition basis in the ordinary course of business.

In certain instances, the Debtor pays premiums for its Insurance Policies in full at the beginning of the policy and in other instances in monthly installments as reflected in the Summary of Insurance Policies, Coverage, and Obligations.  To ensure continued insurance coverage in the ordinary course of the Debtor's operations, the Debtor seeks the authority to pay all premium payments that may come

due on current Insurance Policies during the course of this Case. *See* the Summary of Insurance Policies. The Debtor also seeks authority to pay all premiums associated with the New Insurance Policies on a postpetition basis in the ordinary course of business.

The Debtor also seeks authority to pay its deductibles and self-insured retention amounts such amounts come due on a postpetition basis, including any amounts accrued and not due as of the Petition Date, in the ordinary course of business. Debtor also seeks to pay brokerage commission and other amounts due to its brokers in the ordinary course of business.

The premiums, deductibles, self-insured retention amounts, brokerage commissions and other amounts due to the Debtor's brokers, are collectively referred to hereafter as the "Insurance Obligations."

Payment of the Insurance Obligations represents a sound exercise of the Debtor's business judgment, because is necessary to avoid immediate and irreparable harm to the Debtor's estate, and is therefore justified under §§ 105(a) and 363(b) of the Bankruptcy Code. Paying insurance premiums, self-insured retentions, deductibles, and other Insurance Obligations will benefit the Debtor's estate and its creditors by allowing the Debtor's operations to continue without interruption. Indeed, the Debtor believes that without the relief requested herein, it will be unable maintain its current insurance coverage or find suitable replacement or renewal insurance coverage.

## II.

## JURISDICTION

This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The venue of this Case is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.

## ARGUMENT

### A. Ordinary Course Payments

"[A] debtor receiving necessary benefits from a prepetition executory insurance contract must accord the nondebtor party an administrative expense priority for the pro rata share of the premium, during the period in which the estate received benefits from the contract." *In re Sharon Steel Corp.*,

161 B.R. 934, 937 (Bankr. W.D. Pa. 1994) (*quoting In re Gamma Fishing Co., Inc*., 70 B.R. 949 (Bankr. S.D. Cal. 1987)).  Administrative expenses incurred in the ordinary course of business are payable in the ordinary course of business. *In re Wireless Telecomms. Inc*., 449 B.R. 228, 235 n. 5 (Bankr. M.D. Pa. 2011).  The Debtor's postpetition insurance premiums, self-insured retentions, and deductibles must be paid to maintain the Debtor's current levels of insurance coverage.  Maintaining these levels of insurance is essential to the Debtor's operations.  Because these obligations are administrative in nature they are appropriately paid by Debtor in the ordinary course of business.

  **B. Payment of Insurance Obligations Under §§ 363(b) and 105, Including Prepetition Amounts, Is Necessary to Operate**

  In some limited circumstances, the insurance premiums, self-insured retentions, and other Insurance Obligations owed by the Debtor may relate to occurrences prior to the Petition Date.  To the extent that this is the case, the Debtor submits that payment of these Insurance Obligations is appropriate pursuant to §§ 105(a), 363(b), 364, 1107(a) and 1108, as well as the "necessity of payment" doctrine.

  **1. <u>Payment of the Insurance Obligations Is Appropriate Under Section 363 of the Bankruptcy Code</u>**

  This Court may authorize the Debtor's proposed payment of Insurance Obligations under 11 U.S.C. § 363(b)(l) which authorizes a bankruptcy court to allow a debtor to "use, sell, or lease, other than in the ordinary course of business, property of the estate."  In order to obtain approval for the use of estate assets outside of the ordinary course of business, a debtor must articulate a valid business justification for the requested use. *See In re Walter*, 83 B.R. 14, 20 (B.A.P. 9th Cir. 1988) (*quoting In re Continental Air Lines, Inc.,* 780 F.2d 1223 (5th Cir.1986)) ["for the debtor-in-possession or trustee to satisfy its fiduciary duty to the debtor, creditors and equity holders, there must be some articulated business justification for using, selling, or leasing the property outside the ordinary course of business"]; *In re U.S. Airways Group, Inc*., 287 B.R. 643, 645 (Bankr. E.D. Va. 2002); *In re Ionosphere Clubs, Inc*., 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989).

