**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**CIVIL MINUTES**

---

**Case Title:** Madera Community Hospital  
**Case No.:** 23-10457 - B - 11  
**Docket Control No.** WJH-2  
**Date:** 03/16/2023  
**Time:** 11:00 AM

**Matter:** [12] - Motion to Authorizing and Directing the Applicable Bank to Pay [WJH-2] Filed by Debtor Madera Community Hospital (dpas)
[12] - Motion to Pay [WJH-2] Filed by Debtor Madera Community Hospital (dpas)

**Judge:** René Lastreto II
**Courtroom Deputy:** Carina Weed
**Reporter:** Electronic Record
**Department:** B

---

**APPEARANCES for:**
**Movant(s):**
Debtor's Attorney - Riley C. Walter
**Respondent(s):**
Creditor's Attorney - Paul Gaus;
(by zoom) Creditor's Attorney - William B. Freeman;
(by zoom) Creditor's Attorney - Christopher D. Crowell;
(by zoom) Creditor's Attorney - Grant Lien;
(by zoom) Creditor's Attorney - Shane J. Moses;
(by zoom) Creditor's Attorney - Edward Green;
(by zoom) U.S. Trustee's Attorney - Jorge Gaitan;
(by zoom) Dept. of Justice Attorney - Neli Palma

---

**CIVIL MINUTES**

Motion Granted


     **ORDER TO BE PREPARED BY: Movant(s)**


For the reasons stated on the record, the motion was granted.

Debtor-in-possession Madera Community Hospital ("Debtor") moves for an order (i) authorizing, but not directing, Debtor to pay, or honor in its discretion, certain pre-petition employee related obligations, and (ii) authorizing and directing the applicable bank to pay all checks and electronic payment requests made by the Debtor relating to the foregoing. Mot., Doc. #12.

This motion was filed set for hearing on less than 14 days' notice with an order shortening time ("OST") under the procedure specified in Local Rule of Practice ("LBR") 9014-1(f)(3) & (f)(4). Consequently, no party in interest was required to file a written response or opposition to the motion.

The OST reduced the notice period for each of the emergency motions so the hearing could take place on March 16, 2023. OST, Doc. #10. Debtor was directed to give notice by U.S. mail or electronic service on registered users of the court's electronic filing system, or email if known, to the 20 largest unsecured creditors, all secured creditors, the Office of the U.S. Trustee ("UST"), Debtor, parties requesting special notice, and any party with a pecuniary interest in the subject matter addressed in each respective motion not later than March 13, 2023. *Id.* Objections to the motions may be made up until commencement of the hearings on the emergency motions. *Id.*

Debtor appears to have complied with the OST by serving the motion and supporting documents by U.S. mail, electronically, and by email on Debtor, the UST, parties requesting special notice, secured creditors, the 20 largest unsecured creditors, and parties with a pecuniary interest on March 13, 2023. Doc. #52.

Courts recognize that a debtor-in-possession has a fiduciary duty to protect and preserve the bankruptcy estate, including preserving an operating business's going concern value. *In re CoServ*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002). Authorizing payment of the priority wages is an appropriate exercise of the court's discretion under 11 U.S.C. §§ 363(b) and 105(a). *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175-76 (Bankr. S.D.N.Y. 1989); *Northwest Engineering Co. v. United States Steel Workers*, 863 F.2d 1313, 1315 (7th Cir. 1988).

Under § 105(a), courts have involved the "necessity of payment" doctrine to authorize the immediate payment of a debtor's prepetition obligations to unsecured creditors before plan confirmation if such payment is essential to the continued operation of the chapter 11 debtor. *In re Columbia Gas Systems, Inc.*, 171 B.R. 189, 192 (Bankr. D. Del. 1994). The "necessity of payment" doctrine has been recognized in the Ninth Circuit. *Burchinol v. Central Washington Bank*, 829 F.2d 1484, 1490 (9th Cir. 1987).

