**4**

**WANGER JONES HELSLEY**
Riley C. Walter #91839
Kurt F. Vote #160496
Steven K. Vote #309152
Danielle J. Bethel #315945
265 E. River Park Circle, Suite 310
Fresno, California 93720
Telephone: (559) 490-0949
E-Mail: rwalter@wjhattorneys.com

Attorneys for Debtor and Debtor in Possession, Madera Community Hospital

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| In re: | Case No. 23-10457 |
| MADERA COMMUNITY HOSPITAL, | Chapter 11 |
| Debtor in Possession. | DC No.: WJH-7 |
| Tax ID#: 23-7429117<br>Address: 1250 E Almond Avenue<br>Madera, CA 93637 | Date: March 16, 2023<br>Time: 11:00 a.m.<br>Place: 2500 Tulare Street<br>Courtroom 13<br>Fresno, CA 93721<br>Judge: Honorable René Lastreto II |

### ORDER LIMITING SCOPE OF NOTICE

At Fresno, in the Eastern District of California.

The Motion to Limit Scope of Notice pursuant to Rules 2002(i), 2002(m), 4001, 6004, 6006, 6007, 9006, 9007, 9013, 9014, and 9019 of the Federal Rules of Bankruptcy Procedure and 11 U.S.C § 105(a) filed herein duly and regularly came on for hearing before this Court at the above time. Appearances were made on the record. There were no objections.

The Motion having been duly and properly noticed to the required parties, the evidence as to the necessity of limiting the scope of notice to limit the administrative burden on the estate

being uncontested, there being no objections and it appearing that the number of parties to which the Debtor would be required to provide notice to numbering in the several hundreds, the findings of the Court having been stated on record, and good cause otherwise appearing, now, therefore,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. The Motion be, and hereby is granted;
2. The Court finds that notice of the Motion is sufficient under the circumstances;
3. The Debtor is authorized to limit notice to
   a. the U.S. Trustee's Office,
   b. the creditors appearing on the list filed by the Debtor in accordance with Bankruptcy Rule 1007(d) unless and until a committee of unsecured creditors (the "Committee") is appointed, then in that event, also to counsel to the Committee,
   c. parties that file with the Court and serve upon the Debtor requests for notice in accordance with Bankruptcy Rule 2002(i),
   d. any alleged secured creditors,
   e. various attorneys for the California Attorney General, and
   f. any party with a pecuniary or other economic interest in the subject matter of the particular Limited Notice Matter or its counsel,

   on the following matters, the list of which is not exclusive, but includes and is not limited to, the following matters:
   i. any proposed use, sale, or lease of property of the estate pursuant to section 363 of the Bankruptcy Code and Bankruptcy Rules 2002(a)(2), 4001(b), and 6004;
   ii. any proposed debtor in possession financing or use of cash collateral;
   iii. any proposed extension of the Debtor's exclusive time to file a plan of reorganization and solicit acceptance thereof (including, without limitation, the time to file a disclosure statement) pursuant to section 1121 of the Bankruptcy Code and Bankruptcy Rule 3016;

iv. any proposed approval of a compromise or settlement of a controversy pursuant to Bankruptcy Rules 2002(a)(3) and 9019 and/or section 363 of the Bankruptcy Code;

v. any proposed abandonment or disposition of property of the estate pursuant to section 554 of the Bankruptcy Code and Bankruptcy Rules 6007(a) or (c);

vi. any proposed assumption, assumption and assignment or rejection of contracts or leases under section 365 of the Bankruptcy Code and Bankruptcy Rule 6006(a) or (c);

vii. any proposal to prohibit or condition the use, sale or lease of property pursuant to section 363 of the Bankruptcy Code or Bankruptcy Rule 4001(a);

viii. any proposed objections to claims pursuant to section 502 of the Bankruptcy Code or Bankruptcy Rules 3002, 3003 or 3007;

ix. any verified statement filed by any entity or committee (other than those appointed pursuant to section 1102 or 1104 of the Bankruptcy Code) representing more than one creditor pursuant to Bankruptcy Rule 2019(a) and any motion filed in respect thereof pursuant to Bankruptcy Rule 2019(b);

x. any proposed application for employment of professionals pursuant to sections 327, 1103 or 1104 of the Bankruptcy Code or Bankruptcy Rule 2014;

xi. any proposed application for compensation or reimbursement of expenses of professionals, pursuant to sections 328, 329, 330, or 331 of the Bankruptcy Code and Bankruptcy Rules 2002(a)(6), 2016, 2017, and 6005; except as provided by other orders of this Court; and

///
///
///
///
///
///

xii. a hearing on any other contested matter in this case that requires notice to all creditors or equity holders pursuant to the Bankruptcy Code, Bankruptcy Rule 9014, or the Local Bankruptcy Rules.

Submitted by:

*Riley C. Walter*

Riley C. Walter
Attorney for Debtor in Possession

IT IS SO ORDERED:

Dated: Mar 20, 2023

By the Court

*René Lastreto II*

René Lastreto II, Judge
United States Bankruptcy Court