```
 1  SHANE J. MOSES, CA Bar No. 250533
        smoses@foley.com
 2  EDWARD J. GREEN, admitted pro hace vice
        egreen@foley.com
 3  TAMAR N. DOLCOURT, admitted pro hac vice
        tdolcourt@foley.com
 4  FOLEY & LARDNER LLP
    555 CALIFORNIA STREET, SUITE 1700
 5  SAN FRANCISCO, CA 94104-1520
    TELEPHONE: 415.434.4484
 6  FACSIMILE:  415.434.4507
```

*Attorneys for Creditor Saint Agnes Medical Center*

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**FRESNO DIVISION**

| | |
|---|---|
| In re: | CASE NO: 23-10457 |
| MADERA COMMUNITY HOSPITAL, | Chapter 11 |
| Debtor | Judge: Honorable Rene Lastreto, II |
| | DC No. WJH-3 |
| | **OBJECTION OF SAINT AGNES MEDICAL CENTER TO ENTRY OF FURTHER INTERIM OR FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUTE PROTECTION FOR USE OF CASH COLLATERAL** |

**TO THE HONORABLE RENE LASTRETO, II, UNITED STATES BANKRUPCY JUDGE AND OTHER PARTIES-IN-INTEREST:**

Saint Agnes Medical Center ("SAMC") hereby files this Objection (the "Objection") to Debtor Madera Community Hospital's (the "Debtor") *Emergency Motion of Debtor For Entry of Interim and Final Orders (A) Authorizing Use of Cash Collateral and (B) Granting Adequate Protection For Use of Cash Collateral* [Dkt. 18] the ("Motion")[1] for entry of an interim order and final order (the "Final Order") pursuant to Sections 105(a), 361, 362 and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101-

---

[1] Capitalized terms used herein and not otherwise defined shall have the meaning set forth in the Motion.

1532 (as amended, the "Bankruptcy Code"), and any further use of cash collateral after the expiration of the current authorized budget period.

The Court previously entered its *Order Authorizing Interim Use of Cash Collateral and Granting Adequate Protection For Use of Cash Collateral* [Dkt. 125] and that certain *Order Authorizing Interim Use of Cash Collateral and Granting Adequate Protection For Use of Cash Collateral* [Dkt. 168], a further *Order Granting Stipulation Re Continued Hearing on Motion for Authority to Use Cash Collateral* [Dkt. 353], which permitted the Debtor's use of cash collateral through May 20, 2023, and a further order on May 16, 2023, permitting the Debtor's continued use of cash collateral through June 17, 2023 [Dkt. No. 451].

SAMC, the Debtor, and the Official Committee of Unsecured Creditors (the "Committee") have been diligently negotiating on the proposed form of the Final Order, and on the budget. SAMC received a copy of the proposed revised budget on June 6, 2023, only a few hours before the Debtor filed it with this Court, and promptly informed the counsel for the Debtor and the Committee that it had not had time to review the budget, but had concerns regarding what had been agreed to and did not consent to it. SAMC also indicated that it would likely file an objection to the further interim order.

SAMC remains concerned about the rate of administrative expenses accruing at a closed facility, and objects to the Debtor's further use of cash collateral at this time based on the budget filed by the Debtor (as amended by the budget filed on June 7, 2023 at Docket No. 550 (the "Budget")).[2]

Specifically, SAMC's concerns are as follows:

- The Debtor has apparently received two indications of interest from potential purchasers. However, neither expression of interest is reflective of the value the Debtor has ascribed to its assets in its most recent Amended Schedules of Assets and Liabilities filed June 5, 2023,

---

[2] The Budget filed at Docket Number 550 reduces the amount of revenue by $450,000 over the three-week period, removing the "Cash Infusion" which was to have been provided by the County of Madera, but which SAMC understands is now dependent on the Debtor finding a purchaser for the hospital, which has not occurred as of the filing of this Objection and for which there is no anticipated timeline.

where the Debtor indicated an asset value of $109,939,983.08 and liabilities of $31,122,336.22 [Dkt. No. 544].

- The Budget proposes to pay $355,000 over the next three weeks to the bankruptcy professionals, however, it does not provide any payments to SAMC on account of its first priority secured position (despite the fact that the Debtor received Hospital Quality Assurance Fund proceeds from the state of California of approximately $890,000 in the past two weeks).

- The Budget also proposes to pay $121,500 to various secured lenders for equipment leases in the next three weeks. Those payments were allegedly going to be made by, or reimbursed, by Madera County. However, SAMC has been advised by the Debtor that Madera County no longer intends to cover those equipment lease payments. Yet, those equipment lease payments remain in the Budget.

    The Debtor has been in bankruptcy for over four months and there has been no significant progress on a sale of the hospital. The Debtor continues to seek short extensions of cash collateral and incur further administrative expenses without a real game plan. This Court should not allow further use of cash collateral without a serious path forward to resolve the case.

    That all said, while SAMC objects to the further use of cash collateral based on the Budget, it will continue to negotiate with the Debtor and Committee in advance of the June 13, 2023, hearing.

Dated: June 9, 2023　　　　　　　　　Respectfully submitted,

**FOLEY & LARDNER LLP**

*/s/ Shane J. Moses*
Shane J. Moses
555 California Street, Suite 1700
San Francisco, CA 94104-1520
Telephone: (415) 434-4484
Facsimile: (415) 434-4507
Email: smoses@foley.com

-and-

Edward J. Green (*Pro Hac Vice*)
Foley & Lardner LLP
321 N. Clark Street, Suite 3000
Chicago, IL 60654
Telephone: (312) 832-4500
Facsimile: (312) 832-4700
Email: egreen@foley.com

Tamar N. Dolcourt (*Pro Hac Vice*)
Foley & Lardner LLP
500 Woodward Ave., Suite 2700
Detroit, MI 48226
Telephone: (313) 234-7161
Facsimile: (313) 234-2800
Email: tdolcourt@foley.com

*Counsel for Creditor Saint Agnes Medical Center*

# PROOF OF SERVICE

I am employed in the County of Cook, State of Illinois. I am over the age of 18 and not a party to this action; my current business address is 321 N. Clark St., Ste. 3000, Chicago, IL 60654.

On June 9, 2023, I served the foregoing document(s) described as: **OBJECTION OF SAINT AGNES MEDICAL CENTER TO ENTRY OF FURTHER INTERIM OR FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUTE PROTECTION FOR USE OF CASH COLLATERAL**
on the interested parties in this action as follows:

All parties who have filed notices of appearance on through the Electronic Court Filing Service

__X__ **BY ELECTRONIC COURT FILING SERVICE**
   __X__ Pursuant to Code of Civil Procedure section 1010.6(e)(1), I personally caused each document listed above to be served by Court-approved Electronic Court Filing Service Provider by transmitting true and correct copies of each document for electronic service to the addressees above at the e-mail addresses listed therein.

_____ Executed on June 9, 2023, at Chicago, Illinois.

__X__ I declare under penalty of perjury under the laws of the State of Illinois that the above is true and correct.

/s/ Dianne Nichols
Dianne Nichols

PROOF OF SERVICE

4872-5549-3731.3