**WANGER JONES HELSLEY**
Riley C. Walter #91839
Danielle J. Bethel #315945
265 E. River Park Circle, Suite 310
Fresno, California  93720
Telephone: (559) 490-0949
E-Mail:  rwalter@wjhattorneys.com
         dbethel@wjhattorneys.com

Attorneys for Debtor and Debtor in Possession, Madera Community Hospital

# IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>MADERA COMMUNITY HOSPITAL,<br><br>Debtor in Possession.<br><br>Tax ID#:    23-7429117<br>Address:    1250 E. Almond Avenue<br>            Madera, CA 93637 | Case No. 23-10457<br><br>Chapter 11<br><br>DCN: WJH-58<br><br>Date:    N/A<br>Time:    N/A<br>Place:   2500 Tulare Street<br>         Courtroom: 13<br>         Fresno, CA 93721<br>Judge:   Honorable René Lastreto II |

**APPLICATION TO EMPLOY APPRAISER
(NEWMARK VALUATION & ADVISORY)**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Madera Community Hospital, (the "Debtor"), hereby respectfully requests authority to retain the services of an appraiser, pursuant to Section 327(a) of the Bankruptcy Code and BR 6005 as follows:

1.  An Order for relief under the Bankruptcy Code has been entered for the above named Debtor and Debtor in Possession.  No Trustee has been appointed in this case.

2.  Among the assets of this estate are the Hospital Campus located at 1250 E. Almond Avenue, Madera, California 93637 (the "Property").  The Property is further described below:

| **Property** | Madera Community Hospital Campus |
|---|---|
| **Address** | 1250 East Almond Avenue, Madera CA 93637 |
| **Acres** | 38.56 |
| **APN #'s** | 012-300-001, 012-300-002, 012-300-003, 012-300-004, 012-300-006, 012-300-012, 012-300-013, and 012-260-001 |

3. In this case, valuing the Campus, the Debtor's largest asset, is critical to allowing the Debtor to meaningfully explore its reorganization options, including a potential reopening of its acute care hospital.

4. Accordingly, the Debtor hereby respectfully submits this Application requesting authority to retain the services of the below named appraiser to conduct an Appraisal of the Property:

**NEWMARK Valuation & Advisory**
Timothy P. Gillespie, MAI
Executive Vice President
Certified General Appraiser
License No. CA - 3005053
18302 Highwoods Preserve Parkway, Ste. 114
Tampa, FL 33647

5. NEWMARK Valuation & Advisory ("NVA") is a nationally recognized real estate appraisal advisor. An overview of the various expertise provided by NVA, specifically those services relating to hospital real estate appraisals, is attached to this Application as Exhibit A.

6. Timothy P. Gillespie, MAI ("Mr. Gillespie," and collectively with NVA, the "Appraiser"), is a certified general appraiser with NVA. Mr. Gillespie currently serves as the Executive Vice President overseeing the Hospitals portion of the Healthcare & Seniors Housing Practice nationally. A copy of Mr. Gillespie's bio is attached to this Application as Exhibit B.

7. The fee for the appraisal and report is expected to be up to $30,000, including expenses. This does not include any fees relating to court time and preparation for testimony, which will be billed by the appraiser at an hourly rate of $450.00 plus expenses. A copy of the Appraisal Professional Services Agreement is attached to this Application as Exhibit C.

8. It is anticipated that the appraisal would be completed within approximately 10 (ten) days from entry of an Order employing the Appraiser.

9. To the best of the Debtor's knowledge, the Appraiser has no connection with the Debtor, creditors, any other parties-in-interest in this Chapter 11 case, or their respective attorneys or accountants, the United States Trustee, or any person employed in the U.S. Trustee's Office, other than those disclosed below.

10. As noted above, the Appraiser is a nationally recognized appraisal company that has dealt with hospital valuations for many years. As a result of the Appraiser's reputation and far-reaching client base, it is possible that some of the creditors in this case may have engaged the Appraiser at one time or another in the past. In fact, Debtor is informed that Appraiser has previously done work for, is currently engaged with, or is in discussions to engage with the following MCH creditors: Siemens Medical Solutions USA, Inc., Siemens Financial Services, Inc., Medline Industries, Inc., Lowes, Corbridge Financial, Comcast, Cohen & Malad, LLP, Citizens Business Bank, Capital One, Bank of America, and AT&T. Debtor is informed that all of these engagements or potential engagements are unrelated to the appraisal for the Debtor.

11. The Appraiser has not done any work in the past for any entity relating to Debtor or Saint Agnes Medical Center.

12. To the best of the Debtor's knowledge, the Appraiser is a "disinterested person" as defined in Section 101(14) of the Bankruptcy Code, as required by Section 327(a) of the Bankruptcy Code and does not hold or represent an interest adverse to the estate or any class of creditors or equity security holders. Further, the Appraiser:

    a. is not a creditor, an equity security holder, or an insider;

    b. is not and was not an investment banker for any outstanding security of the Debtor;

    c. has not been, within three years before the date of the filing of the petition, an investment banker for a security of the Debtor, or an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the Debtor;

    d. is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the Debtor or of an investment banker specified in subparagraph (1) or (2) of this paragraph; and

    e. does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship

to, connection with, or interest in, the Debtor or an investment banker specified in subparagraph (1) or (2) of this paragraph, or for any other reason.

13. Appraiser is aware of the provisions of 11 U.S.C. § 328(a) and understands the Court may vary the allowable compensation under this agreement if the terms and conditions of employment herein provided prove to be improvident in light of developments unanticipatable at the time they were negotiated by the parties.

14. The Debtor is informed and believe and therefore alleges that the employment of the Appraiser on the terms and conditions herein provided is in the best interest of the estate and its creditors.

15. Before filing this Application, the Debtor in Possession consulted with Saint Agnes Medical Center, the primary secured creditor, and the Creditor's Committee, and the fees related to this valuation are provided for in the most recent cash collateral budget.

**WHEREFORE**, the Debtor prays for authorization to employ Appraiser for the purpose of appraising the Property on the terms of compensation as set forth herein.

Dated: June 22, 2023　　　　　　　　　　WANGER JONES HELSLEY

By: _Riley C. Walter_
　　　Riley C. Walter
　　　Attorneys for the Debtor in Possession