**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**CIVIL MINUTES**

---

**Case Title:** Madera Community Hospital

**Case No.:** 23-10457 - B - 11

**Docket Control No.**
**Date:** 07/25/2023
**Time:** 9:30 AM

**Matter:** [581] - Motion for Relief from Automatic Stay Filed by Creditor Jon Saenz (Fee Paid $188) (dpas)

**Judge: René Lastreto II**
**Courtroom Deputy:** Bethany Soto
**Reporter:** Not Recorded
**Department: B**

---

**APPEARANCES for:**
**Movant(s):**
None
**Respondent(s):**
None

---

**CIVIL MINUTES**

Motion Denied without prejudice, Resolved without Oral Argument

The court will issue an order.

The parties are advised that the Judicial Law Clerk for this Department, Garrett Wade, has accepted a position with the McCormick Barstow law firm. Mr. Wade is screened from considering this and any other matters involving that firm until he is no longer employed by the court. The parties are urged to consult with their clients and determine whether they will ask the court to recuse from this matter notwithstanding the screen process involving Mr. Wade.

Plaintiff Jon Saenz ("Movant") asks the court for an order modifying the automatic stay to permit the prosecution of his action for medical negligence against Madera Community Hospital ("Debtor") and another defendant pending as action #MCV088347 in the Madera County Superior Court ("State Court Action"). Doc. #581. The relief requested is for Movant to proceed to final judgment in the State Court Action. However, Movant seeks an order only permitting recovery against Debtor to the extent of Debtor's insurance coverage or liability contract

covering the claim. The claim relates to medical negligence which allegedly occurred during Movant's surgery at Debtor in May 2022. *Id.*

After this motion was filed, Debtor and Movant signed a stipulation which, if approved, would modify the stay to permit Movant to prosecute the State Court Action to final judgment but Movant could not enforce the judgment as to Debtor's property or property of the bankruptcy estate. Doc. #675. What's more, the stipulation provides that if Movant recovers on his claim, he will waive the first $10,000.00 of recovery representing Debtor's deductible and waive any claim against the bankruptcy estate. *Id.*

Because of numerous procedural deficiencies, the motion was DENIED WITHOUT PREJUDICE.

First, the motion was not properly served on all necessary parties under Fed. R. Bankr. P. ("Rule") 4001(a)(1).

Second, the certificate of service does not conform to the mandatory form of certificate of service under Local Rule of Practice ("LBR") 7005-1.

Third, the motion did not contain a docket control number required by LBR 9014-1(c)(1).

Fourth, the documents constituting the motion were not filed separately. Here, the motion, the request for judicial notice, the exhibits, and declaration of counsel were filed as one document which is prohibited by LBR 9004-2(c)(1). A combined motion and points and authorities is sometimes permissible. *See* LBR 9014-1(d)(4). The documents filed here as one document total 27 pages not the allowable six.

There could be other procedural deficiencies as well, however, any of the above is sufficient to deny the motion.

The court notes that the stipulation referenced above was served by Debtor's counsel using the appropriate the certificate of service form. Doc. #676. But the court declines to suspend the application of Rule 4001(d)(1), (2), and (3) as permitted under Rule 4001(d)(4). First, the notice of this motion was insufficient to afford reasonable notice of the material provisions of the agreement. Second, the service of the stipulation did not include a notice providing a procedure for any party to object or that the hearing scheduled for this motion would be the forum to consider the stipulation.

If the parties wish to have the stipulation approved, the appropriate motion in conformance with both the federal rules and the local rules can be filed and served. If there are temporal concerns, the local rules provide options for an expedited hearing.

The motion was DENIED without prejudice.