**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**CIVIL MINUTES**

---

**Case Title:** Madera Community Hospital

**Case No.:** 23-10457 - B - 11

**Docket Control No.** WJH-59
**Date:** 08/24/2023
**Time:** 9:30 AM

**Matter:** [644] - Motion/Application to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement [WJH-59] Filed by Debtor Madera Community Hospital (dpas)

**Judge:** René Lastreto II
**Courtroom Deputy:** Bethany Soto
**Reporter:** Not Recorded
**Department:** B

---

**APPEARANCES for:**
**Movant(s):**
None
**Respondent(s):**
None

---

**CIVIL MINUTES**

Motion Granted, Resolved without Oral Argument

The Moving Party shall submit a proposed order in conformance with the ruling below.

Madera Community Hospital, Debtor and DIP in this case ("Debtor") moves this court for an order extending by 90 days the exclusivity periods to file a plan of reorganization and solicit acceptances ("Motion") pursuant to 11 U.S.C. § 1121(d). No party has filed a response. Accordingly, this motion was GRANTED.

Debtor filed Chapter 11 on March 10, 2023. Section 1121 of the Code affords Debtor 120 days after filing the petition in which to file a plan of reorganization and 180 days after filing in which to solicit acceptances for a filed plan, during which time, no other party may propose competing plans. 11 U.S.C. § 1121. Here, the exclusivity periods terminate on July 8, 2023, and September 6, 2023, respectively. Doc. 644. Debtor proposes to extend the deadline for

filing a plan of reorganization to October 6, 2023, and the exclusive period for soliciting acceptances of the plan to December 5, 2023.

This motion was set for hearing on 28 days' notice as required by Local Rule of Practice ("LBR") 9014-1(f)(1). The failure of the creditors, the debtor, the U.S. Trustee, or any other party in interest to file written opposition at least 14 days prior to the hearing as required by LBR 9014-1(f)(1)(B) may be deemed a waiver of any opposition to the granting of the motion. *Cf. Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Further, because the court will not materially alter the relief requested by the moving party, an actual hearing is unnecessary. *See Boone v. Burk (In re Eliapo)*, 468 F.3d 592 (9th Cir. 2006). Therefore, the defaults of the above-mentioned parties in interest were entered and the matter was resolved without oral argument. Upon default, factual allegations will be taken as true (except those relating to amount of damages). *Televideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987). Constitutional due process requires that a plaintiff make a *prima facie* showing that they are entitled to the relief sought, which the movant has done here.

Decisions as to whether cause exists to extend the exclusivity period are left to the court's discretion, and the court, in determining whether sufficient cause exists, is guided by the so-called *Dow Corning* factors:

1. The size and complexity of the case;

2. The necessity of sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;

3. The existence of good faith progress toward reorganization;

4. The fact that the debtor is paying its bills as they come due;

5. Whether the debtor has demonstrated reasonable prospects for filing a viable plan;

6. Whether the debtor has made progress in negotiating with its creditors;

7. The amount of time which has elapsed in the case;

8. Whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and

9. Whether an unresolved contingency exists.

*In re Dow Corning Corp.*, 208 B.R. 661, 663 (Bankr. E.D. Mich. 1997). *See also Official Comm. of Unsecured Creditors v. Henry Mayo Newhall Mem'l Hosp. (In re Henry Mayo Newhall Mem'l Hosp.)*, 282 B.R. 444, 452 (9th Cir. BAP 2002)(applying *Dow Corning* factors to motion to extend exclusivity). Debtor refers to these factors as the *Adelphia* factors, after *In re Adelphia Communs. Corp.*, 352 B.R. 578, 586 (Bankr. S.D.N.Y. 2006).

In its moving papers, Debtor goes through the *Dow Corning/Adelphia* factors and presents arguments as to how the motion passes muster under them. The court is satisfied that Debtor has made its prima facie case. Ultimately, the key question is whether the extension of exclusivity functions to facilitate movement to a fair and equitable resolution of the case taking into account the divergent interests involved. *Henry Mayo Newhall Mem'l Hosp.*, 282 B.R. at 453.

Given the many funding issues Debtor is facing, the parties appear to agree that more time is necessary to determine if and how much funding Debtor may receive. On the other hand, the extension requested is substantial – nearly three months. In the absence of any opposition though, the court exercises its discretion and GRANTS Debtor's motion to extend the exclusivity period by 90 days. The Filing Exclusivity Expiration Date is hereby extended to October 6, 2023, and the Solicitation Exclusivity Expiration Date is extended until December 5, 2023.