4

**WANGER JONES HELSLEY**
Riley C. Walter #91839
Ian J. Quinn #342754
265 E. River Park Circle, Suite 310
Fresno, California 93720
Telephone: (559) 490-0949
E-Mail: rwalter@wjhattorneys.com

Attorneys for Debtor and Debtor in Possession, Madera Community Hospital

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

## FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>MADERA COMMUNITY HOSPITAL,<br><br>    Debtor in Possession.<br><br>Tax ID#:    23-7429117<br>Address:    1250 E. Almond Avenue<br>                Madera, CA 93637 | Case No. 23-10457<br><br>Chapter 11<br><br>DCN: WJH-63<br><br>Date:    September 12, 2023<br>Time:    9:30 a.m.<br>Place:    2500 Tulare Street<br>          Courtroom 13<br>          Fresno, CA 93721<br>Judge:    Honorable René Lastreto II |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR AUTHORITY TO SELL REAL PROPERTY
(35.58 ACRES OF FARM LAND)**

TO THE HONORABLE RENÉ LASTRETO II, UNITED STATES BANKRUPTCY JUDGE:

    Madera Community Hospital (the "Debtor" or "MCH"), in contemplation of effecting a sale of the real property described as +/- 35 Acres of Farm Land, located on Avenue 12 in Madera, Madera County, California, and having an Assessor Parcel No. 047-014-008-000 (the "Real Property"), to S & K Management ("Buyer") respectfully files this Memorandum of Points and

Authorities in Support of its Motion for Authority to Sell Real Property (35.58 Acres of Farm Land) (the "Motion") as follows:

## I.

## FACTUAL BACKGROUND

1. On March 10, 2023, the Debtor filed a Chapter 11 case in the United States Bankruptcy Court for the Eastern District of California, Fresno Division.

2. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157(b)(2)(A), (M), (N), and (O). This Motion is brought pursuant to 11 U.S.C. § 363(b)(1), and B.R. 2002(a)(2) and 6004.

3. Among the assets owned by the Debtor is the Real Property. The Real Property is farm land planted to almond trees. The farm land is subject to a 20% crop share lease that terminates October 31, 2033. The lessee, S&K Management, is the proposed buyer. The lease has about ten years to run.

4. The Debtor no longer needs the Real Property, and the Real Property needs to be sold.

5. The sale was negotiated between the Buyer and Debtor. There is to be no commission paid on the sale. Costs of sale will be equally divided.

6. The Real Property is owned in fee simple and is subject to a first deed of trust held by Saint Agnes Medical Center.

7. The real property is owned in fee simple.

8. Buyer has offered to purchase the Real Property for $569,280 pursuant to the purchase agreement that is attached to the Declaration of Karen Paolinelli as Exhibit "B" (the "Purchase Agreement"). This is an all-cash offer. Escrow is to close by September 30, 2023.

9. The Debtor has accepted the offer, pending Court authorization and subject to higher or better bids being made at the hearing At the hearing the Debtor will request the Court allow bidding with bids of $2,500 or more over the prior bid.

10. The purchase price is fair and reasonable given the state of real property values in Madera County given the existence of the crop share lease. See the Declarations of Adam Basila and Jay Mahil.

11. The Debtor believes that the sale of the Real Property is in the best interest of the estate and its creditors because the sale price is fair and the Debtor does not need the Real Property. See Declaration of Karen Paolinelli.

12. The 35.58 acres is owned by MCH, but leased to S & K Management on a long term basis. The lease expires on October 31, 2033. Rent is a 20% crop share. There is unpaid rent for the 2023 crops. Payment of the rent will be made outside of the escrow.

13. The only lien against the 35.58 acres is held by Saint Agnes Medical Center. The real property taxes are current and will be prorated to close.

14. The Debtor seeks authority to sell the Real Property to Buyer and to pay the net sale proceeds from escrow to Saint Agnes Medical Center, holder of the first deed of trust.

## II.

## LEGAL DISCUSSION

A debtor in possession or trustee "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).

In determining whether to allow a particular sale, a Bankruptcy Court must determine that the sale is supported by a showing of "good business judgment." *In re Walter*, 83 B.R. 14, 20 (9th Cir. BAP 1988); *In re Lionel Corp.*, 722 F.2d 1063, 1071 (2nd Cir. 1983). The debtor has the burden of establishing that it has met the "good business judgment" standard. *In re Baldwin United Corp.*, 43 B.R. 888, 905 (Bankr. S.D. Ohio 1984). The Ninth Circuit Bankruptcy Appellate Panel has stated that "whether the proffered business justification is sufficient depends on the case." *In re Walter*, 83 B.R. at 20; *In re Lionel*, 722 F.2d at 1071. "As the Second Circuit held in *Lionel*, the Bankruptcy Judge should consider all salient factors pertaining to the proceeding and, accordingly, act to further the diverse interests of the debtor, creditors, and equity holders, alike." *Id.* at 20.

However, the ultimate decision of whether to authorize a sale pursuant to Section 363(b) lies within the sound discretion of the Bankruptcy Court. E.g., *In re Coastal Cable TV, Inc.*, 24 B.R. 609, 611 (1st Cir. BAP 1982), *vac. on other grounds*, 709 F.2d 762 (1st Cir. 1983); *In re Lionel Corp.*, 722 F.2d at 1066. The Bankruptcy Court is given considerable latitude in deciding whether good business judgment is present. *In re Walter*, 83 B.R. at 20.

Sale of the Real Property on the terms proposed in the Purchase Agreement constitutes an exercise of sound business judgment. Buyer has offered to purchase the Real Property for a price that is at or above its fair market value given the existence of the crop share lease. Further, the Debtor does not need the Real Property. Rather, the proceeds of the sale will help the Debtor to successfully reorganize, and may lead to the accelerated repayment of creditors.

For the foregoing reasons, the Debtor asserts that a sale of the Real Property to S & K Management subject to higher or better bids is an exercise of sound business judgment, and is in the best interest of the estate and its creditors, subject to higher or better bids being made at the hearing on the Motion.

### III.

### CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court enter an Order (1) granting this Motion; (2) authorizing the sale of the Real Property subject to higher or better bids as described in the attached Memorandum of Points and Authorities; (4) authorizing the Debtor to pay its share of closing costs as described in the Purchase Agreement; (5) directing the Debtor to file a Return of Sale within seven court days of the closing of sale; and (6) granting such other and further relief as the Court deems just and proper.

Dated: September 5, 2023                    WANGER JONES HELSLEY

By: _____
Ian J. Quinn
Attorneys for Debtor and Debtor in Possession,
Madera Community Hospital