**3**

**WANGER JONES HELSLEY**
Riley C. Walter #91839
Ian J. Quinn #342754
265 E. River Park Circle, Suite 310
Fresno, California 93720
Telephone: (559) 490-0949
E-Mail:  rwalter@wjhattorneys.com
             iquinn@wjhattorneys.com

Attorneys for Debtor and Debtor in Possession, Madera Community Hospital

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

## FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>MADERA COMMUNITY HOSPITAL,<br><br>Debtor in Possession.<br><br>Tax ID#:       23-7429117<br>Address:      1250 E. Almond Avenue<br>                     Madera, CA 93637 | Case No. 23-10457<br><br>Chapter 11<br><br>DCN: WJH-67<br><br>Date:        September 28, 2023<br>Time:        9:30 a.m.<br>Place:       2500 Tulare Street<br>                    Courtroom 13<br>                    Fresno, CA 93721<br>Judge:       Honorable René Lastreto II |

## MOTION FOR ORDER AUTHORIZING ASSUMPTION
## OF EXECUTORY CONTRACTS
## (QUALITY REIMBURSEMENT SERVICES, INC.)

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Madera Community Hospital ("Debtor" or "MCH") hereby moves this court for an order pursuant to 11 U.S.C. §§ 365, as complimented by Bankruptcy Rule 6006, to allow assumption of those certain executory contracts with Quality Reimbursement Services, Inc. (hereinafter "QRS") titled Accuracy of Standardized Payment Amount Appeal Services Agreement and Medicare Disproportionate Share – SSI Realignment Service Agreement (collectively, the "Agreements").

1  The Motion is based upon the Notice of Motion and Motion, Declaration of Karen

2  Paolinelli, the files, pleadings and orders on file on this Chapter 11 case, and such other and

3  further evidence as made properly come before the Court.

4  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

5  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The matter is a core

6  proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief sought by

7  this Motion are set forth above.

8  On or about October 8, 2018 the Debtor entered into the Accuracy of Standardized

9  Payment Amount Appeal Services Agreement with QRS. Pursuant to the Accuracy of

10  Standardized Payment Amount Appeal Services Agreement, QRS is to review the accuracy of

11  standardized payment amounts for payments Debtor received, based on predicate facts, and

12  pursue (if appropriate) corrections through appellate and reopening processes, for the Debtor. In

13  exchange, Debtor will provide a contingency fee to QRS equal to fifteen percent of all

14  reimbursement amounts. Debtor is obligated under the agreement to supply QRS with notices of

15  program reimbursement (NPR), and upon QRS's request: Medicare Administrative Contractor

16  audit work papers, Provider and Statistical Reimbursement (PS&R) keys, and copies of NPR

17  letters.

18  Pursuant to the Medicare Disproportionate Share – SSI Realignment Service Agreement,

19  QRS will work to realign Supplemental Security Income (SSI) percentages, if beneficial to

20  Debtor. In exchange, Debtor will provide a fee to QRS equal to twelve percent of all

21  reimbursement amounts. Debtor is obligated under the agreement to supply QRS with relevant

22  letters, NPRs, audit paperwork related to Disproportionate Share Hospital reimbursement. Debtor

23  is obligated to notify QRS if Debtor obtains any reimbursement or credits for SSI readjustments

24  (to determine fee owed to QRS).

25  No cure payment is necessary for this assumption.

26  Per the Declaration of Karen Paolinelli, filed concurrently herewith, Debtor has evaluated

27  the Agreements and believes the Agreements should be assumed. The Agreements afford MCH

28  the right to collect additional amounts for services already rendered. The contingency fee

1  arrangement with QRS means MCH only pays QRS if QRS collects. Thus, MCH stands to gain

2  by way of the Agreements; and, in exchange, must provide minimal paperwork and administrative

3  follow-up to enable QRS to pursue reimbursement and SSI recalculation (if appropriate).

4      WHEREFORE, the Debtor respectfully requests that this Court enter an Order pursuant

5  to 11 U.S.C. §§ 365 authorizing the Debtor to assume the Agreements and to perform all

6  obligations thereunder, and seeks such further and additional relief as is just and proper under the

7  circumstances. No prior motion for the relief requested herein as to the subject Agreements has

8  been made to this Court.

9

10  Dated: September 8 , 2023        WANGER JONES HELSLEY

11                                    By: _____

12                                       Riley C. Walter

13                                       Ian J. Quinn

Attorneys for Debtor and Debtor in Possession, Madera Community Hospital