**3**

WANGER JONES HELSLEY
Riley C. Walter #91839
Ian J. Quinn #342754
265 E. River Park Circle, Suite 310
Fresno, California 93720
Telephone: (559) 490-0949
E-Mail: rwalter@wjhattorneys.com
        iquinn@wjhattorneys.com

Attorneys for Debtor and Debtor in Possession, Madera Community Hospital

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>MADERA COMMUNITY HOSPITAL,<br><br>Debtor in Possession.<br><br>Tax ID#:   23-7429117<br>Address:   1250 E. Almond Avenue<br>           Madera, CA 93637 | Case No. 23-10457<br><br>Chapter 11<br><br>DCN: WJH-67<br><br>Date:  September 28, 2023<br>Time:  9:30 a.m.<br>Place: 2500 Tulare Street<br>       Courtroom 13<br>       Fresno, CA 93721<br>Judge: Honorable René Lastreto II |

**DECLARATION OF KAREN PAOLINELLI IN SUPPORT OF MOTION
FOR ORDER AUTHORIZING ASSUMPTION OF EXECUTORY CONTRACTS
(QUALITY REIMBURSEMENT SERVICES, INC.)**

I, Karen Paolinelli, hereby declare and represent as follows:

1.   I am the Chief Executive Officer ("CEO") of Madera Community Hospital ("MCH" or "Debtor"), the Debtor in the above-captioned Chapter 11 case.

2.   I have personal knowledge of the facts contained herein and if I was called as a witness, I would and could testify as is set out in this Declaration. I am over the age of 18 and I am competent to testify as to the matters contained in this Declaration.

4. As CEO of Debtor I am personally familiar with the issues to be resolved by this Motion.

5. I have personally reviewed the Motion for Order Authorizing Assumption of Executory Contract ("Motion"), which seeks authorization for MCH to assume its liability contracts with Quality Reimbursement Center, Inc. ("QRS") as described with more particularity below.

6. As stated in the Motion, on or about October 8, 2018 the Debtor entered into an Accuracy of Standardized Payment Amount Appeal Services Agreement with QRS; and on or about July 10, 2020, the Debtor entered into a Medicare Disproportionate Share – SSI Realignment Service Agreement with QRS (collectively, the "Agreements").

7. Pursuant to the Accuracy of Standardized Payment Amount Appeal Services Agreement, QRS is to review the accuracy of standardized payment amounts for payments Debtor received, based on predicate facts, and pursue (if appropriate) corrections through appellate and reopening processes, for the Debtor. In exchange, Debtor will provide a contingency fee to QRS equal to fifteen percent of all reimbursement amounts. Debtor is obligated under the agreement to supply QRS with notices of program reimbursement (NPR), and upon QRS's request: Medicare Administrative Contractor audit work papers, Provider and Statistical Reimbursement (PS&R) keys, and copies of NPR letters. A true and correct copy of the Agreement is attached concurrently herewith as Exhibit "A".

8. Pursuant to the Medicare Disproportionate Share – SSI Realignment Service Agreement, QRS will work to realign Supplemental Security Income (SSI) percentages, if beneficial to Debtor. In exchange, Debtor will provide a fee to QRS equal to twelve percent of all reimbursement amounts. Debtor is obligated under the agreement to supply QRS with relevant letters, NPRs, audit paperwork related to Disproportionate Share Hospital reimbursement. Debtor is obligated to notify QRS if Debtor obtains any reimbursement or credits for SSI readjustments (to determine fee owed to QRS). A true and correct copy of the Agreement is attached concurrently herewith as Exhibit "B".

9. No cure payment is required to assume these agreement.

Declaration of Karen Paolinelli in Support of Motion for Order Authorizing Assumption of Executory Contracts (Quality Reimbursement Services, Inc.) — 2 — R:\Client\10538-002\PLEADINGS\WJH-67 Motion to Assume QRS\Declaration.090823.gaa.docx

10. Before authorizing MCH's counsel to move forward with this Motion, I considered the impact on the creditors of this estate and have determined that it is in the best interests of the estate, debtor and the creditors that certain contracts be assumed.

11. In order to maximize the ability to propose a Plan of Arrangement, the Debtor has evaluated Agreements and believes the Agreements should be assumed. The Agreements afford MCH the right to collect additional amounts for services already rendered. The contingency fee arrangement means MCH only pays QRS if QRS collects. Thus, MCH stands to gain by way of the Agreements; and, in exchange, must provide minimal paperwork and administrative follow-up to enable QRS to pursue reimbursement and SSI recalculation (if appropriate).

12. In the business judgment of MCH, the Agreements are fair and reasonable and should be assumed so that the MCH can possibly recover unpaid amounts for services already rendered.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 8, 2023, at Madera, California.

*/s/ Karen Paolinelli*
Karen Paolinelli