**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**FRESNO DIVISION**

| | |
|---|---|
| In re:<br><br>MADERA COMMUNITY HOSPITAL,<br><br>    Debtor. | Case No. 23-10457<br>D.C. No. KMR-1<br><br>Chapter 11<br><br>**ORDER GRANTING BANK OF AMERICA, N.A.'S MOTION FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY**<br><br>Courtroom: 13<br>Judge: Honorable Rene Lastreto II |

At Fresno, in the Eastern District of California

Having considered Bank of America, N.A.'s ("BoA") *Motion for Entry of an Order Granting Relief from the Automatic Stay* (the "Motion")[1] and the *Stipulation Between Debtor and Bank of America, N.A. Granting Limited Relief from the Automatic Stay* (the "Stipulation", a copy of which is attached hereto as **Exhibit A**); and it appearing that notice of the Motion has been provided to all appropriate parties; and good and sufficient cause having been shown,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Motion.

1
ORDER GRANTING BANK OF AMERICA, N.A.'S MOTION FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

1. The Motion is GRANTED in accordance with the Stipulation and as set forth herein.

2. The automatic stay is hereby lifted with respect to BoA for the sole purpose of allowing BoA to use the funds in the L/C Collateral Account (as defined in the Motion) to reimburse BoA for the draw made by the beneficiary of the Letter of Credit (as defined in the Motion).

3. This Order shall be effective immediately and shall not be subject to the 14-day stay set forth in Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

4. BoA and the Debtor are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with its terms.

IT IS SO ORDERED:

Dated: Sep 13, 2023

By the Court

René Lastreto II, Judge
United States Bankruptcy Court

# Exhibit A
## Stipulation

3

William B. Freeman (SBN 137276)
KATTEN MUCHIN ROSENMAN LLP
515 South Flower Street, Suite 4150
Los Angeles, CA 90071-2212
Telephone:　213.443.9003
Facsimile:　213.443.9001
Email: bill.freeman@katten.com

*Attorneys for Bank of America, N.A.*

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**FRESNO DIVISION**

In re:

MADERA COMMUNITY HOSPITAL,

　　　　　　Debtor.

)　Case No. 23-10457
)
)　Chapter 11
)
)　DC No.: KMR-1
)
)　**STIPULATION BETWEEN DEBTOR**
)　**AND BANK OF AMERICA, N.A.**
)　**GRANTING LIMITED RELIEF FROM**
)　**THE AUTOMATIC STAY**
)
)　Date:　September 12, 2023
)　Time: 9:30 a.m.
)　Courtroom: 13
)　　　　2500 Tulare Street
)　　　　Fresno, CA  93721
_　Judge: Honorable Rene Lastreto II

　　　　This stipulation (this "Stipulation") is entered into by and between Madera Community Hospital (the "Debtor") and Bank of America, N.A. ("BoA", and together with the Debtor, the "Parties"), to grant BoA limited relief from the automatic stay for the sole purpose of allowing BoA to reimburse itself from a cash collateral account for a draw on a letter of credit issued by BoA on behalf of the Debtor. Accordingly, the Parties hereby stipulate and agree as follows:

　　　　1.　　Prior to the filing of this chapter 11 case, BoA issued, on behalf of the Debtor and in favor of beneficiary Safety National Casualty Corporation (the "Beneficiary"), that certain Irrevocable Letter of Credit No. 3078089 in the original amount of $250,000 (the "Letter of Credit").

1

The Letter of Credit was increased to $350,000 pursuant to an amendment dated October 22, 2013, and further increased to $475,000 pursuant to an amendment dated October 6, 2015.

2. The Debtor's obligations to BoA related to the Letter of Credit are governed by that certain Security Agreement dated as of August 12, 2021 (the "Security Agreement"). Pursuant to the Security Agreement, to secure its obligations to BoA under the Letter of Credit, the Debtor granted BoA a security interest in a collateral deposit account maintained at Bank of America, bearing an account number ending in 8627 (the "L/C Collateral Account").[1] The L/C Collateral Account is not encumbered by any other liens. The sole purpose of the L/C Collateral Account is to reimburse BoA immediately after the Beneficiary draws down on the Letter of Credit.

3. On July 17, 2023, BoA received a draw request from the Beneficiary for the full amount of $475,000 (the "Draw"). BoA has honored the Draw in accordance with its obligations under the Letter of Credit by wiring $475,000 to the Beneficiary.

4. BoA has not reimbursed itself for the Draw. As of the date hereof, the L/C Collateral Account contains $475,023.53, *i.e.*, the amount of the Letter of Credit, in addition to the $23.53 of interest that has accrued since the funds were deposited.

5. The Debtor lacks equity in the L/C Collateral Account. Additionally, the funds in the L/C Collateral Account are not needed for an effective reorganization. Such funds are the fully encumbered cash collateral of BoA and may not be used to pay any other creditor or for any other purpose, but were instead set aside for the sole purpose of reimbursing BoA when a draw occurred. But for the automatic stay, BoA would have already used the funds to reimburse itself for the Draw

---

[1] The L/C Collateral Account is also discussed in the Stipulation between the Debtor, BoA, and St. Agnes Medical Center, attached to the *Order Authorizing (1) Maintenance of Existing Bank Accounts, (2) Continued Use of Existing Cash Management System, and (3) Continued Use of Business Forms* [Dkt. No. 246] (the "Order and Stipulation"). Pursuant to the Order and Stipulation, BoA was authorized to maintain the L/C Collateral Account and, in accordance with prepetition practices, the Debtor was authorized to use it only to secure the Letter of Credit and not for any other purposes.

pursuant to the terms of the Security Agreement.

6.    Accordingly, the Debtor consents to BoA applying $475,000 from the L/C Collateral Account to reimburse itself from the Draw.

7.    The terms and agreements contained in this Stipulation shall be conditioned solely upon the entry of an Order of the Court approving this Stipulation.

8.    The Parties agree that all of the Debtor's, estate's, and Committee's rights, claims and defenses with respect to the Beneficiary, Safety National Casualty Corporation, or any affiliate or successor thereof, are expressly reserved and preserved.

WHEREFORE, the Parties stipulate that BoA shall have limited relief from the automatic stay for the sole purpose of applying the funds in the L/C Collateral Account to reimburse itself for the Draw, as authorized by the Security Agreement.

Dated: August 22, 2023

WANGER JONES HELSLEY

By: /s/ Riley C. Walter
Riley C. Walter, Attorneys for
Debtor Madera Community Hospital


KATTEN MUCHIN ROSENMAN LLP


By: */s/ William B. Freeman*
William B. Freeman
Attorneys for Bank of America, N.A.

3