**23**

1  Paul S. Jasper (CA Bar No. 200138)
   PERKINS COIE LLP
2  505 Howard Street, Suite 1000
   San Francisco, CA  94105
3  Telephone:  415.344.7000
   Facsimile:  415.344.7050
4  Email:      PJasper@perkinscoie.com

5

6  *Co-Counsel to the Official Committee of*
   *Unsecured Creditors*

Andrew H. Sherman (admitted *pro hac vice*)
Boris I. Mankovetskiy (admitted *pro hac vice*)
SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
Telephone:  973.643.7000
Facsimile:  973.643.6500
Email:    ASherman@sillscummis.com
          BMankovetskiy@sillscummis.com

7

8                **UNITED STATES BANKRUPTCY COURT**

9                **EASTERN DISTRICT OF CALIFORNIA**

10                        **FRESNO DIVISION**

11

12  In re

13  MADERA COMMUNITY HOSPITAL,

14

15                      Debtor.

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 23-10457

Chapter: 11

DC No.: PSJ-025

**EXHIBITS TO MOTION FOR AN
ORDER (I) APPROVING
DISCLOSURE STATEMENT; (II)
ESTABLISHING PROCEDURES FOR
THE SOLICITATION AND
TABULATION OF VOTES ON PLAN;
(III) SCHEDULING HEARING ON
CONFIRMATION OF PLAN; AND
(IV) APPROVING RELATED
MATTERS**

**Objection Deadline: December 15, 2023**

**<u>Hearing Date</u>:**

Date:    January 9, 2024
Time:    9:30 a.m. Pacific Time
Place:   2500 Tulare Street
         Courtroom 13
         Fresno, CA 93721
Judge:   Judge: Hon. René Lastreto II

10175278

| EXHIBIT | DESCRIPTION | PAGE |
|---------|-------------|------|
| A | Disclosure Statement Order | 3 |
| B | Confirmation Hearing Notice | 10 |
| C | Non-Voting Class Notice | 15 |
| D | Forms of Ballot | 19 |

Dated: November 17, 2023

Respectfully submitted,

*/s/ Paul S. Jasper*

Paul S. Jasper (CA Bar No. 200138)
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, CA 94105
Telephone:    415.344.7000
Facsimile:    415.344.7050
Email:      PJasper@perkinscoie.com

Andrew H. Sherman (admitted pro hac vice)
Boris I. Mankovetskiy (admitted pro hac vice)
SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
Telephone:    973.643.7000
Facsimile:    973.643.6500
Email:      ASherman@sillscummis.com
            BMankovetskiy@sillscummis.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

10175278

# **EXHIBIT A**

**Disclosure Statement Order**

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**FRESNO DIVISION**

| | |
|---|---|
| In re | Case No. 23-10457 |
| MADERA COMMUNITY HOSPITAL, | Chapter: 11 |
| Debtor in Possession. | DC No.: PSJ-025 |
| Tax ID# 23-7429117<br>Address: 1250 E. Almond Avenue<br>Madera, CA 93637 | **ORDER (I) APPROVING DISCLOSURE STATEMENT; (II) ESTABLISHING PROCEDURES FOR THE SOLICITATION AND TABULATION OF VOTES ON PLAN; (III) SCHEDULING HEARING ON CONFIRMATION OF PLAN; AND (IV) APPROVING RELATED MATTERS**<br><br>Judge: Hon. René Lastreto II |

This matter coming before the Court on the *Disclosure Statement for Chapter 11 Plan of Liquidation Proposed by the Official Committee of Unsecured Creditors* (including all exhibits thereto and as may be amended, modified or supplemented in accordance with the terms therein, the "Disclosure Statement") and the *Motion for an Order (I) Approving Disclosure Statement (II) Establishing Procedures for the Solicitation and Tabulation of Votes on Plan; (III) Scheduling Hearing on Confirmation of Plan; and (IV) Approving Related Matters* [Docket No. ●] (the "Motion")[1] filed by the Official Committee of Unsecured Creditors (the "Committee" or the "Plan Proponent") regarding Madera Community Hospital's (the "Debtor") bankruptcy case; and after considering objections to the Motion, if any; and upon the record and after due deliberation thereon; and the Court finding that proper and adequate notice of the hearing on approval of the Disclosure Statement and of the Motion has been given to all parties in interest, and no other or further notice or hearing being necessary; and after due deliberation and sufficient cause appearing therefore;

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.

