**5**

**WANGER JONES HELSLEY**
Riley C. Walter #91839
Ian J. Quinn #342754
265 E. River Park Circle, Suite 310
Fresno, CA 93720
Telephone: (559) 490-0949
Email: rwalter@wjhattorneys.com
            iquinn@wjhattorneys.com

Attorneys for Madera Community Hospital, Debtor in Possession and Plaintiff

## IN THE UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

## FRESNO DIVISION

| | |
|---|---|
| In re<br><br>MADERA COMMUNITY HOSPITAL,<br><br>     Debtor in Possession.<br>_____ | CASE NO. 23-10457<br><br>Chapter 11 |
| MADERA COMMUNITY HOSPITAL,<br><br>       Plaintiff,<br>  v.<br><br>AALIYAH GARCIA, A minor by and through her G.A.L. Esmeralda Garcia,<br><br>       Defendants.<br>_____ | Adv. No.: _____<br><br>**COMPLAINT FOR VIOLATION OF AUTOMATIC STAY (11 U.S.C. § 362(a)) FOR PRELIMINARY INJUNCTION PURSUANT TO 11 U.S.C. § 105(a); AND FOR DECLARATORY RELIEF PURSUANT TO 11 U.S.C. § 105(a)** |

Plaintiff Madera Community Hospital ("Plaintiff") alleges as follows:

### JURISDICTION AND VENUE

1.      This adversary proceeding is one arising in the Chapter 11 bankruptcy case of Madera Community Hospital, Case No. 23-10457, now pending in this Court.

///

2.     This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157, 1334 and 11 U.S.C. §§ 105(a) and 362.

3.     Venue in this judicial district is proper pursuant to 28 U.S.C. § 1409(a) by virtue of the Chapter 11 case pending before this Court.

4.     This Complaint initiates an adversary proceeding as contemplated by Rules 7001(1) and (9) of the Federal Rules of Bankruptcy Procedure.

5.     This controversy is a "core proceeding" as that term is defined in 28 U.S.C. § 157(b)(2)(A) and (O).

## PARTIES

6.     Plaintiff Madera Community Hospital is, and at all times mentioned herein was, the Chapter 11 debtor in bankruptcy case number 23-10457.

7.     Plaintiff is informed and believes, and thereon alleges, that Defendant Aaliyah Garcia, by and through her Guardian Ad Litem Esmeralda Garcia (together, the "Defendants") reside in County of Madera, State of California.

## GENERAL ALLEGATIONS

8.     Plaintiff owns an acute care hospital in Madera, California. Plaintiff filed the above-captioned Chapter 11 bankruptcy case on March 10, 2023 ("petition date") in the United States Bankruptcy Court, Eastern District of California.

9.     In violation of the automatic stay, Defendants filed a complaint against Plaintiff (and other defendants) in the Superior Court of California, County of Madera, cause number MCV089649, based on claims arising prior to the petition date ("complaint"). The case listed on the Madera County Superior Court docket as *Aaliyah Garcia, a minor by and through her G.A.L. Esmeralda Garcia vs. Charles E. Ugwa Oju, M.D. et al.*

10.    After learning of the existence of the complaint, Plaintiff sent Defendants a letter on October 12, 2023, requesting Defendants to dismiss Plaintiff from the complaint as it was filed in violation of 11 U.S.C. § 362 and void.

///

11.     Defendants failed to acknowledge receipt of the October 12, 2023 letter and failed to dismiss the void complaint.

## FIRST CLAIM FOR RELIEF

### (Violation of Automatic Stay Pursuant to 11 U.S.C. § 362(a))

12.     Plaintiff repeats, realleges, and incorporates by reference Paragraphs 1 through 11, inclusive, as though they were fully set forth herein.

13.     Upon the filing of the bankruptcy petition by Plaintiff on March 10, 2023, an automatic stay, applicable to all persons and entities, including (but not limited to) the Defendants, went into effect prohibiting the filing of any complaint against Plaintiff which could have been commenced against Plaintiff prior to petition date.

