**3**

,STEVEN S. ALTMAN (State Bar No. 63824)
Law Office of Steven Altman, PC
Attorney at Law
201 Needham Street
Modesto, California 95354
Phone: (209) 576-1701
Fax: (209) 527-9753
email: altman@altmanattorney.com

Attorney for Creditor and Interested Party
Telcion Communications Group

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
(Fresno Division)

| | |
|---|---|
| In re: | Case No: 23-10457 |
| | DCNO: SSA- 1 |
| MADERA COMMUNITY HOSPITAL, | |
| | Date: February 27, 2024 |
| | Time: 9:30 a.m. |
| | Place: U.S. Bankruptcy Court |
| | 2500 Tulare St. |
| | Fresno, CA |
| Debtor. | Dept: B |
| | Judge: Rene Lastreto II |

# MOTION FOR RELIEF FROM STAY AND/OR ADEQUATE PROTECTION AND TURNOVER OF PROPERTY

**[Cisco Router & Analog Gateway Replacements with 3 year Smartnet]**

## I.

## PRELIMINARY FACTS

1. Telcion Communications Group, (hereafter referenced as "Movant" or "Moving Party" or "Telcion") moves this Court for relief from automatic stay pursuant to 11 U.S.C. § 362(d)(1), BR 4001 (a)(1) and LBR 9014-1(f)(1) for cause to recover the **Cisco Router & Analog Gateway Replacements with 3 year Smartnet** (hereafter referenced sometimes as the "subject collateral") and for the turnover of leased phone equipment further referenced below.

2. On July 28, 2021, Debtor signed a lease with Cisco Capital, through Telcion Communications Group, for communication equipment listed for a total cost of $304,968.19 to be

1

paid in 12 quarterly installments of $26,902.83, referenced in Exhibit 1.

3. Payment on this account was to commence following execution of the subject lease contract. No payments have been made on the lease.

## II.
## MOTION FOR RELIEF

4. This motion is brought pursuant to LBR 9014-1(f)(1), BR 4001 (a)(1) and 11 U.S.C. § 362 et seq and is supported by the concurrently filed notice and declaration of Michelle Padilla, Telcion Communications Group, exhibits, as well as the other papers and pleadings on file in the Debtor's bankruptcy case, and such other evidence as may be filed prior to, presented at, the hearing(s) in this matter.

## III.
## STATEMENT OF FURTHER FACTS

5. Debtor filed the foregoing Chapter 11 petition March 10, 2023. No Chapter 11 Plan has been confirmed in this case by this Court to date.

6. Debtor filed a Motion for Authorization to Reject Executory Contracts (Phone Service Equipment Lease Agreement and Phone System Software and Support Agreement) for which judicial notice is requested pursuant to FRE 201. (Exhibit 4, Docket 198, filed 4/6/23).

7. On May 8, 2023, Cisco Capital assigned the contract with Madera Hospital to Telcion Communications Group. Telcion, though its attorney, filed a Notice of Transfer and Assignment of Contract for which judicial notice is requested pursuant to FRE 201. (Exhibit 2, Docket 458, filed 5/16/23 and Notice of Errata, Exhibit 3, Docket 481, filed 5/18/23).

8. The Court issued its Civil Minutes on the Motion (Docket 720, filed 7/25/23) granting rejection of the contract with Debtor to prepare the Order for which judicial notice is requested pursuant to FRE 201. (Exhibit 5).

9. Despite multiple demands for a consensual agreement for the return and surrender of the equipment, Debtor still maintains it in its possession.

MOTION FOR RELIEF FROM STAY AND/OR ADEQUATE
PROTECTION AND TURNOVER OF PROPERTY

2

## IV.

## REQUESTED RELIEF

10. As referenced above, moving party seeks modification of the automatic stay, which presently exists, pursuant to 11 U.S.C. § 362(d)(1) such that it is modified in order to allow it to recover the property referenced above. Moving Party holds the subject collateral as lien holder on the above referenced contract. Moving Party requests stay relief for cause to allow modification of the stay for pick up and turnover of the subject equipment, for Debtor to remove any possible confidential client information from the equipment which could violate Hippa rules and regulations and such other and further relief the Court deems just.

Wherefore moving party prays the following:

1) That its motion be granted in its entirety;

2) That the Court instruct Debtor and its employees and agents to turnover the subject property and equipment referenced herein to Moving Party or its agents forthwith;

3) For Debtor to remove any possible confidential client information from the equipment which could violate Hippa rules and regulations;

4) For fees and costs for the subject motion;

5) For such other relief as the court deems just.

Date: January 17 , 2024            LAW OFFICE OF STEVEN ALTMAN, PC


By: /s/ Steven Altman
_____
Attorney for Creditor and Moving Party
Telcion Communications Group

MOTION FOR RELIEF FROM STAY AND/OR ADEQUATE
PROTECTION AND TURNOVER OF PROPERTY

3