STEVEN S. ALTMAN (State Bar No. 63824)
Law Office of Steven Altman, PC
Attorney at Law
201 Needham Street
Modesto, California  95354
Phone: (209) 576-1701
Fax:   (209) 527-9753
email: altman@altmanattorney.com

Attorney for Creditor and Moving Party
Telcion Communications Group

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
(Fresno Division)

| | |
|---|---|
| In re:<br><br>MADERA COMMUNITY HOSPITAL,<br><br><br><br><br>Debtor. | Case No: 23-10457<br>DCNO: SSA- 1<br><br>Date: February 27, 2024<br>Time: 9:30 a.m.<br>Place: U.S. Bankruptcy Court<br>2500 Tulare St.<br>Fresno, CA<br>Dept: B<br>Judge: Rene Lastreto II |

## DECLARATION OF MICHELLE PADILLA IN SUPPORT OF MOTION FOR RELIEF FROM STAY AND/OR ADEQUATE PROTECTION AND TURNOVER OF PROPERTY

[Cisco Router & Analog Gateway Replacements with 3 year Smartnet]

I, Michelle Padilla, declare under penalty of perjury the following:

1. I am Michelle Padilla, COO/CFO for Telcion Communications Group, moving party and secured creditor in Debtor's proceedings, whose principal office is located in Stanislaus County.

2. Our business concern provides reliable solutions for complex IT problems in the business community.  We actively work with hospitals and other medical facility organizations amongst our clientele.

3. Telcion Communications Group, (hereafter referenced as "Movant" or "Moving

Party" or "Telcion") moves this Court for relief from automatic stay pursuant to 11 U.S.C. § 362(d)(1) and 9014-1(f)(1) for cause to recover the **Cisco Router & Analog Gateway Replacements with 3 year Smartnet** (hereafter referenced sometimes as the "subject collateral" or "subject vehicle").

4. Unless otherwise stated, all facts contained in this Declaration are based upon personal knowledge (my own or information gathered from others who report to me), my review of relevant documents, or my opinion based upon my experience and training.

5. On July 28, 2021, Debtor signed a lease with Cisco Capital, through Telcion Communications Group, for communication equipment listed for a total cost of $304,968.19 to be paid in 12 quarterly installments of $26,902.83, referenced in Exhibit 1. Debtor also took possession of the equipment which was installed by our company. Debtor was also invoiced for a one year leasing agreement in the principal amount of $40,275.00. A copy of the invoice is referenced as Exhibit 7 with this Motion.

6. Due to Telcion's long standing relationship with Cisco, and to facilitate this matter, Telcion paid the Cisco contract to Cisco.

7. No payment on this account has been forthcoming on the subject lease by Debtor neither pre bankruptcy nor post bankruptcy in this matter.

8. Debtor filed the subject Chapter 11 petition March 10, 2023. No Chapter 11 Plan has been confirmed in this case by this Court to date.

9. On May 8, 2023, Cisco Capital assigned the above lease contract with Madera Hospital to Telcion Communications Group. Telcion, though its attorney, filed a Notice of Transfer and Assignment of Contract for which judicial notice is requested pursuant to FRE 201. (Exhibit 2, Docket 458, filed 5/16/23 and Notice of Errata, Exhibit 3, Docket 481, filed 5/18/23).

10. Debtor filed a Motion for Authorization to Reject Executory Contracts (Phone Service Equipment Lease Agreement and Phone System Software and Support Agreement) for which judicial notice is requested pursuant to FRE 201. (Exhibit 4, Docket 198, filed 4/6/23).

11. The Court issued its Civil Minutes on the Motion (Docket 720, filed 7/25/23) granting rejection of the contract with Debtor to prepare the Order for which judicial notice is

requested pursuant to FRE 201. (Exhibit 5).

12. As recited in the companion motion for stay relief and turnover, despite multiple demands for consensual agreement for return and surrender of the equipment, Debtor still maintains it in its possession.

13. Telcion has previously filed a Proof of Claim in this matter, referencing the sum of $345,243.19, which includes an amount for additional licensing received, due on account. (Claim No. 82, filed May 5, 2023 for which judicial notice is requested pursuant to FRE 201. (Exhibit 6).

14. Given the fact Debtor has moved for rejection of the foregoing lease contract which has been approved by the Court and no payment has been made towards the subject lease, Telcion moves this court for an order modifying or terminating the automatic stay under 11 U.S.C. § 362(d)(1) to allow it to recover the property referenced above and by order instruct Debtor to turnover over to Moving Party the subject collateral it holds under lease forthwith for pick up by Moving Party and/or its employees or agents designated. Moving Party also asks this Court to order Debtor to remove any possible confidential client information from the equipment which could violate Hippa rules and regulations and such other and further relief the Court deems just.

15. I further declare under penalty of perjuy that the foregoing facts are true and correct and that this Declaration has been executed pursuant to the laws of the United States of America and I could and would so testify to them if called to in a court of law as a witness.

Executed this __17th__ day of January, 2024 at Turlock, California.

_Michelle Padilla_
Michelle Padilla

DECLARATION OF MICHELLE PADILLA IN SUPPORT OF
MOTION FOR RELIEF FROM STAY AND TURNOVER OF PROPERTY

3