**5**

STEVEN S. ALTMAN (State Bar No. 63824)
STEVEN ALTMAN, PC
Attorney at Law
201 Needham Street
Modesto, California  95354
Phone: (209) 576-1701
Fax:    (209) 527-9753
email: altman@altmanattorney.com
Attorney for Secured Creditor and Moving Party
Telcion Communications Group

| In re: | ) | Case No: | 23-10457 |
|---|---|---|---|
|  | ) | DCNO: | SSA-1 |
| MADERA COMMUNITY HOSPITAL, | ) |  |  |
|  | ) | Date: | February 27, 2024 |
|  | ) | Time: | 9:30 a.m. |
|  | ) | Place: | U.S. Bankruptcy Court |
|  | ) |  | 2500 Tulare St. |
|  | ) |  | Fresno, CA |
| Debtor. | ) | Dept: | B |
|  | ) | Judge: | Rene Lastreto II |
| _____ | ) |  |  |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM STAY AND/OR ADEQUATE PROTECTION AND TURNOVER OF PERSONAL PROPERTY
### [PHONE EQUIPMENT]

### I. PRELIMINARY FACTS

Telcion Communications Group, secured creditor and moving party, (hereafter sometimes referred to as "movant" or "secured creditor") by its counsel, hereby moves this Court for an order modifying the automatic stay under 11 U.S.C. Section 362 et seq. to allow it to pick-up and liquidate the subject collateral: **phone equipment identified as Exhibit 1 to the attached lease contract.**

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
RELIEF FROM STAY AND/OR ADEQUATE PROTECTION AND TURNOVER OF PERSONAL PROPERTY

1

As noted, Debtor filed the present Chapter 11 proceedings on March 10, 2023.

Although Debtor executed the subject lease contract for phone equipment and took possession of the collateral, it has failed to make any payments on the lease.

In addition, Debtor moved to reject the executory contract in motion filed with the Court for which judicial notice is requested. [Docket 481, filed 5/18/23]. In turn, this Court granted the motion by Minute Order for which judicial notice is requested. [Docket 720, filed 7/25/23]. (See Declaration of Michelle Padilla in support of present motion).

At the present time, the sum of $345,243.19 is owing on account, exclusive of additional fees and costs, including attorney's fees. (Padilla Declaration at 3:5-6). Moreover, despite informal requests, Debtor has yet to voluntarily return the phone equipment to moving party. (Padilla Declaration at 3:2-4)

## II. Legal Argument

This motion is made pursuant to 11 U.S.C. § 362 et. seq., LBR 9014-1(f)(1) and BR 4001 (a)(1), and is supported by the concurrently filed declaration and exhibits lodged with the court.

A) **JURISDICTIONAL BASIS TO PROCEED ON MERITS OF MOVING PARTIES CLAIMS**

The Bankruptcy Court has jurisdiction over this proceeding pursuant to 11 U.S.C. §326, 28 U.S.C. §157 and §1334, and it is a core proceeding within the definition of 28 U.S.C. §157(b).

B) **CAUSE EXISTS JUSTIFYING RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(D)(1)**

"Cause" justifying relief from stay includes (but is not limited to) "lack of adequate protection of an interest in property" of the party requesting relief. 11 U.S.C. 362(d)(1).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
RELIEF FROM STAY AND/OR ADEQUATE PROTECTION AND TURNOVER OF PERSONAL PROPERTY

2

Whether there is adequate protection is a question of fact. <u>Matter of Plaza Family Partnership</u>, 95 B.R. 166, 171 (Bkrtcy. E.D.Cal. 1989); <u>In re O'Connor</u>, 808 F.2d 1393, 1395 (10th Cir. 1987). The debtor has the burden of proving that the secured creditor's interest in property (i.e., the collateral) is adequately protected. 11 U.S.C. § 362(g)(2); <u>In re Gauvin</u>, 24 B.R. 578, 580 (B.A.P. 9th Cir. 1982); <u>Matter of La Jolla Mortg. Fund v. Rancho Cajon Assocs.</u>, 18 B.R. 283, 288 (Bkrtcy. S.D. Cal. 1982); <u>Matter of Boomgarden</u>, 780 F2d 657, 663 (7th Cir. 1985). This includes proving "equity."

