**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**CIVIL MINUTES**

---

**Case Title:** Madera Community Hospital

**Case No.:** 23-10457 - B - 11

**Docket Control No.** WJH-66
**Date:** 01/23/2024
**Time:** 9:30 AM

**Matter:** [1223] - Motion/Application for Order Fixing Deadline for Filing Requests for Allowance and Payment of Administrative Expenses Incurred on or After the Petition Date and Through and Including December 31, 2023 and Designating Form and Manner of Notice Thereof [WJH-66] Filed by Debtor Madera Community Hospital (dpas)

**Judge: René Lastreto II**
**Courtroom Deputy: Elizabeth Roberts**
**Reporter: Not Recorded**
**Department: B**

---

**APPEARANCES for:**
**Movant(s):**
None
**Respondent(s):**
None

---

**CIVIL MINUTES**

Motion Granted, Resolved without Oral Argument

Moving party to prepare the order.

Debtor-in-possession Madera Community Hospital ("MCH") asks for an order fixing an interim bar date for the filing of administrative expense claims arising during the period March 10, 2023 (the petition filing date) through December 31, 2023. MCH also asks the court to approve the proposed form of notice. (Docs. #1223-1228)

No party has filed timely opposition. The court has reviewed the matter and the motion was GRANTED.

This motion was set for hearing on over 28 days' notice as required by Local Rule of Practice ("LBR") 9014-1(f)(1). The failure of any party in interest, including but not limited to the creditors, the U.S. Trustee, the Creditors' Committee, or any other party in interest, to file written opposition at least 14 days prior to the hearing as

required by LBR 9014-1(f)(1)(B) may be deemed a waiver of any opposition to the granting of the motion. *Cf. Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Further, because the court will not materially alter the relief requested by the moving party, an actual hearing is unnecessary. *See Boone v. Burk (In re Eliapo)*, 468 F.3d 592 (9th Cir. 2006). Therefore, the defaults of the above-mentioned parties in interest are entered. Upon default, factual allegations will be taken as true (except those relating to amount of damages). *Televideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987).

Constitutional due process requires that a plaintiff make a *prima facie* showing that they are entitled to the relief sought, which the movant has done here.

Though administrative expense claims are provided for in §503 of the Bankruptcy Code, neither the code nor the national Bankruptcy Rules specifically provide for the setting of a bar date for filing requests for payments of administrative expenses.  The court has general authority to set bar dates and deadlines under § 105 (a).  Knowing the extent of administrative claims is critical since they receive preferred treatment under a Chapter 11 Plan of Reorganization (see § 1129 (a)(9)(A)). The court finds it appropriate to facilitate the reorganization process by setting an initial interim bar date.

The court's general authority to regulate notices is found in Rules 2002(m) and 9007.  MCH here has provided a form of notice in its exhibits.  The court has reviewed that notice, and it appears appropriate.

MCH has not yet filed a Plan.  But the Official Committee of Unsecured Creditors has.  The Committee's Plan is apparently being substantially modified to accommodate a potential "reopening transaction" for MCH.  Any Plan will benefit from a finite set and extent of administrative claims.  This motion affects those claims that may have arisen from the petition date through December 31, 2023.

Ms. Paolinelli's declaration (Doc. #1226) sets forth some generic reasons why a bar date should be set.  But neither the declaration nor the other motion documents specify that all potential administrative expense claimants are known to MCH.  Nor does the motion state how all potential claimants will become known. Presumably, MCH knows who administrative claimants would be.  If any administrative claimant is not provided notice, other complications will occur.

But those issues are not really before the court on this motion.  The debtor's proposed notice and the fact that those claimants who receive the notice will have about 30 days to file their administrative expense requests, appears reasonable.

In the absence of opposition, the motion was GRANTED.