5

STEVEN S. ALTMAN (State Bar No. 63824)
STEVEN ALTMAN, PC
Attorney at Law
201 Needham Street
Modesto, California 95354
Phone: (209) 576-1701
Fax: (209) 527-9753
email: altman@altmanattorney.com
Attorney for Claimant and Moving Party
Telcion Communications Group

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
(Fresno Division)

| | |
|---|---|
| In re: | Case No: 23-10457 |
| | Chapter 11 Case |
| MADERA COMMUNITY HOSPITAL, | |
| | DCNO: SSA-2 |
| Debtor. | |
| | Date: March 12, 2024 |
| | Time: 9:30 a.m. |
| | Place: U. S. Bankruptcy Court |
| | 2500 Tulare St |
| | Fresno, CA 93721 |
| | Judge: Hon. Rene Lastreto II |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
TELCION COMMUNICATION GROUP'S MOTION FOR ALLOWANCE
AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM
PURSUANT TO SECTION 503(b) OF THE BANKRUPTCY CODE**

Telcion Communications Group ("Telcion") by and through its counsel, files this Motion for Allowance of Administrative Expense Claim Pursuant to Section 503(b) of the Bankruptcy Code (the "Motion") and states the following in support thereof:

## PRELIMINARY STATEMENT

Debtor, Madera Community Hospital, filed its Chapter 11 case on March 10, 2023.

Prior to the commencement of the case, Cisco Systems Capital Corporation (hereafter referenced as "Cisco Capital" or "Cisco") under lease furnished to Debtor, which it accepted and used in its business operations, specialized communications software and hardware equipment for its business operations. (Exhibit 1).

During the course of the Debtor's Chapter 11 bankruptcy proceedings, Debtor continued to have available for use Cisco's software and hardware for its business communication activities and operational use.

On or about May 16, 2023, Telcion filed and served its notice of assignment of the Cisco agreement to it with Debtor and other parties in interest, for which judicial notice is requested pursuant to FRE 201. (Exhibit "2", Dckt No. 458, Exhibit "3").

During the pendency of the present Chapter 11 proceedings, Debtor, for which judicial notice is requested. through its counsel, filed a motion objecting to Debtor's executory contract with Cisco. (Exhibit "4", Dckt No. 198, filed April 6, 2023).

The subject motion referenced above was ultimately granted by Minute Order of this Court through hearing held on July 25, 2023, for which judicial notice is requested pursuant to FRE 201. (Exhibit "5", Dckt No. 720).

By this motion, Telcion respectfully requests entry of an order ("Administrative Expense Order" ) which: (a) allows an administrative expense in an prorated amount not less than **$115,277.97** for the goods and services provided to Madera Community Hospital under the assigned Cisco lease contract, from the commencement of the present case filing (March 10, 2023) through the date of rejection of the contract held in final court hearing

(July 25, 2023) in this matter and the return of said equipment and software to it. (The "Administrative Expense Claim"), (b) directing the Administrative Expense Claim be paid in full pursuant to any confirmed Plan, or Court order; and ( c) grants such other and further relief as may be deemed just and proper under the circumstances of this case.

## LEGAL ARGUMENT

### A) Jurisdiction

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to Venue of the Debtor's Chapter 11 case and this Motion in this district is proper pursuant to 28 U.S.C. Sections 1408 and 1409.

The statutory predicates for the relief requested herein include Sections 105, 503(a) and (b)(1)(A) and 507 of title 11 of the United States Code (the "Bankruptcy Code") and LBR 9014-1(f)(1).

### B) Basis for Claim

Despite acceptance and use of the goods and services afforded it under the Cisco Contract, now assigned to Telcion, Debtor has failed to pay for the usage of the delivered equipment since the Petition Date through the hearing date in this matter. Telcion calculates the total amount of its Administrative Claim to be at least **$115,277.97**. See Declaration of Michelle Padilla.

### C) Deadline Set to File Administrative Motion

Pursuant to Debtor's Motion, this Court ordered the date of February 26, 2024 as the last date to timely file administrative claims. (Court Dckt. 1340, dated January 26, 2024). Telcion has timely done so by filing same before the deadline date.

D) **Relief Requested**

Telcion requests that this Honorable Court grant Telcion an allowed administrative expense in the amount of **$115, 277.97** and order directing Debtor to pay such administrative expense pursuant to Section 503(b)(1)(A) of the Bankruptcy Code.

Section 503(b)(1)(A) of the Bankruptcy Code provides that:

After notice and a hearing, there shall be allowed, administrative expenses, other than claims allowed under section 502(f) of this title, including — (1)(A) the actual, necessary costs and expenses of preserving the estate ...

11 U.S.C. § 503(b)(1)(A).

Under Section 503(b)(1)(A) of the Bankruptcy Code, "[a]n expense is administrative only if it arises out of a transaction between the creditor and the Debtor's Trustee or Debtor in Possession, and only to the extent that the consideration supporting the claimant's right to payment was both supplied to and beneficial to the debtor-in-possession in the operation of the business." In re Bethlehem Steel Corp., 479 F.3d 167, 172 (2d Cir. 2007) (citing Trustees of Amalgamated Ins. Fund v. McFarlin's, 789 F.2d 98, 101 (2d Cir. 1986)).

It is well established that "if a debtor in possession elects to continue to receive benefits from the other party to an executory contract pending a decision to reject or assume a contract, the debtor in possession is obligated to pay for the reasonable value of those services." See NLRB v. Bildisco & Bildisco, 465 U.S. 513, 531 (1984). Fundamentally, "[t]ransactions in the ordinary course of business of the debtor in possession create expenses of administration." In re Crystal Apparel, Inc., 220 B.R. 816, 830 (Bankr. S.D.N.Y. 1998). Simply put: a debtor-in-possession must pay administrative expenses if it induces the

counter-contracting party to perform and receives a benefit from that performance. In re Globe Metallurgical, Inc., 312 B.R. 34, 40 (Bankr. S.D.N.Y. 2004).

Courts have considerable discretion to determine the timing of an allowed payment of an allowed administrative claim. In re Shihai, 392 B.R. 62, 68 (Bankr. S.D.N.Y. 2008); In re Baptist Medical Ctr. of New York, Inc., 52 B.R. 417, 421 (E.D.N.Y. 1985), aff'd, 781 F.2d 973 (2d Cir. 1986); In re HQ Global Holdings, Inc., 282 B.R. 169, 173 (Bankr. D. Del. 2002)

Telcion submits that it is entitled to an allowed administrative expense for the actual cost and value of the services that it provided to the Debtor's post-petition operations and activities. As evidenced by the Telction's supporting Declaration of Michelle Padilla, the sum of **$115,277.97 establishes the amount of the actual administrative claim incurred by Debtor.** The services provided to Debtor were needed to continue and maintain its communications during the pendency of the present Chapter 11 proceedings and were necessary to preserve the Debtor's estate.

### Conclusion

Based upon the foregoing, creditor Telcion respectfully requests that the Court enter an order substantially in the form of the proposed Administrative Expense Order, granting Telcion an allowed administrative expense in the amount of (**$115, 277.97**), ordering Debtor to pay such administrative expense either consistent with Debtor's Confirmed Plan or by order of this Court and to grant such further and additional relief as the Court deems just.

Dated: February 5, 2024              LAW OFFICE OF STEVEN ALTMAN, PC

By:  /s/ Steven Altman

---
Attorney for Creditor and Moving Party
Telcion Communications Group