**5**

Paul S. Jasper, Bar No. 200138
PJasper@perkinscoie.com
Kathleen Allare, IL Bar No. 6326536 (*pro hac vice*)
KAllare@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, CA 94105
Telephone: 415.344.7000
Facsimile: 415.344.7050

*Co-Counsel to the Official Committee of Unsecured Creditors*

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| In re | Case No. 23-10457 |
| | Chapter: 11 |
| MADERA COMMUNITY HOSPITAL | DC No.: PSJ-032 |
| Debtor. | **DECLARATION OF PAUL S. JASPER IN SUPPORT OF SECOND INTERIM APPLICATION OF PERKINS COIE LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS** |
| | Hearing Date: March 12, 2024<br>Hearing Time: 9:30 a.m. (Pacific Time)<br>Place: 2500 Tulare Street<br>Courtroom 13<br>Fresno, CA 93721<br>Judge: Honorable René Lastreto II |
| | **Objection Deadline: February 27, 2024** |

I, Paul S. Jasper, declare the following:

1. I am an attorney at law, licensed by the Bar of this State and admitted to practice before this Court. I am senior counsel with the law firm Perkins Coie LLP ("Perkins Coie" or the "Firm"), co-counsel of record for the Official Committee of Unsecured Creditors of Madera Community Hospital (the "Committee"). The following is within my knowledge, and if called upon as a witness, I could and would testify competently with respect thereto.

2. I am submitting this declaration in support of the *Second Interim Application of Perkins Coie LLP for Allowance of Compensation for Services and Reimbursement of Expenses as Co-Counsel to the Official Committee of Unsecured Creditors* (the "Application").

3. By this Application, Perkins Coie seeks the entry of an order for (i) the interim allowance and payment of $155,100.49 (the "Interim Amount") in total for fees earned and reimbursement of expenses incurred during the Application Period. The Interim Amount is comprised of (i) the fees billed by Perkins Coie in compensation for 264.1 hours of professional services rendered as co-counsel to the Committee during the Application Period in the amount of $153,375.50, and (ii) reimbursement for expenses Perkins Coie actually incurred in the course of its representation of the Committee during the Application Period in the amount of $1,724.95, for a total interim amount sought for the Application Period of $155,100.49.

4. Perkins Coie agreed to charge adjusted, discounted hourly rates capped at $995 for partners and senior counsel, and $695 for counsel and associates (the "Capped Rates"). Excluding paraprofessionals, Perkins Coie's blended hourly rate for professional services rendered during the Application Period (not including paraprofessionals) was $717, and including paraprofessionals was $581.

5. To date, Perkins Coie has been paid a total of $122,700.40 of fees and has been reimbursed for $1,724.95 of out-of-pocket expenses, for a total received of $124,425.40. Through this Application, Perkins Coie seeks allowance of $153,375.50 of fees incurred during the Application Period, and approval for payment of $30,675.10 of that amount, which was incurred, but has not been paid due to a 20% holdback from amounts sought in its Monthly Fee Statements.

6.  On behalf of Perkins Coie, I certify that:

    a.  I have read the Application, and to the best of my knowledge, information, and belief, it is correct in all respects;

    b.  The compensation and expense reimbursement requested are billed at rates, in accordance with practices, no less favorable that those customarily employed by Perkins Coie and generally accepted by its clients;

    c.  At all relevant times, Perkins Coie has been a disinterested person as that term is defined in § 101(14) and has not represented or held an interest adverse to the interest of the Debtor, as described in the *Application for Entry of Order Authorizing Retention of Perkins Coie LLP as Co-Counsel to Official Committee of Unsecured Creditors Effective as of April 17, 2023*, filed in this case [Docket No. 489];

    d.  Neither Perkins Coie nor any member of Perkins Coie has any agreement or understanding of any kind or nature to divide, pay over, or share any portion of the fees or expenses to be awarded to Perkins Coie with any other person or attorney except as among the members and associates of Perkins Coie;

    e.  To the best of my knowledge, information, and belief, formed after reasonable inquiry, no time has been sought to be allowed through the Application which is outside the scope of work authorized through the order authorizing the employment of the Firm as co-counsel to the Committee.

7.  In the ordinary course of business, Perkins Coie maintains records of all time expended by its professionals and paraprofessionals in the rendering of services in a computerized billing system as follows: At or near the time the services are rendered, attorneys and other professionals and paraprofessionals either (1) record in writing on a time sheet the client/matter name or number, the duration of time expended, and a description of the nature of the services performed, or (2) input the time record, including the client/matter number, duration of time expended, and a description of the nature of the services performed directly into the Firm's computer billing system. For those individuals who record their time using written time sheets, the

1  information contained in the time sheets is then transcribed into the Firm's computerized billing
2  system. The billing system stores a record of all time spent on a client/matter, the professional
3  providing the services, and a description of the services rendered. The billing system computes the
4  time expended by each professional by the respective professional's billing rate (or, in this case,
5  the discounted billing rate) to calculate the amount of the fee associated. Perkins Coie bills its
6  clients and otherwise conducts its business in reliance on the accuracy of such business records.

7      8. I have reviewed the monthly invoices generated by Perkins Coie for services
8  rendered in connection with its representation of the Committee in this case during the Application
9  Period. Copies of these invoices are attached to the Application as **Exhibit 7**, and to the best of my
10  knowledge, information, and belief, they are correct in all respects.

11      9. It is the usual practice of Perkins Coie to allocate work and assignments in an
12  efficient manner to achieve an effective result. As demonstrated in the Application, this practice
13  has been followed in this case.

14      10. At any time, a reimbursable charge is incurred on behalf of a client, employees of
15  Perkins Coie keep a record of the client number for which the charges were expended. The expenses
16  incurred during the Application Period for which Perkins Coie requests reimbursement total
17  $1,724.95.

18      11. I have reviewed the requirements set forth in sections 330 and 331 of title 11 of the
19  United States Code, 11 U.S.C. §§ 101-1532, (ii) Rule 2016(a) of the Federal Rules of Bankruptcy
20  Procedure, (iii) the United States Trustee's Guidelines for Reviewing Applications for
21  Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 (the "U.S. Trustee
22  Guidelines"), (iv) the United States Department of Justice's Appendix B Guidelines for Reviewing
23  Applications for Compensation and Reimbursement of Expenses Filed Under United States Code
24  by Attorneys in Larger Chapter 11 Cases (the "Appendix B Guidelines"); *and (v)* (iv) the *Order*
25  *Establishing Procedures for Allowance and Payment of Interim Compensation and Reimbursement*
26  *of Expenses of Professionals Retained by Order of this Court*, dated August 2, 2023 [Docket No.
27  759] (the "Interim Compensation Procedures Order"). To the best of my knowledge, information,
28

and belief, the Application complies with the U.S. Trustee Guidelines, the Appendix B Guidelines, and the Interim Compensation Procedures Order.

12. An email enclosing a substantially identical draft of the Application was sent to the Committee on February 6, 2024.

I declare under penalty of perjury and the laws of the United States of America that the foregoing is true and correct, this 9th day of February, 2024.

By: */s/ Paul S. Jasper*

Paul S. Jasper