**5**

Andrew H. Sherman (admitted *pro hac vice*)
asherman@sillscummis.com
Boris I. Mankovetskiy (admitted *pro hac vice*)
bmankovetskiy@sillscummis.com
SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
Telephone:    973.643.7000
Facsimile:    973.643.6500

*Co-Counsel to the Official Committee of Unsecured Creditors*

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

## FRESNO DIVISION

| | |
|---|---|
| In re<br><br>MADERA COMMUNITY HOSPITAL<br><br>Debtor in Possession.<br><br>Tax ID#    23-7429117<br>Address:    1250 E. Almond Avenue<br>               Madera, CA 93637 | Case No. 23-10457<br><br>Chapter: 11<br><br>DC No.: PSJ-033<br><br>**DECLARATION OF ANDREW SHERMAN IN SUPPORT OF SECOND INTERIM APPLICATION OF SILLS CUMMIS & GROSS P.C. FOR ALLOWANCE OF COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**<br><br>Date:      March 12, 2024<br>Time:     9:30 a.m. (Pacific Time)<br>Place:     2500 Tulare Street<br>           Courtroom 13<br>           Fresno, CA 93721<br>Judge:    Honorable René Lastreto II<br><br>**Objection Deadline: February 27, 2024** |

I, Andrew H. Sherman, declare the following:

      1.      I am an attorney at law, licensed by the Bar of the State of New Jersey and admitted to practice before this Court *pro hac vice*. I am a member of the law firm Sills Cummis & Gross P.C. ("Sills" or the "Firm"), co-counsel of record for the Official Committee of Unsecured

10338427.v3

|   |   |
|---|---|
| 1 | Creditors of Madera Community Hospital (the "Committee"). The following is within my |
| 2 | knowledge, and if called upon as a witness, I could and would testify competently with respect |
| 3 | thereto. |
| 4 | 2. I am submitting this declaration in support of the *Second Interim Application of Sills* |
| 5 | *Cummis & Gross P.C. for Allowance of Compensation for Services and Reimbursement of* |
| 6 | *Expenses as Co-Counsel to the Official Committee of Unsecured Creditors* (the "Application").[1] |
| 7 | 3. By this Application, Sills seeks the entry of an order for (i) the interim allowance |
| 8 | and payment of $253,181.70 (the "Interim Amount") in total for fees earned and reimbursement of |
| 9 | expenses incurred during the Application Period. The Interim Amount is comprised of (i) the fees |
| 10 | billed by Sills in compensation for 374.8 hours of professional services rendered as co-counsel to |
| 11 | the Committee during the Application Period in the amount of $252,990.00, and (ii) reimbursement |
| 12 | for expenses Sills actually incurred in the course of its representation of the Committee during the |
| 13 | Application Period in the amount of $191.70, for a total interim amount sought for the Application |
| 14 | Period of $253,181.70. |
| 15 | 4. Sills has agreed that, for each month in this case, Sills' fees (not including expenses) |
| 16 | will be limited to the lesser of (i) the amount of Sills' fees at its standard rates, and (ii) the amount |
| 17 | of Sills' fees at a blended hourly rate of $675. Sills' blended hourly rate for professional services |
| 18 | rendered during the Application Period was $675. |
| 19 | 5. To date, Sills has been paid a total of $399,154.50 of fees and has been reimbursed |
| 20 | for $563.56 of out-of-pocket expenses, for a total received of $399,718.06. Through the |
| 21 | Application, Sills seeks allowance of $252,990.00 of fees incurred during the Application Period, |
| 22 | and approval for payment of $102,168.00 of that amount. Sills also seeks allowance of $191.70 of |
| 23 | out-of-pocket expenses incurred during the Application Period, and payment of $45.40 of that |
| 24 | amount, which has not yet been paid. |
| 25 | 6. On behalf of Sills, I certify that: |

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

      a.     I have read the Application, and to the best of my knowledge, information, and belief, it is correct in all respects;

      b.     The compensation and expense reimbursement requested are billed at rates, in accordance with practices, no less favorable that those customarily employed by Sills and generally accepted by its clients;

      c.     At all relevant times, Sills has been a disinterested person as that term is defined in § 101(14) and has not represented or held an interest adverse to the interest of the Debtor or the Committee, as described in the *Application to Retain and Employ Sills Cummis & Gross P.C. as Co-Counsel for the Official Committee of Unsecured Creditors of Madera Community Hospital, Effective as of April 14, 2023*, filed in this case [Docket No. 426];

      d.     Neither Sills nor any member of Sills has any agreement or understanding of any kind or nature to divide, pay over, or share any portion of the fees or expenses to be awarded to Sills with any other person or attorney except as among the members and associates of Sills;

      e.     To the best of my knowledge, information, and belief, formed after reasonable inquiry, no time has been sought to be allowed through the Application which is outside the scope of work authorized through the order authorizing the employment of the Firm as co-counsel to the Committee.

7.     In the ordinary course of business, Sills maintains records of all time expended by its professionals and paraprofessionals in the rendering of services in a computerized billing system as follows: At or near the time the services are rendered, attorneys and other professionals and paraprofessionals either (1) record in writing on a time sheet the client/matter name or number, the duration of time expended, and a description of the nature of the services performed, or (2) input the time record, including the client/matter number, duration of time expended, and a description of the nature of the services performed directly into the Firm's computer billing system. For those individuals who record their time using written time sheets, the information contained in the time sheets is then transcribed into the Firm's computerized billing system. The billing system stores a

10338427.v3

record of all time spent on a client/matter, the professional providing the services, and a description of the services rendered. The billing system computes the time expended by each professional by the respective professional's billing rate (or, in this case, the blended discounted billing rate) to calculate the amount of the fee associated. Sills bills its clients and otherwise conducts its business in reliance on the accuracy of such business records.

8.  I have reviewed the monthly invoices generated by Sills for services rendered in connection with its representation of the Committee in this case during the Application Period. Copies of these invoices are attached to the Application as **Exhibit 7**, and to the best of my knowledge, information, and belief, they are correct in all respects.

9.  It is the usual practice of Sills to allocate work and assignments in an efficient manner to achieve an effective result. As demonstrated in the Application, this practice has been followed in this case.

10. When a reimbursable charge is incurred on behalf of a client, employees of Sills keep a record of the client number for which the charges were expended. The expenses incurred during the Application Period for which Sills requests reimbursement total $191.70.

11. I have reviewed the requirements set forth in: (i) sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532, (ii) Rule 2016(a) of the Federal Rules of Bankruptcy Procedure, (iii) the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 (the "U.S. Trustee Guidelines"), (iv) the United States Department of Justice's Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases (the "Appendix B Guidelines"); and (v) the *Order Establishing Procedures for the Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of this Court*, dated August 2, 2023 [Docket No. 759] (the "Interim Compensation Procedures Order"). To the best of my knowledge, information, and belief, the Application substantially complies with the U.S. Trustee Guidelines, the Appendix B Guidelines, and the Interim Compensation Procedures Order.

10338427.v3

1 | I declare under penalty of perjury and the laws of the United States of America that the foregoing is true and correct, this 9th day of February, 2024.

By:    */s/ Andrew H. Sherman*
        Andrew H. Sherman

10338427.v3