4

Andrew H. Sherman (admitted *pro hac vice*)
asherman@sillscummis.com
Boris I. Mankovetskiy (admitted pro hac vice)
bmankovetskiy@sillscummis.com
SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
Telephone: 973.643.7000
Facsimile: 973.643.6500

Paul S. Jasper, Bar No. 200138
PJasper@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, CA 94105
Telephone: 415.344.7000
Facsimile: 415.344.7050

*Co-Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION**

In re

MADERA COMMUNITY HOSPITAL

Debtor.

Case No. 23-10457

Chapter: 11

DC No.: PSJ-034

**DECLARATION OF CLIFF ZUCKER IN SUPPORT OF SECOND INTERIM APPLICATION OF FTI CONSULTING INC FOR ALLOWANCE OF COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

Hearing Date: March 12, 2024
Hearing Time: 9: 30 a.m. (Pacific Time)
Place: 2500 Tulare Street
Courtroom 13
Fresno, CA 93721
Judge: Honorable René Lastreto II

**Objection Deadline: February 27, 2024**

I, Cliff Zucker, declare the following:

1. I am a Senior Managing Director with FTI Consulting, Inc. ("FTI"), an international consulting firm. The following is within my knowledge, and if called upon as a witness, I could and would testify competently with respect thereto.

2. I am submitting this declaration in support of the *Second Interim Application of FTI Consulting Inc for Allowance of Compensation for Services and Reimbursement of Expenses as Financial Advisor to the Official Committee of Unsecured Creditors* (the "Application").

3. By this Application, FTI seeks the entry of an order for the interim allowance and payment of $94,010.00 (the "Interim Amount") in total for fees earned. The Interim Amount is comprised of the fees billed by FTI in compensation for 134.3 hours of professional services rendered as financial advisor to the Official Committee of Unsecured Creditors of Madera Community Hospital (the "Committee") during the Application Period in the amount of $94,010.00.

4. To date, FTI has been paid a total of $75,208.00 of fees. Through this Application, FTI seeks allowance of $94,010.00 of fees incurred during the Application Period, and approval for payment of $18,802.00 of that amount, which was incurred, but has not been paid due to a 20% holdback from amounts sought in its Monthly Fee Statements.

5. On behalf of FTI, I certify that:

a. I have read the Application, and to the best of my knowledge, information, and belief, it is correct in all respects;

b. The compensation and expense reimbursement requested are billed at rates, in accordance with practices, no less favorable that those customarily employed by FTI and generally accepted by its clients;

c. At all relevant times, FTI has been a disinterested person as that term is defined in § 101(14) and has not represented or held an interest adverse to the interest of the Debtor, as described in the *Application for an Order Authorizing Retention and Employment of FTI Consulting, Inc. as Financial*

*Advisor to the Official Committee of Unsecured Creditors Effective as of April 25, 2023*, filed in this case [Docket No. 491];

d. Neither FTI nor any member of FTI has any agreement or understanding of any kind or nature to divide, pay over, or share any portion of the fees or expenses to be awarded to FTI with any other person or attorney except as among the members and associates of FTI;

e. To the best of my knowledge, information, and belief, formed after reasonable inquiry, no time has been sought to be allowed through the Application which is outside the scope of work authorized through the order authorizing the employment of the Firm as financial advisor to the Committee.

6. In the ordinary course of business, FTI maintains records of all time expended by its professionals and paraprofessionals in the rendering of services in a computerized billing system as follows: At or near the time the services are rendered, attorneys and other professionals and paraprofessionals either (1) record in writing on a time sheet the client/matter name or number, the duration of time expended, and a description of the nature of the services performed, or (2) input the time record, including the client/matter number, duration of time expended, and a description of the nature of the services performed directly into the Firm's computer billing system. For those individuals who record their time using written time sheets, the information contained in the time sheets is then transcribed into the Firm's computerized billing system. The billing system stores a record of all time spent on a client/matter, the professional providing the services, and a description of the services rendered. The billing system computes the time expended by each professional by the respective professional's billing rate (or, in this case, the discounted billing rate) to calculate the amount of the fee associated. FTI bills its clients and otherwise conducts its business in reliance on the accuracy of such business records.

7. I have reviewed the monthly invoices generated by FTI for services rendered in connection with its representation of the Committee in this case during the Application Period.

Copies of these invoices are attached to the Application as **<u>Exhibit 5</u>**, and to the best of my knowledge, information, and belief, they are correct in all respects.

8. It is the usual practice of FTI to allocate work and assignments in an efficient manner to achieve an effective result. As demonstrated in the Application, this practice has been followed in this case.

9. I have reviewed the requirements set forth in (i) sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532, (ii) Rule 2016(a) of the Federal Rules of Bankruptcy Procedure, (iii) the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 (the "<u>U.S. Trustee Guidelines</u>"), (iv) the United States Department of Justice's Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases (the "<u>Appendix B Guidelines</u>")*; and* (v) the Order Establishing Procedures for Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of this Court, dated August 2, 2023 [Docket No. 759] (the "<u>Interim Compensation Procedures Order</u>"). To the best of my knowledge, information, and belief, the Application complies with the U.S. Trustee Guidelines, the Appendix B Guidelines, and the Interim Compensation Procedures Order.

I declare under penalty of perjury and the laws of the United States of America that the foregoing is true and correct, this 9th day of February, 2024.

By: *<u>/s/ Cliff Zucker</u>*

Cliff Zucker