3

Michael B. Reynolds (SBN 174534)
mreynolds@swlaw.com
Andrew B. Still (SBN 312444)
astill@swlaw.com
SNELL & WILMER L.L.P.
600 Anton Blvd, Suite 1400
Costa Mesa, California 92626-7689
Telephone:　714.427.7000
Facsimile:　714.427.7799

Attorneys for California Physicians' Service dba Blue Shield of California

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>MADERA COMMUNITY HOSPITAL,<br><br>　　　　　Debtor-in-Possession.<br><br>Tax ID #:　23-7429117<br>Address:　1250 E. Almond Avenue<br>　　　　　Madera, CA 93637 | Case No. 23-10457<br><br>Chapter 11 Case<br><br>DC No.　　PSJ-025<br><br>**BLUE SHIELD'S OBJECTION TO CONFIRMATION OF CHAPTER 11 PLAN AND PROPOSED ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACT**<br><br>**[Related Docket Nos. 1505, 1574]**<br><br><u>Hearing Information</u>:<br><br>Date:　　April 16, 2019<br>Time:　　9:30 a.m.<br>Courtroom:　13<br>Address:　2500 Tulare Street<br>　　　　　Fresno, CA 93721<br><br>Hon. Rene Lastreto II |

　　TO THE HONORABLE RENE LASTRETO II, UNITED STATES BANKRUPTCY JUDGE, MADERA COMMUNITY HOSPITAL (the "<u>Debtor</u>"), AND PARTIES IN INTEREST:

　　PLEASE TAKE NOTICE that California Physicians' Service, dba Blue Shield of California ("<u>Blue Shield</u>"), hereby submits the following Limited Objection to (i) Confirmation of

the Second Amended Chapter 11 Plan of Liquidation (the "Plan") proposed by the Official Committee of Unsecured Creditors (the "Committee") in relation to Debtor's pending bankruptcy case and (ii) Plan Supplement [Docket No. 1574] related to the Plan (the "Plan Supplement").

This limited objection (the "Objection") to the Plan is based on the Exculpation and Injunction provisions of Article XI. These provisions purport to broadly release the Debtor, the bankruptcy estate (the "Estate"), their successors and a universe of other parties called "Protected Parties" and their respective assets from claims and recoupments that might be asserted by Blue Shield. Blue Shield respectfully objects to Article XI of the Plan to the extent it purports to release parties or enjoin claims beyond the discharge and injunction that is provided by the Bankruptcy Code.

Blue Shield further objects to the Plan Supplement because it is so vague as to be virtually meaningless. On the one hand, it lists Blue Shield's "Covid-19 Vaccination Program Participation Agreement" ("the "Blue Shield Contract") as an executory contract that is to be assumed and assigned to American Advanced Management, Inc. ("AAM"). On the other hand, the Plan Supplement leaves open the question of whether AAM will actually accept the assignment and whether the Debtor or any other party in interest takes the position that the Blue Shield Contract is executory. Nor does the Plan Supplement purport to provide any cure amount, nor to provide adequate assurance of future performance. Under these circumstances, it is premature to demand that Blue Shield take a position regarding the proposed "assignment". Instead, the Court should direct the Debtor and AAM (or such other potential assignee to which the Debtor may seek to assign the Blue Shield Contract) to file and serve a new plan supplement that specifically states whether the Blue Shield Contract exists, is enforceable, is executory, will be assumed and assigned, whether a cure amount needs to be paid (and if so, how much), and providing adequate assurance of future performance. This new plan supplement should also include adequate opportunity for Blue Shield to respond.

Based on the foregoing, Blue Shield respectfully requests that the Court deny confirmation of the Plan or, in the alternative, confirm the Plan subject to appropriate revisions to address the objections raised above.

Dated: April 2, 2024

Respectfully submitted,

SNELL & WILMER LLP

By: /s/ Michael B. Reynolds
Michael B. Reynolds
Andrew B. Still

Attorneys for California Physicians' Service, dba Blue Shield of California

4886-6878-4819.1