Patience Milrod #77466
985 North Van Ness Avenue
Fresno, California 93728
Telephone: (559) 246-7239
Email: pm@patiencemilrod.com

Attorney for Madera Coalition for Community Justice

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| In re: | Case No.: 23-10457 |
| MADERA COMMUNITY HOSPITAL, | Chapter 11 |
| Debtor in Possession. | DCN: PSJ-025 |
| Tax ID#: 23-6429117<br>Address: 1250 E. Almond Avenue<br>Madera, California 93637 | **OBJECTIONS TO PLAN SUPPLEMENT TO SECOND AMENDED CHAPTER 11 PLAN OF LIQUIDATION PROPOSED BY THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS** |
| | Hearing Date: April 16, 2024<br>Time: 9:30 a.m.<br>Place: 2500 Tulare Street<br>Courtroom 13<br>Fresno, California 93721<br>Judge: Hon. René Lastreto II |

Comes now Madera Coalition for Community Justice (MCCJ) and submits additional objections to confirmation of the Creditor Committee's Second Amended Chapter 11 Plan of Liquidation:

1) Together, the Plan and its Supplement[1] fail to meet the requirements of 11 U.S.C. § 1129(a)(5)(A), which requires as a condition of confirmation that the proponent have: (i) "disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the plan, as a director, officer, or voting trustee of the debtor, an affiliate of the debtor participating in a joint plan with the debtor, or a successor to the debtor under the plan; and (ii) the appointment to, or continuance in, such office of such individual, is consistent with the interests of creditors and equity security holders and with public policy."

2) Together, the Plan and its Supplement fail to meet the requirements of 11 U.S.C. § 1129(a)(5)(B), which requires as a condition of confirmation that the proponent have: "disclosed the identity of any insider that will be employed or retained by the reorganized debtor, and the nature of any compensation for such insider."

The Plan itself does not contain any of the information required by section 1129(a)(5), but promises: "The identity of the Liquidation Trustee shall be disclosed prior to the Confirmation Hearing as part of the Plan Supplement in accordance with section 1129(a)(5) of the Bankruptcy Code"[2], and that the Plan Supplement will further comply with 11 U.S.C. section 1129(a)(5) by disclosing the identities of the members of the Liquidation Trust Oversight Committee.[3]

The Plan Supplement does indeed disclose the identities and affiliations of four individuals who appear to fall within the ambit of § 1129(a)(5)(A)(i): the initial Liquidation

---

[1] Docket No. 1574, filed March 22, 2024, Plan Supplement to Second Amended Chapter 11 Plan of Liquidation Proposed by the Official Committee of Unsecured Creditors, Exhibit A, Liquidation Trust Agreement (PDF 4 – 31).

[2] Docket No. 1507, Second Amended Chapter 11 Plan of Liquidation Proposed by the Official Committee of Unsecured Creditors, Article V.H, at p. 34 (PDF 41).

[3] *Id*., Article V.J, at p. 36 (PDF 43).

Trustee[4], and the members of the Liquidation Trust Oversight Committee.[5] However, the list of names provided is of limited utility to the reader. Section 11.1 of the Liquidation Trust Agreement provides that the Oversight Committee members may be "Persons and/or Entities"[6]; the accompanying footnote 2[7] seems to suggest it is the entities listed who are the members: "For the avoidance of doubt, unless expressly stated otherwise in this Liquidation Trust Agreement, references to members of the Oversight Committee in this Liquidation Trust Agreement do not refer to or include the individual representatives through whom such members act. Each member of the Oversight Committee may identify, remove, or replace the representative(s) through which it acts at any time upon written notice to the Liquidation Trustee."

    Moreover, the Plan Supplement makes no effort to comply with subsection (a)(5)(A)(ii), which requires a disclosure of how the appointment of each named individual is consistent not only with creditors' and security holders' interests, but *also with public policy*. MCCJ is particularly concerned to see that the liquidation of this vital community asset be conducted so as to ensure the highest level of health care to the most vulnerable Maderans—the public policy that underlies the vast bulk of the public revenue streams that will permit MCH to operate into the future.[8]

    In addition, the Plan taken as a whole fails to comply with 11 U.S.C. § 1129(a)(5)(B),

---

[4] Nicholas Rubin, of Force 10 Partners, LLC. Docket No. 1574, Exhibit A, Liquidation Trust Agreement, Article 2.2.1, at p. 4 (PDF 7-9).

[5] Matthew Beehler, representing AAM; Dr. Ali Rashidian, representing Arya Medical Group; and Bruce D. Adams, representing Citizens Business Bank. Alternative Designees 1 and 2 are not identified. *Id.*, Schedule 1 (PDF 30).

[6] Docket No. 1574, Exhibit A, Liquidation Trust Agreement, Article 11, section 11.1, p. 21 (PDF 24)

[7] *Id.*, fn. 2.

[8] See, e.g., Welfare and Institutions Code sections setting out legislative purposes behind the Medi-Cal Hospital Quality Assurance Fee Program: §§ 14169.50(a), 14169.53(b)(1), and 14169.56(e)(1).

which requires the disclosure of "the identity of any insider that will be employed or retained by the reorganized debtor, and the nature of any compensation for such insider." The Bankruptcy Code definition of "insider" would encompass, for example, Madera Community Hospital's current CEO[9] and any member of MCH's current board of directors[10].

Given AAM's early and extraordinary proffer[11] to current CEO Paolinelli of employment at the reorganized MCH[12], along with a $150,000 retention incentive[13], it would seem an (a)(5)(B) disclosure would logically include her name and anticipated compensation. If AAM intends to retain any member of MCH's current board of directors in any capacity, such persons too should be disclosed with compensation details.

DATED: April 2, 2024                Respectfully submitted,

                                                       /s/ Patience Milrod
                                                      Patience Milrod
                                                      Attorney for
                                                      Madera Coalition for Community Justice

---

[9] 11 U.S.C. § 101(31)(B)(ii).

[10] 11 U.S.C. § 101(31)(B)(i).

[11] Docket No. 931, Declaration of Karen Paolinelli in Opposition to Motion to Compel Production of Certain Documents Pursuant to Federal Rule of Bankruptcy Procedure 2004, p. 2 ¶ 7.

[12] Docket No. 932, Exhibits in Opposition to Motion to Compel Production, Exhibit A (PDF 4).

[13] *Id.*, Exhibit B (PDF 6).