  "The [business judgment] rule establishes a presumption that directors' decisions are based on sound business judgment, and it prohibits courts from interfering in business decisions made by the directors in good faith and in the absence of a conflict of interest." *Berg & Berg Enters. v. Boyle*, 178

Cal. App. 4th 1020, 1045 (Cal. 2009). "A hallmark of the business judgment rule is that, when the rule's requirements are met, a court will not substitute its own judgment for that of the corporation's board of directors." *Lamden v. La Jolla Shores Condo. Homeowners Assn.*, 21 Cal. 4th 249, 257 (Cal. 1999) (*citing Katz v. Chevron Corp.*, 22 Cal. App. 4th 1352, 1366 (Cal. 1994)).

In applying the "business judgment standard, courts show great deference to a debtor's decision to assume [or reject] executory contracts, with only a cursory review of [the debtor's] decision…." *In re Pomona Valley Medical Group, Inc.*, 476 F.3d 665, 670 (9th Cir. 2007). Because certain of the Insurance Obligations are entitled to priority status, and because maintenance and renewal of insurance coverage is vital to the Debtor's ongoing operations, it is in the best interest of the Debtor's estate to pay such insurance obligations in the ordinary course of business during this Case. Payment of the Insurance Obligations represents a sound exercise of the Debtor's business judgment because it is necessary to avoid immediate and irreparable harm to the Debtor's estate.

Further, the Debtor has sufficient funds to pay the amounts described herein in the ordinary course of business.

### 2. Payment of the Insurance Obligations is appropriate under Section 105 of the Bankruptcy Code

Section 105 of the Bankruptcy Code provides a separate, additional basis for payment of the Insurance Obligations. The Debtor's proposed payment of the Prepetition Obligations also should be authorized under the "doctrine of necessity," which is grounded in § 105(a). Pursuant to § 105, this Court "may issue any order . . . that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105. The doctrine of necessity permits a bankruptcy court to authorize payment of certain prepetition claims prior to the completion of the chapter 11 case where the payment of such claims is necessary to the Chapter 11 efforts. *See In re Just for Feet, Inc.*, 242 B.R. 821, 826 (D. Del. 1999) [stating that where the debtor "cannot survive" absent payment of certain prepetition claims, the doctrine of necessity should be invoked to permit payment]; *In re Columbia Gas Sys., Inc.*, 171 B.R. 189, 191-192 (Bankr. D. Del. 1994) [noting that debtors may pay prepetition claims that are essential to continued operation of business] (*citing In re Lehigh & New England Ry. Co.*, 657 F.2d 570, 581 (3d Cir. 1981)).

The doctrine of necessity is a widely accepted component of modern bankruptcy jurisprudence. *See, e.g., In re Braniff, Inc.*, 218 B.R. 628, 633 (Bankr. M.D. Fla. 1998) [noting that debtors may pay prepetition wages when necessary to ensure employees remain on the job postpetition]; *Just For Feet*, 242 B.R. at 826 [approving payment of key inventory suppliers' prepetition claims when such suppliers could destroy debtor's business by refusing to deliver new inventory on eve of debtor's key sales season]; *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) [recognizing that the doctrine of necessity is derived from the court's equitable powers and allows debtors to make payment on prepetition claims to creditors who will refuse to supply services or material essential to the conduct of the debtors' business].

The Debtor submits that the payment of the Insurance Obligations represents a sound exercise of the Debtor's business judgment because it is necessary to avoid immediate and irreparable harm to the Debtor's estate, and is therefore justified under §§ 105(a) and 363(b) of the Bankruptcy Code.

## V.

## CONCLUSION

**WHEREFORE**, for all the foregoing reasons and such additional reasons as may be advanced at or prior to the hearing on this Motion, the Debtor respectfully requests entry of an Order (i) authorizing the Debtor to (a) maintain its insurance coverage levels, including authority to revise, extend, supplement, renew or change insurance coverage as needed, (b) pay insurance premiums, self-insured retentions, broker fees and deductibles in the ordinary course of business, and (c) pay certain administrative obligations associated therewith; and (ii) granting the Debtor such other and further relief as the Court deems just and proper.

Dated: March 13, 2023

WANGER JONES HELSLEY

By: *Riley C. Walter*
Riley C. Walter
Kurt F. Vote
Steven K. Vote
Danielle J. Bethel
Attorneys for Debtor and Debtor in Possession, Madera Community Hospital