In other cases in the Ninth Circuit and abroad, bankruptcy courts have approved payment of prepetition claims for wages, compensation, benefits, and expenses under § 105(a). *See*, *e.g.*, *In re The Roman Catholic Bishop of Stockton*, Case No. 14-20371-C-11 (Bankr. E.D. Cal. Jan. 24, 2014); *In re ZF in Liquidation of LLC fka Zacky Farm, LLC*, Case No. 12-37961-B-11 (Bankr. E.D. Cal. Nov. 5, 2012); *Ionosphere Clubs*, 98 B.R. at 176 (using § 105(a) to "authorize the payment of pre-petition debt when such payment is needed to facilitate the rehabilitation of the debtor is not a novel concept."). Further, if employees are not paid, "they will leave." *In re CEI Roofing, Inc.*, 315 B.R. 50, 60 (Bankr. N.D. Tex. 2004). Losing employees will frustrate and defeat the fundamental purpose of chapter 11.

"Most Courts allow payments of prepetition employee wages up to the priority amount under the necessity of payment doctrine, which permits immediate payment of creditors who will not supply services or materials essential to the conduct of the business until their prereorganization claims are paid. *Ionosphere Clubs*, 98 B.R. at 176; *In re Gulf Air, Inc.*, 112 B.R. 152, 153-54 (Bankr. W.D. La. 1989). However, such payments are generally limited to the amounts entitled to priority under § 507(a)(4) – *i.e.*, $15,150.00 earned within the 180 days preceding the petition date.

Lastly, under Rule 6003, the court may grant relief on a motion to pay all or part of a prepetition claim within the first 21 days after the filing of a petition if the relief is necessary to avoid immediate and irreparable harm.

Here, Debtor seeks authorization to pay limited pre-petition wage claims, as defined in 11 U.S.C. § 101(5), to certain employees who were paid by checks drawn on Debtor's Bank of America payroll account for pre-petition wages, which were not cashed prior to the petition date. Mem. P. & A., Doc. #14.

Karen Paolinelli, Debtor's Chief Executive Officer, declares that Debtor's objective is to pursue a timely sale of its assets as a going concern, facilitate an orderly administration of the estate, and maximize the value of its assets for the benefit of all stakeholders. Paolinelli Decl. at 9, Doc. #15. To accomplish these goals, it is imperative that Debtor minimize any adverse impact of the chapter 11 filing on Debtor's remaining workforce by making these limited pre-petition wage claim payments. *Id.* Disruption in payroll or the continued implementation of employee programs in the ordinary course of Debtor's operations would adversely impact employee morale at a sensitive time, says Paolinelli. *Id.*

All wages, salaries, and related benefits have been paid through March 10, 2023. However, approximately $100.00 in wages remains for employees who were paid by check, but such checks were not cashed. *Id.* No single payment exceeds the cap of 11 U.S.C. § 507. *Id.* Additionally, Debtor does not seek authority to pay any pre-petition accrued paid time off, which will be addressed at a later date.

Debtor included a list of the four checks that have not cleared as an exhibit. *Ex. A*, Doc. #16. The checks range from $4.24 to $38.70 and have an aggregate value of $84.95. *Id.*

Debtor contends that payment of these pre-petition wage claims will aid in the preservation of Debtor's going concern value and believes this court may exercise its equitable powers to grant the relief requested by this motion. Mem. P. & A., Doc. #14. Debtor claims payment of the pre-petition wage claims in the ordinary course of business is in the best interest of the Debtor's estate and creditors because the estate will suffer diminution in value if such payments are not made. Debtor believes it should be able to pay limited pre-

petition wage claims for services rendered, and all depositories on which checks were drawn should be authorized to receive, process, and honor such checks as and when presented for payment provided that funds are available in Debtor's account to cover such check provided that all such depositories should be authorized to rely on the Debtor's designation of any particular check.

The motion was granted. The court will authorize, but not direct, Debtor to pay or honor in its discretion the pre-petition employee obligations. The court will further authorize and direct applicable banks and other financial institutions to receive, process, honor, and pay all checks presented for payment in connection with this motion.