10175278

**IT IS HEREBY FOUND AND CONCLUDED THAT:**

A.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

B.      The Disclosure Statement contains adequate information, within the meaning of section 1125 of the Bankruptcy Code, regarding the *Chapter 11 Plan of Liquidation Proposed by the Official Committee of Unsecured Creditors* [Docket No. ●] (including all exhibits thereto and as amended, modified, or supplemented, the "Plan").

C.      The Solicitation Procedures and the Voting and Tabulation Procedures provide a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code and applicable Bankruptcy Rules, including, without limitation, Bankruptcy Rules 2002, 3017, 3018, and 3020.

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is **GRANTED** as set forth herein. All objections to the Motion, including any objections to the adequacy of the Disclosure Statement, if any, are, to the extent not consensually resolved as set forth herein, overruled in their entirety.

2.      The Disclosure Statement is approved pursuant to 11 U.S.C. § 1125(b) and Fed. R. Bankr. P. 3017(b). The Plan Proponent: (a) is authorized to make non-material revisions, updates, and corrections to the Plan and Disclosure Statement; and (b) shall file a copy of the final Disclosure Statement and any amended Plan with the Court.

3.      The hearing to consider confirmation of the Plan shall commence on February 27, 2024, at 9:30 a.m. (Pacific Time) (the "Confirmation Hearing"). The Confirmation Hearing may be continued from time to time by announcing such continuance in open court or otherwise, all without further notice to parties in interest. The Plan may be modified, if necessary, pursuant to section 1127 of the Bankruptcy Code, prior to, during, or as a result of, the Confirmation Hearing, without further notice to interested parties.

4.      The Confirmation Hearing Notice, in substantially the form attached to the Motion as **Exhibit B**, is approved. As set forth below, the Confirmation Hearing Notice shall be included as part of the Solicitation Package and sent via first class mail to all creditors and parties in interest entitled

10175278

to vote on the Plan.  In addition, the Plan Proponent shall serve the Confirmation Hearing Notice upon (a) the Securities & Exchange Commission; (b) the Internal Revenue Service; (c) the Office of the United States Trustee; (d) all known creditors and parties in interest; and (e) those parties that have requested service under Bankruptcy Rule 2002.

5.     All objections to confirmation of the Plan, including any supporting memoranda, must be in writing, be filed with the Court, and shall (a) state the name and address of the objecting party and the amount of its Claim or the nature of its interest in the Debtor's bankruptcy case, (b) state with particularity the provision or provisions of the Plan objected to and, for any objection asserted, the legal and factual basis for such objection, and (c) be served upon the following parties (the "Notice Parties") so as to be received on or before **February 13, 2024 at 5:00 p.m.** (prevailing Pacific Time) (the "Plan Objection Deadline"): (i) the Debtor, 1250 E. Almond Avenue, Madera, California 93637, Attn: Karen Paolinelli (kpaolinelli@maderahospital.org); (ii) counsel for the Debtor, Wanger Jones Helsley LLP, 265 E. River Park Circle, Suite 310 Fresno, California 93720, Attn: Riley C. Walter (rwalter@wjhattorneys.com); (iii) counsel for the Committee, (x) Perkins Coie LLP, 505 Howard Street, Suite 1000, San Francisco, CA  94105, Attn: Paul Jasper (pjasper@perkinscoie.com) and (y) Sills Cummis & Gross P.C., One Riverfront Plaza, Newark, New Jersey 07102, Attn: Andrew Sherman          (asherman@sillscummis.com)          and          Boris          Mankovetskiy (bmankovetskiy@sillscummis.com); and (iv) counsel to the United States Trustee, 501 I Street, Suite 7-500, Sacramento, California 95113, Attn: Jorge A. Gaitan (Jorge.a.gaitan@usdoj.gov).  All objections not timely filed and served in accordance with the provisions of this Order are hereby deemed waived and will not be considered by this Court.

6.     If the Holder of a Claim would like to challenge either (a) the classification of such Claim or (b) the allowance of such Claim for voting purposes in accordance with the Voting and Tabulation Procedures, the Holder must, pursuant to Bankruptcy Rule 3018(a), file a motion for an order temporarily allowing such Claim in a different amount or classification for purposes of voting to accept or reject the Plan and serve such motion on the Notice Parties so that it is received by **January 30, 2024 at 5:00 p.m.** (prevailing Pacific Time).  Unless the Court orders otherwise, a Claim will not be counted for voting purposes in excess of the amount determined in accordance with the

10175278

Voting and Tabulation Procedures. For the avoidance of doubt, any temporary allowance of Claims for voting purposes does not constitute an allowance of such Claims for purposes of receiving distributions under the Plan and is without prejudice to the rights of the Plan Proponent in any other context, including its right to contest the amount, validity, or classification of any Claim for purposes of allowance and distribution under the Plan.