14.     Defendants filed the complaint on June 9, 2023, arising from actions allegedly occurring in November 2020.

15.     Through the actions identified herein, Defendants have violated the provisions of 11 U.S.C. § 362 by filing the complaint against Plaintiff.

## SECOND CLAIM FOR RELIEF

### (Preliminary Injunction Pursuant to 11 U.S.C. § 105(a))

16.     Plaintiff repeats, realleges, and incorporates by reference Paragraphs 1 through 15, inclusive, as though they were fully set forth herein.

17.     Plaintiff has set forth that Defendants have violated the automatic stay that went into force when the Plaintiff filed its bankruptcy petition. The Court has authority under 11 U.S.C. § 105(a) to issue any order, process or judgment that is necessary or appropriate to carry out the provisions of the title.

18.     Pursuant to 11 U.S.C. § 362(a)(6), an automatic stay, applicable to all entities, prohibiting any act to collect, assess, or recover a claim against the Debtor that arose before the commencement of the case under this title arose upon the filing of the bankruptcy petition.

///

19.     Plaintiff is informed and believes, and thereon alleges, that Defendant seeks to proceed with his void complaint, imposing significant costs and fees upon Plaintiff.

20.     Granting the injunction sought by Plaintiff is in furtherance of the Bankruptcy Code, and will serve to protect against any further and future actions by Defendants which constitute a violation of the automatic stay.

21.     Defendants are unable to demonstrate that he will suffer any injury if this preliminary injunction is granted.  Defendants' only claim against Plaintiff is a pre-petition claim (which is disputed); and the actions Defendant has threatened to take are barred by 11 U.S.C. § 362.

22.     Plaintiff will suffer additional legal fees and costs associated with responding to any actions taken by Defendant involving Defendants' pre-petition claim involving Plaintiff, which will diminish the funds available to Plaintiff and allowed claimants and adversely affect Plaintiff's Chapter 11 bankruptcy proceeding.

23.     The threatened injury to Plaintiff if the injunction is denied outweighs any potential threatened harm to Defendants that an injunction may cause if granted.

### THIRD CLAIM FOR RELIEF

**(Declaratory Judgment Pursuant to 11 U.S.C. § 105(a))**

24.     Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 23, inclusive, as though they were fully set forth herein.

25.     Plaintiff has set forth that Defendants have violated the automatic stay that went into force when the Plaintiff filed its bankruptcy petition.  The Court has authority under 11 U.S.C. § 105(a) to issue any order, process or judgment that is necessary or appropriate to carry out the provisions of the title.

26.     Plaintiff requests that the Bankruptcy Court issue a Declaratory Judgment that Defendants have violated the automatic stay and the action taken is void.

///

///

27.    Plaintiff seeks to recover its actual damages arising out of Defendant's violation of the automatic stay, including costs and attorneys' fees; and for punitive damages for Defendant's intention and willful violation of the automatic stay.

WHEREFORE, Plaintiff Madera Community Hospital prays for judgment as set forth below:

1.    An Order directing Defendants to dismiss as against Plaintiff the complaint filed with the Superior Court of Madera County, State of California as case number MCV089649;

2.    A declaration that Defendants' actions in filing the said complaint constituted a violation of the automatic stay imposed by 11 U.S.C. § 362(a);

3.    A preliminary injunction against Defendants prohibiting Defendants from taking any action prohibited by the automatic stay imposed by 11 U.S.C. § 362(a), including but not limited to the prosecution of said complaint;

4.    Judgment against Defendants for all damages to Plaintiff according to proof;

5.    Awarding Plaintiff attorneys' fees, costs, and other expenses incurred in this action to the extent authorized by law; and

6.    For such and other further relief as this Court may deem just and equitable

Dated: November 2|, 2023                WANGER JONES HELSLEY

Riley C. Walter
Ian J. Quinn
Attorneys for Plaintiff and Debtor
Madera Community Hospital

COMPLAINT FOR VIOLATION OF THE
AUTOMATIC STAY                - 5 -        R:\Client\10538-002\PLEADINGS\Adversary
                                            Proceedings\MCH v. Garcia\Adv.
                                            Complaint.111323.ijq.docx