Adequate protection by way of an equity cushion is generally determined by subtracting the value of liens encumbering the property from the fair market value of the property and comparing the equity to the amount owed to the Movant. Thus, an essential component of the debtor's burden of proof in connection with an adequate protection claim is proving that there is equity in the property. <u>Matter of La Jolla Mortg. Fund</u>, supra, 18 B.R. at 288 [burden on debtor to prove all elements of adequate protection, including equity]. "Cause" is not specifically defined in the Bankruptcy Code. What constitutes "cause" for granting relief from the automatic stay is decided on a case-by-case basis. <u>Konremyer v. American Contractors Indemnity Co.</u>, 405 B.R. 915, 921 (9th Cir. BAP 2009). "Cause" includes a debtor's failure to make post-petition mortgage payments. <u>In re Ellis</u>, 60 B.R. 432 (B.A.P. 9th Cir. 1982).

In the present case, Debtor has made no payments on the foregoing lease equipment. Claimant's worksheet reflects that currently the balance owed on account is $345,243.19, exclusive of additional fees and costs, including attorney's fees. (Padilla Declaration at 3:5-6 ).

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM STAY AND/OR ADEQUATE PROTECTION AND TURNOVER OF PERSONAL PROPERTY**

Debtor has also failed to provide in its current Disclosure Statement or proposed Amended Chapter 11 Plan, whether it intends to keep or surrender the phone equipment. Also, as noted, a previous motion to reject the subject executory contract or lease advanced by Debtor was approved by this Court.

### C) "CAUSE" FOR STAY RELIEF IS WARRANTED: MOVANT'S LOAN IS IN SERIOUS DEFAULT

"Cause" also exists in the present case for granting relief from the automatic stay. In accordance with the terms and conditions of the contract, Debtor is in default of the lease loan documents in that no payments have been made on account. (Padilla Declaration at 2:16-17).

### D) DEBTOR CANNOT OFFER MOVANTS ADEQUATE PROTECTION

The subject lease contract agreement has been rejected by court motion. By its own terms Debtor has failed to honor the agreement and cannot or will not provide Moving Party adequate protection. Therefore Moving Party lacks adequate protection.

### E) THE 14-DAY STAY OF BANKRUPTCY RULE 4001(a)(3) SHOULD BE WAIVED

As indicated above, cause exists to grant relief from the automatic stay in order to preserve and to protect the Property. Especially in the context of a long overdue lease contract payments which have not been paid. Assuming relief from stay and turnover of the phone equipment is granted, this Court should waive the 14-day stay of Bankruptcy Rule 4001(a)(3) to allow Movant to avoid any further delay in the exercise of Movant's rights and remedies under its lease contract documents and existing applicable California law, which will include pick up, liquidation and prospective sale of the phone equipment collateral.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM STAY AND/OR ADEQUATE PROTECTION AND TURNOVER OF PERSONAL PROPERTY**

4

**CONCLUSION**

WHEREFORE, based upon the facts and applicable law as submitted above, Movants respectfully request that this Court enter an order as follows:

1) That its motion be granted in its entirety;

2) That the Court instruct Debtor, and/or its agents, to turnover the subject phone equipment referenced in the motion forthwith;

3) For fees and costs for the subject motion;

4) For such other relief as the court deems just.

Dated: January 17, 2024    Respectfully submitted:

        Law Offices of Steven Altman, PC

        By:   /s/ Steven Altman

           Steven Altman
           Attorney for Secured Creditor and Moving Party
           Telcion Communications Group

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM STAY AND/OR ADEQUATE PROTECTION AND TURNOVER OF PERSONAL PROPERTY**

5