7.      The date of entry of this Order (the "Record Date") shall be the record date for purposes of determining which parties are entitled to receive the Solicitation Packages or the Non-Voting Class Notice and, where applicable, vote on the Plan. With respect to a transferred Claim, the transferee will be entitled to receive a Solicitation Package and cast a Ballot on account of such transferred Claim only if (a) all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) had been completed prior to the Record Date; or (b) the transferee filed by the Record Date (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn statement of the transferor supporting the validity of the transfer.

8.      The Plan Proponent shall transmit, or cause to be transmitted, the Solicitation Packages no later than **January 16, 2024** (the "Solicitation Mailing Deadline") by first class, United States mail (or by international courier if the addresses are not located in the United States), to holders of Claims in Class 4, the only class entitled to vote on the Plan (the "Voting Class"). To avoid duplication and reduce expenses, the Plan Proponent shall serve only one Solicitation Package to each creditor who has more than one Claim, but shall include the appropriate Ballots for each class of Claims.

9.      Pursuant to Bankruptcy Rule 3017(d), the Plan Proponent is not required to transmit a Solicitation Package to the Non-Voting Classes. The Plan Proponent shall transmit or cause to be transmitted no later than the Solicitation Mailing Deadline, by first class, United States mail (or by international courier if the addresses are not located in the United States), to each holder of a Claim in the Non-Voting Classes, at its address to which notices are required to be sent pursuant to Bankruptcy Rule 2002(g), a notice substantially in the form attached to the Motion as **Exhibit C** (the "Non-Voting Class Notice"). The Non-Voting Class Notice will indicate that a holder of a Claim in a Non-Voting Class is entitled, upon written request to counsel to the Plan Proponent, to receive a copy of the Plan

4

10175278

and Disclosure Statement, at the expense of the Debtor. The Non-Voting Class Notice shall be deemed a summary of the Plan for purposes of compliance with Bankruptcy Rule 3017(d).

10.    The Plan Proponent shall serve the Solicitation Package, the Non-Voting Class Notice, and notices regarding the Confirmation Hearing, inspect, monitor, and supervise the solicitation process, serve as the tabulator of the ballots, and certify to the Court the results of the balloting. The Plan Proponent is permitted to dispense with the mailing of Solicitation Packages or Non-Voting Class Notices to addresses and entities to which the notice of the Disclosure Statement Hearing was returned by the United States Postal Service or courier. The Plan Proponent is further relieved of any obligation to attempt to locate the correct address and re-send prior to the Voting Deadline the Solicitation Packages or the Non-Voting Class Notice that are returned as undeliverable. To the extent any Solicitation Packages are returned as undeliverable and are re-sent, the initial mailing date shall be the date of service for the purpose of calculating notice.

11.    The Ballots, substantially in the form attached to the Motion as **Exhibit D**, are approved. Unless extended by the Plan Proponent in writing, Ballots accepting or rejecting the Plan must be <u>received</u> on or before **February 13, 2024 at 5:00 p.m.** (prevailing Pacific Time) (the "<u>Voting Deadline</u>") by the Plan Proponent at the following address:

**Sills Cummis & Gross P.C.,**
**Attn: Andrew Sherman, Esq. and Boris Mankovetskiy, Esq.**
**One Riverfront Plaza,**
**Newark, New Jersey 07102**

12.    Ballots received via facsimile, electronic mail or other electronic transmission will not be counted, unless approved by the Plan Proponent.

13.    Votes may not be changed after the Voting Deadline unless the Court, for cause, permits such change after notice and hearing pursuant to Bankruptcy Rule 3018(a). Ballots must be properly executed and counted. Any Ballot that is illegible or contains insufficient information to permit the identification of the holder of a Claim in a Voting Class will not be counted.

14.    In cases where a party has executed a Ballot in accordance with the terms of this Order, and has indicated corrections or updates to the mailing address used in the service of the Solicitation

10175278

Package, either physically on the face of the Ballot or otherwise separately enclosed with the Ballot, the corrected or updated mailing address shall be used for future purposes.

15.     The Voting and Tabulation Procedures, as set forth in the Motion, are hereby approved in their entirety.

16.     Unless otherwise permitted or directed by the Court, (a) the Plan Proponent shall file the Plan Supplement no later than **February 6, 2024**; (b) the Plan Proponent shall file the Tabulation Declaration no later than **February 20, 2024**; and (c) the Plan Proponent may file a brief in support of the Plan and consolidated reply to any objections to the Plan no later than **February 20, 2024**.

17.     In the event of an inconsistency between the Plan, on the one hand, and the Disclosure Statement (or solicitation materials or procedures approved by this Order), on the other hand, the Plan shall control.

18.     The Plan Proponent is authorized and empowered to take such steps, expend such monies, and perform such acts as may be necessary to implement and effectuate the terms of this Order.

19.     This Court retains jurisdiction over any and all matters arising out of or related to the interpretation or implementation of this Order.

/// END OF ORDER ///

10175278

## **EXHIBIT B**

**Confirmation Hearing Notice**

10175278

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**FRESNO DIVISION**

| | |
|---|---|
| In re | Case No. 23-10457 |
| MADERA COMMUNITY HOSPITAL, | Chapter: 11 |
| Debtor in Possession. | DC No.: PSJ-025 |
| Tax ID#  23-7429117<br>Address:  1250 E. Almond Avenue<br>          Madera, CA 93637 | **NOTICE OF (A) HEARING TO CONSIDER CONFIRMATION OF CHAPTER 11 PLAN OF LIQUIDATION PROPOSED BY THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS; (B) DEADLINE FOR VOTING TO ACCEPT OR REJECT PLAN; AND (C) RELATED MATTERS** |
| | Hearing Date:  February 27, 2024<br>Time:           9:30 a.m.<br> Place:          2500 Tulare Street<br>                Courtroom 13<br>                Fresno, CA 93721<br>Judge:          Judge: Hon. René Lastreto II |

**TO:      HOLDERS OF CLAIMS IN CLASS 4 (GENERAL UNSECURED CLAIMS):**

On November 17, 2023, the Official Committee of Unsecured Creditors (the "Committee" or the "Plan Proponent"), filed the *Chapter 11 Plan of Liquidation Proposed by the Official Committee of Unsecured Creditors* [Docket No. ●] (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Plan") in relation to Madera Community Hospital's (the "Debtor") bankruptcy case.

Concurrently with the filing of the Plan, the Plan Proponent filed the related Disclosure Statement in support of the Plan [Docket No. ●] (including all exhibits thereto and as may be amended, modified or supplemented from time to time, collectively, the "Disclosure Statement"). On [●], 2024, this Court entered an order approving the Disclosure Statement [Docket No. ●] (the "Disclosure Statement Order") and certain related materials (collectively, the "Solicitation Materials").

A hearing to consider confirmation of the Plan (the "Confirmation Hearing") will be held on February 27, 2024, commencing at 9:30 a.m. (prevailing Pacific Time), before the Honorable René Lastreto II, United States Bankruptcy Judge, at 2500 Tulare Street, Courtroom 13, Fresno, CA 93721.

The record date for determining which holders of claims against the Debtor may vote on the Plan is January 9, 2024 at 5:00 p.m. (Pacific Time) (the "Record Date"). If you have received with this Notice a ballot form (a "Ballot"), you are eligible to vote to accept or reject the Plan.

For your Ballot to be counted, you must complete all required information on the Ballot, execute the Ballot and **return the completed Ballot to the address indicated on the Ballot so that it is received by 5:00 p.m. (Pacific Time) on February 13, 2024** (the "Voting Deadline"). Any failure to follow the voting instructions included with the Ballot or to return a properly completed Ballot so that it is received by the Voting Deadline may disqualify your Ballot and your vote.

10175278

If an objection is pending with respect to your Claim as of February 13, 2024, your vote will not be counted unless the Court temporarily allows your claim for purposes of voting to accept or reject the Plan, and you are required to file a motion for such relief (the "Rule 3018 Motion") no later than January 30, 2024, which may be heard on or prior to the Confirmation Hearing. Notwithstanding the foregoing, if the Plan Proponent files an objection to a claim and request that such claim be allowed in a specific amount, your Ballot shall be counted in such specified amount.

The Bankruptcy Court has established **February 13, 2024 at 5:00 p.m.** (prevailing Pacific Time), as the last date and time for filing and serving objections to the confirmation of the Plan (the "Plan Objection Deadline"). All objections must state with particularity the legal and factual grounds for such objection; they shall (i) be in writing; (ii) state the name and address of the objecting party and the nature of the claim or interest of such party; (iii) state with particularity the basis and nature of any objection; (iv) be filed with the Court and served so as to be received by the Plan Objection Deadline; and (v) served on the following parties: (a) the Debtor, 1250 E. Almond Avenue, Madera, California 93637, Attn: Karen Paolinelli (kpaolinelli@maderahospital.org); (b) counsel for the Debtor, Wanger Jones Helsley LLP, 265 E. River Park Circle, Suite 310, Fresno, California 93720, Attn: Riley C. Walter (rwalter@wjhattorneys.com); (c) counsel for the Committee, (x) Perkins Coie LLP, 505 Howard Street, Suite 1000, San Francisco, CA 94105, Attn: Paul Jasper (pjasper@perkinscoie.com) and (y) Sills Cummis & Gross P.C., One Riverfront Plaza, Newark, New Jersey 07102, Attn: Andrew Sherman (asherman@sillscummis.com) and Boris Mankovetskiy (bmankovetskiy@sillscummis.com); (d) counsel to the United States Trustee, 501 I Street, Suite 7-500, Sacramento, California 95113, Attn: Jorge A. Gaitan (Jorge.a.gaitan@usdoj.gov).; and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002.

**Objections not timely filed and served by the Plan Objection Deadline in accordance with the provisions of this Notice will not be heard and will be overruled.**

**Article XI of the Plan contains the proposed injunction and exculpation provisions set forth on Annex A hereto.**

Any party in interest wishing to obtain copies of the Disclosure Statement or the Plan at the Debtor's expense may do so by contacting the Plan Proponent. The documents are also available on the Court's website: www.caeb.uscourts.gov. Please note that a PACER password and login are needed to access documents on the Court's website.

The Confirmation Hearing may be continued from time to time without further notice except for (i) an announcement made at the Confirmation Hearing or any adjourned confirmation hearing or (ii) a written notice filed with the Bankruptcy Court and served on all parties who have filed objections to confirmation of the Plan, the United States Trustee, and all parties who have requested notice in this chapter 11 case pursuant to Bankruptcy Rule 2002.

Dated:    [_____, 2024]

*/s/ DRAFT*
Paul S. Jasper (CA Bar No. 200138)
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, CA 94105
Telephone:    415.344.7000
Facsimile:    415.344.7050
Email:    PJasper@perkinscoie.com

Andrew H. Sherman (admitted *pro hac vice*)
Boris I. Mankovetskiy (admitted *pro hac vice*)
SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
Telephone:     973.643.7000
Facsimile      973.643.6500
Email:         ASherman@sillscummis.com
               BMankovetskiy@sillscummis.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

10175278

**<u>Annex A</u>**

[TBD]

## **EXHIBIT C**

**Non-Voting Class Notice**

10175278

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**FRESNO DIVISION**

| | |
|---|---|
| In re | Case No. 23-10457 |
| MADERA COMMUNITY HOSPITAL, | Chapter: 11 |
| Debtor in Possession. | DC No.:  PSJ-025 |
| Tax ID#    23-7429117<br>Address:    1250 E. Almond Avenue<br>Madera, CA 93637 | **NOTICE OF NON-VOTING STATUS WITH RESPECT TO CLASSES DEEMED AND PRESUMED TO ACCEPT CHAPTER 11 PLAN OF LIQUIDATION PROPOSED BY THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS** |
| | Hearing Date:    February 27, 2024<br>Time:                  9:30 a.m.<br>Place:                 2500 Tulare Street<br>                         Courtroom 13<br>                         Fresno, CA 93721<br>Judge:               Judge: Hon. René Lastreto II |

**TO:      HOLDERS OF CLAIMS IN CLASS 1 (OTHER PRIORITY CLAIMS); CLASS 2 (OTHER SECURED CLAIMS); AND CLASS 3 (SAMC SECURED OBLIGATIONS)**

On November 17, 2023, the Official Committee of Unsecured Creditors (the "Committee" or the "Plan Proponent"), filed the *Chapter 11 Plan of Liquidation Proposed by the Official Committee of Unsecured Creditors* [Docket No. ●] (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Plan") in relation to Madera Community Hospital's (the "Debtor") bankruptcy case.

Concurrently with the filing of the Plan, the Plan Proponent filed the related Disclosure Statement in support of the Plan [Docket No. ●] (including all exhibits thereto and as may be amended, modified or supplemented from time to time, collectively, the "Disclosure Statement").  On [●], 2024, this Court entered an order approving the Disclosure Statement [Docket No. ●] (the "Disclosure Statement Order") and certain related materials (collectively, the "Solicitation Materials").

Pursuant to section 1126(f) of the Bankruptcy Code, Holders holding Claims in Class 1 (Other Priority Claims), Class 2 (Other Secured Claims), and Class 3 (SAMC Secured Obligations) under the Plan, which are Unimpaired, are conclusively deemed and presumed to have accepted the Plan and are not entitled to vote. Accordingly, the Plan Proponent is not required to transmit a Solicitation Package to holders of Claims in Classes 1, 2, and 3 of the Plan (each, a "Non-Voting Class") pursuant to the Disclosure Statement Order. Instead, you have been sent this notice because you have been identified as a holder of a Claim or Equity Interest in a Non-Voting Class.

**Article XI of the Plan contains the proposed injunction and exculpation provisions set forth on Annex A hereto.**

A hearing to consider confirmation of the Plan (the "Confirmation Hearing") will be held on February 27, 2024, commencing at 9:30 a.m. (prevailing Pacific Time), before the Honorable René Lastreto II, United States Bankruptcy Judge, at 2500 Tulare Street, Courtroom 13, Fresno, CA 93721.  The Confirmation Hearing

10175278

may be continued from time to time without further notice except for an announcement made at the Confirmation Hearing or any adjourned confirmation hearing.

The Bankruptcy Court has established **February 13, 2024 at 5:00 p.m.** (prevailing Pacific Time), as the last date and time for filing and serving objections to the confirmation of the Plan (the "Plan Objection Deadline"). All objections must state with particularity the legal and factual grounds for such objection; they shall (i) be in writing; (ii) state the name and address of the objecting party and the nature of the claim of such party; (iii) state with particularity the basis and nature of any objection; (iv) be filed with the Court and served so as to be received by the Plan Objection Deadline; and (v) served on the following parties: (a) the Debtor, 1250 E. Almond Avenue, Madera, California 93637, Attn: Karen Paolinelli (kpaolinelli@maderahospital.org); (b) counsel for the Debtor, Wanger Jones Helsley LLP, 265 E. River Park Circle, Suite 310 Fresno, California 93720, Attn: Riley C. Walter (rwalter@wjhattorneys.com); (c) counsel for the Committee, (x) Perkins Coie LLP, 505 Howard Street, Suite 1000, San Francisco, CA 94105, Attn: Paul Jasper (pjasper@perkinscoie.com) and (y) Sills Cummis & Gross P.C., One Riverfront Plaza, Newark, New Jersey 07102, Attn: Andrew Sherman (asherman@sillscummis.com) and Boris Mankovetskiy (bmankovetskiy@sillscummis.com); (d) counsel to the United States Trustee, 501 I Street, Suite 7-500, Sacramento, California 95113, Attn: Jorge A. Gaitan (Jorge.a.gaitan@usdoj.gov).; and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002.

**Objections not timely filed and served by the Plan Objection Deadline in accordance with the provisions of this Notice will not be heard and will be overruled.**

Any party in interest wishing to obtain copies of the Disclosure Statement or the Plan at the Debtor's expense may do so by contacting the Plan Proponent. The documents are also available on the Court's website: www.caeb.uscourts.gov. Please note that a PACER password and login are needed to access documents on the Court's website.

The Confirmation Hearing may be continued from time to time without further notice except for (i) an announcement made at the Confirmation Hearing or any adjourned confirmation hearing or (ii) a written notice filed with the Bankruptcy Court and served on all parties who have filed objections to confirmation of the Plan, the United States Trustee, and all parties who have requested notice in this chapter 11 case pursuant to Bankruptcy Rule 2002.

Dated:     [_____, 2024]

/s/ DRAFT
Paul S. Jasper (CA Bar No. 200138)
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, CA 94105
Telephone:     415.344.7000
Facsimile:     415.344.7050
Email:          PJasper@perkinscoie.com

Andrew H. Sherman (admitted *pro hac vice*)
Boris I. Mankovetskiy (admitted *pro hac vice*)
SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
Telephone:     973.643.7000
Facsimile      973.643.6500
Email:          ASherman@sillscummis.com
                 BMankovetskiy@sillscummis.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

2

10175278

## **Annex A**

[TBD]

10175278

# **EXHIBIT D**

## **Forms of Ballot**

1

2

3

4

5

6

7

8

9

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**FRESNO DIVISION**

| | |
|---|---|
| In re | Case No. 23-10457 |
| MADERA COMMUNITY HOSPITAL, | Chapter: 11 |
| Debtor in Possession. | DC No.:  PSJ-025 |
| Tax ID#   23-7429117<br>Address:   1250 E. Almond Avenue<br>            Madera, CA 93637 | **BALLOT TO ACCEPT OR REJECT CHAPTER 11 PLAN OF LIQUIDATION PROPOSED BY THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**<br><br>Hearing Date: February 27, 2024<br>Time:             9:30 a.m.<br> Place:            2500 Tulare Street<br>                   Courtroom 13<br>                   Fresno, CA 93721<br> Judge:            Judge: Hon. René Lastreto II |

10

11

12

13

14

**CLASS 4:  GENERAL UNSECURED CLAIMS**

15

16

17

18

19

**THIS BALLOT IS TO BE USED BY OR ON BEHALF OF HOLDERS OF CLASS 4 GENERAL UNSECURED CLAIMS FOR VOTING.  PLEASE READ AND FOLLOW THE ATTACHED INSTRUCTIONS CAREFULLY.  PLEASE COMPLETE, SIGN AND DATE THIS BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE PROMPTLY.  IF THE PLAN PROPONENT HAS NOT RECEIVED THIS BALLOT BY 5:00 P.M., PREVAILING PACIFIC TIME, ON FEBRUARY 13, 2024 (THE "<u>VOTING DEADLINE</u>"), UNLESS EXTENDED AT THE DISCRETION OF THE PLAN PROPONENT, IT WILL NOT BE COUNTED. FACSIMILE AND E-MAIL BALLOTS WILL NOT BE ACCEPTED.**

20

21

22

23

24

25

26

This ballot (the "<u>Ballot</u>") is submitted to you to solicit your vote to accept or reject the *Chapter 11 Plan of Liquidation Proposed by the Official Committee of Unsecured Creditors* [Docket No. ●] (including all exhibits thereto and as amended, modified or supplemented from time to time, the "<u>Plan</u>") filed by the Official Committee of Unsecured Creditors (the "<u>Committee</u>" and/or the "<u>Plan Proponent</u>") in relation to Madera Community Hospital's (the "<u>Debtor</u>") bankruptcy case.[1] The Plan is described in the related *Disclosure Statement for Chapter 11 Plan of Liquidation Proposed by the Official Committee of Unsecured Creditors* [Docket No. ●] (including all exhibits thereto and as amended, modified or supplemented from time to time, the "<u>Disclosure Statement</u>") approved by order [Docket No. ●] of the United States Bankruptcy Court for the Eastern District of California (the "<u>Bankruptcy Court</u>").  The Disclosure Statement provides information to assist you in deciding how to vote your Ballot.  You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and the classification and treatment of your claim(s) under the Plan.

27

28

---

[1]  Terms not otherwise defined herein shall have the meaning ascribed to such terms in the Plan.

10175278

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least one-half in number and two-thirds in amount of the claims in Class 4 who vote on the Plan and if the Plan otherwise satisfies applicable legal requirements.

**IF YOU HAVE RECEIVED A DAMAGED BALLOT OR IF YOU LOSE YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE PLAN PROPONENT.**

**PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

PLEASE COMPLETE ITEM 1. IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED IN ITEM 1, THIS BALLOT WILL NOT BE COUNTED AS HAVING BEEN CAST. IF THIS BALLOT IS NOT SIGNED IN ITEM 2 BELOW, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

**Item 1.  Class Vote.**  The undersigned, the holder of a Class 4 General Unsecured Claim, hereby votes, in the amount set forth below, as follows (check <u>one</u> box):

☐ Accept the Plan            ☐ Reject the Plan.

Amount of Claim:  $_____

**Item 2.  Acknowledgments.**  By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant.  The undersigned understands that, if this Ballot is validly executed but does not indicate either acceptance or rejection of the Plan, this Ballot will not be counted.

_____            _____
Name of Creditor                                           Social Security or Federal Tax I.D. No. (optional)

_____            _____
Signature

_____            _____
If by Authorized Agent, Name and Title                          Street Address

                                                          _____
                                                          City, State, Zip Code

_____            _____
Date Completed                                             Telephone Number

2

10175278

## **VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT**

1.      In the boxes provided in Item 1 of the Ballot, please indicate acceptance or rejection of the Plan.  Complete the Ballot by providing all the information requested and sign, date and return the Ballot by mail, overnight courier or personal delivery to the Plan Proponent at the following address:

**Sills Cummis & Gross P.C.,**
**Attn: Andrew Sherman, Esq. and Boris Mankovetskiy, Esq.**
**One Riverfront Plaza,**
**Newark, New Jersey 07102**

An envelope addressed to the Plan Proponent is enclosed for your convenience.

**Ballots must be *received* by the Plan Proponent by 5:00 p.m., prevailing Pacific Time, February 13, 2024 (the "Voting Deadline").**  If a Ballot is received after the Voting Deadline, it will not be counted.

2.      Please sign and date your Ballot as required in Item 2.  Your signature is required before your Ballot may be counted.

3.      If your claim has not been previously allowed by order of the Bankruptcy Court, your claim will be deemed to be temporarily allowed, solely for purposes of voting on the Plan, unless there is an objection to your claim pending as of February 13, 2024.  The temporary allowance of your claim for voting purposes does not constitute an allowance of your claim for purposes of distribution under the Plan and is without prejudice to the rights of the Plan Proponent, or any other party in interest, in any other context (*e.g.*, the right to contest the amount or validity of any claim for purposes of allowance under the Plan).  If your claim is the subject of an objection that was filed by January 30, 2024, in accordance with Bankruptcy Rule 3018, your Ballot will not be counted unless the Court temporarily allows your claim for purposes of voting to accept or reject the Plan. In order for a claim subject to a timely filed objection to be temporarily allowed for voting purposes only, you are required to file a motion with the Bankruptcy Court seeking such relief by no later than January 30, 2024. Notwithstanding the foregoing, if the Plan Proponent files a timely objection to your claim and request that your claim be allowed in a specific amount, and you file a timely and valid Ballot, your Ballot shall be counted in such specified amount.

4.      The following voting and standard assumptions shall be used in tabulating Ballots, including yours:

a.      Except to the extent the Plan Proponent otherwise determines, or as permitted by the Court, Ballots received after the Voting Deadline will not be accepted or counted by the Plan Proponent in connection with the confirmation of the Plan;

b.      Claims shall not be split for purposes of voting; thus, each creditor must vote the full amount of its Claim(s) within each class to either accept or reject the Plan.  If a creditor attempts to split such vote on their Ballot, such Ballot will not be counted for voting purposes;

c.      Any executed Ballot which does not indicate an acceptance or rejection shall not be counted;

d.      Any executed Ballot which indicates both an acceptance and rejection of the Plan shall not be counted;

e.      Votes cast pursuant to a Ballot that is not signed or does not contain an original signature shall not be counted, unless the Court orders otherwise;

f.      The method of delivery of Ballots to be sent to the Plan Proponent is at the election and risk of each holder of a Claim, but, except as otherwise provided in the Disclosure Statement, such delivery will be deemed made only when the original, executed Ballot is actually received by the Plan Proponent;

g.      Delivery of the original executed Ballot to the Plan Proponent on or before the Voting Deadline is required.  Delivery of a Ballot by facsimile, email or any other electronic means will not be accepted unless otherwise ordered by the Court;

10175278

h.      If multiple Ballots are received from or on behalf of an individual holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last properly completed Ballot timely received will be deemed to reflect the voter's intent and to supersede and revoke any prior Ballot;

i.      If a Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other person acting in a fiduciary or representative capacity, such person should indicate such capacity when signing and, if requested by the Plan Proponent, must submit proper evidence, satisfactory to the Plan Proponent, of such person's authority to so act in such capacity;

j.      The Plan Proponent, subject to contrary order of the Court, may waive any defect in any Ballot at any time, either before or after the close of voting; *provided, however*, that the Tabulation Declaration shall identify any defective Ballots accepted by the Plan Proponent for purposes of voting on the Plan.  Except as otherwise provided herein, the Plan Proponent may reject such defective Ballot as invalid and, therefore, not count it in connection with confirmation of the Plan;

k.      Unless otherwise ordered by the Court, all questions as to the validity, eligibility (including time of receipt) and revocation or withdrawal of Ballots will be determined by the Plan Proponent, which determination shall be final and binding;

l.      If a designation is requested under section 1126(e) of the Bankruptcy Code, any vote to accept or reject the Plan cast with respect to such Claim shall not be counted for purposes of determining whether the Plan has been accepted or rejected, unless the Court orders otherwise;

m.      Any holder of a Claim who has delivered a valid Ballot voting on the Plan may withdraw such vote solely in accordance with Bankruptcy Rule 3018(a);

n.      Unless waived or as otherwise ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured by the Voting Deadline, and unless otherwise ordered by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived.  Ballots previously furnished (and as to which any irregularities have not been cured or waived by the Voting Deadline) will not be counted;

o.      Neither the Plan Proponent, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to the delivery of Ballots, nor will any of them incur any liability for failure to provide such notification;

p.      No fees or commissions or other remuneration will be payable to any broker, dealer or other person for soliciting Ballots to accept the Plan;

q.      The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan; and

r.      The Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or an assertion or admission of a Claim.

5.      NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

6.      **PLEASE RETURN YOUR BALLOT PROMPTLY.  THE PLAN PROPONENT WILL *NOT* ACCEPT BALLOTS BY FACSIMILE OR E-MAIL**.

NO PERSON, INCLUDING THE PLAN PROPONENT, HAS BEEN AUTHORIZED TO GIVE ANY ADVICE, INCLUDING LEGAL ADVICE, REGARDING THE DEBTOR OR THE PLAN.

4