Patience Milrod #77466
985 North Van Ness Avenue
Fresno, California 93728
Telephone: (559) 246-7239
Email: pm@patiencemilrod.com

Attorney for Madera Coalition for Community Justice

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**FRESNO DIVISION**

| | |
|---|---|
| In re:<br>MADERA COMMUNITY HOSPITAL,<br><br>Debtor in Possession.<br><br>Tax ID#: 23-6429117<br>Address: 1250 E. Almond Avenue<br>Madera, California 93637 | Case No.: 23-10457<br><br>Chapter 11<br><br>DCN: PSJ-025<br><br>**SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MADERA COALITION FOR COMMUNITY JUSTICE'S OBJECTIONS TO CONFIRMATION OF SECOND AMENDED CHAPTER 11 PLAN OF LIQUIDATION AND PLAN SUPPLEMENT PROPOSED BY THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**<br><br>Hearing Date: April 16, 2024<br>Time: 9:30 a.m.<br>Place: 2500 Tulare Street<br>Courtroom 13<br>Fresno, California 93721<br><br>Judge: Hon. René Lastreto II |

Comes now Madera Coalition for Community Justice, and requests this Court take judicial notice of the following records and documents in support of its Objections to Confirmation of the Creditor Committee's Second Amended Chapter 11 Plan of Liquidation, filed March 19, 2024, Docket No. 1554, and Plan Supplement, filed March 22, 2024, Docket No. 1574. True and

correct copies of these documents are submitted as a separate filing, in compliance with Local Rule 9014-1(d)(1) and (d)(4).

**DOCUMENTS FOR WHICH JUDICIAL NOTICE IS REQUESTED**

1. **Pleadings and documents on file as part of the proceedings in this case:**

   A. Docket No. 1574, filed March 22, 2024, Plan Supplement to Second Amended Chapter 11 Plan of Liquidation Proposed by the Official Committee of Unsecured Creditors, Exhibit A, Liquidation Trust Agreement (PDF 4 – 31).

   B. Docket No. 1454, filed February 21, 2024, Order Authorizing the Debtor to Enter into a Master Transition Agreement and a Management Services Agreement with American Advanced Management, Inc.; Exhibit 1, Master Transition Agreement (PDF 5-25); and Exhibit A to Exhibit 1, Management Services Agreement (PDF 26-51).

   C. Docket No. 931, Declaration of Karen Paolinelli in Opposition to Motion to Compel Production of Certain Documents Pursuant to Federal Rule of Bankruptcy Procedure 2004, p. 2 ¶ 7.

   D. Docket No. 932, Exhibits in Opposition to Motion to Compel Production, Exhibit A (AAMI Letter of Commitment delivered to Madera Community Hospital CEO Karen Paolinelli on or about May 30, 2023) (PDF 4).

   E. Docket No. 932, Exhibits in Opposition to Motion to Compel Production, Exhibit B (AAMI check for $150,000.00 proffered to Karen Paolinelli on or about May 30, 2023, signed by Dr. Gurpreet Singh Randhawa) (PDF 6).

2. **Documents in support of MCCJ's Objection 2: the Plan fails to satisfy the requirement that "confirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan." 11 U.S.C. § 1129(a)(11).**

**Exhibit 10:** Notice of State Tax Lien for $134,961.00, recorded July 19, 2022 by the San Joaquin County Recorder, at the request of the State of California Employment Development Department, against Gurpreet Singh, for tax period 04/01/2019 to 09/30/2020; as certified by the Director of the Employment Development Department: "the above [Dr. Singh] is liable to the State of California for amounts due and required to be paid" per specified provisions of State law. See Exhibits, pp. 2-3

**Exhibit 11:** Stanislaus County Treasurer – Tax Collector record of property tax delinquency in the amount of $43,218.26, for tax year 2019-2020—Exhibits, pp. 4-7. [This delinquency appears to have been cured as of the present date.]

**Exhibit 12:** Pleadings filed in the Stanislaus County Superior Court in *Bank of the West v. JUSRAND, LLC, Gurpreet Singh, et al.*, Case No. CV-20-005206.

**12.A.** Complaint[1] for Breaches of Promissory Notes, Breaches of Guaranties, Judicial Foreclosures, Claim and Delivery, Conversion, Appointment of a Limited Purpose Receiver, Monies Lent, Accounts Stated, and Fair Valuations, filed November 23, 2020—Exhibits, pp. 8-38.

**12.B.** Declaration of Gurpreet Singh in Support of Opposition to Bank of the West's Application for Writ of Attachment, filed April 15, 2021—Exhibits, pp. 39-47.

**12.C.** Right to Attach Order and Order for Issuance of Writ of Attachment After Hearing, filed May 20, 2021—Exhibits, pp. 48-53.

[1] Please note that the copy of the complaint attached as Exhibit 12.A does not include the 167 pages of exhibits originally included with the complaint as filed. These can be accessed via a case-number search at the Stanislaus County Superior Court public portal, https://stanportal.stanct.org/search.

**Exhibit 13:** Pivot tables showing financial performance of each AAM-owned or operated hospital for 2021, downloaded from California Department of Health Care Access and Information at https://data.chhs.ca.gov/dataset/ea0c8ca9-023e-46a3-b95b-b9d4ab8ec195/resource/29bacfe7-a98d-4183-9282-a5803a3d4c6e/download/hafd2021-pivot.xls. Please note, the data for Central Valley Specialty Hospital and Colusa Medical Center are reported on a Calendar Year (CY) 2021 basis; Glenn Medical Center and Sonoma Specialty Hospital data are reported on a Fiscal Year Ending (FYE) June 30, 2021 basis; Coalinga Regional Medical Center data are also on an FYE 6.30.21 basis, but do not report a full year's financial performance because the hospital was not open until December 2 of 2020.

**13.A.** Central Valley Specialty Hospital: this report is offered to show **$7,431,140** in net income for the reporting period—Exhibits, pp. 54-58.

**13.B.** Coalinga Regional Medical Center: this report is offered to show a net loss of **$10,300,394** for the reporting period—Exhibits, pp. 59-63.

**13.C.** Colusa Medical Center: this report is offered to show a net loss of **$951,675** for the reporting period—Exhibits, pp. 64-68.

**13.D**. Glenn Medical Center: this report is offered to show a net loss of **$8,615,278** for the reporting period—Exhibits, pp. 69-73.

**13**.**E.** Sonoma Specialty Hospital: this report is offered to show **$1,761,851** in net income for the reporting period—Exhibits, pp. 74-78.

**Exhibit 14:** Pivot tables showing financial performance of each AAM-owned or operated hospital for 2022, downloaded from California Department of Health Care Access and Information at https://data.chhs.ca.gov/dataset/ea0c8ca9-023e-46a3-b95b-b9d4ab8ec195/resource/e6a7cc46-836f-4437-8ad1-

e485d6ea0514/download/hafd2022-pivot.xls. Please note, the data for Central Valley Specialty Hospital, Colusa Medical Center, and Glenn Medical Center are reported on a CY 2022 basis; data for Coalinga Regional Medical Center and Sonoma Specialty Hospital are reported on an FYE 6.30.22 basis.

**14.A.** Central Valley Specialty Hospital: this report is offered to show **$2,617,757** in net income for the reporting period—Exhibits, pp. 79-82.

**14.B.** Coalinga Regional Medical Center: this report is offered to show a net loss of **$5,967.582** for the reporting period—Exhibits, pp. 83-86.

**14.C.** Colusa Medical Center: this report is offered to show a net loss of **$2,713,715** for the reporting period—Exhibits, pp. 87-90.

**14.D**. Glenn Medical Center: this report is offered to show **$161,186** in net income for the reporting period—Exhibits, pp. 91-94.

**14**.**E.** Sonoma Specialty Hospital: this report is offered to show a net loss of **$4,654,887** for the reporting period—Exhibits, pp. 95-98.

**Exhibit 15:** Sonoma County Superior Court records reflecting litigation involving Sonoma Specialty Hospital, LLC.

**15.A.** Complaint filed in the Sonoma County Superior Court in *Medely, Inc. v. Sonoma Specialty Hospital, LLC, et al.,* Case No. 24CV01801, filed March 25, 2024, demanding $461,966.93 for goods/services provided, plus interest accruing since June of 2023—Exhibits, pp. 99-103.

**15.B.** Docket details from small claims court action *McElroy v. Sonoma Specialty Hospital, LLC*, Case No. MSC-189949, filed July 19, 2019, uncontested, resulting in a judgment of $8,703.10—Exhibits, pp. 104-107.

**15.C.** Docket details from *CONMED Corporation v. Sonoma Specialty Hospital, LLC*, Case No. MCV-249637, filed July 15, 2019, resulting in a default judgment of $26,780.19—Exhibits, pp. 108-113.

**15.D**. Docket details from *McKesson Medical-Surgical, Inc. v. Sonoma Specialty Hospital, LLC*, Case No. MCV-253222, filed August 25, 2020, resulting in a default judgment of $23,534.87—Exhibits, pp. 114-117.

**ARGUMENT**

This Request for Judicial Notice is submitted pursuant to Federal Rules of Evidence, Rule 201, subsection (b)(2). MCCJ respectfully submits that the documents identified above and filed and served herewith describe matters that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," as follows.

**Request No. 1:**

Pleadings and documents filed in this case: A Court may take judicial notice of its own records. *U.S. v. Wilson*, C.A.9 (Nev.) 1980, 631 F.2d 118.

In this instance, MCCJ proffers Exhibit 1.A not for the truth of the statements in it, but as evidence that the proponents of the document made the statements and offered the proposals incorporated. That fact is not reasonably subject to dispute.

With respect to Exhibits 1.B, C, and D, MCCJ proffers them for their truth, in that they are sworn to as truthful and accurate, and when confronted with them in court, Mr. Rafatjoo acknowledged their accuracy.

**Exhibit 10:**

The document proffered as Exhibit 10 is a true, correct, and complete copy of an Employment Development Department tax lien secured from the San Joaquin County Recorder's Office. As a public government record it is not subject to reasonable dispute and therefore

judicially noticeable. See, e.g., *Grant v. Aurora Loan Services, Inc.*, C.D.Cal.2010, 736 F.Supp.2d 1257 [trustee's deed was a public record and, therefore, court would take judicial notice of it; document was recorded by the county recorder's office, and a reference number for the document demonstrated it was in fact recorded]. MCCJ proffers Exhibit 10 as evidence that as of July 19, 2022, Dr. Singh owed the State of California, Employment Development Department, $134,961 in unpaid taxes, penalties, and interest.

**Exhibit 11:**

The document proffered as Exhibit 11 is a true, correct, and complete copy of a record downloaded from the website of the Stanislaus County Treasurer – Tax Collector showing a failure to pay 2019-2020 property taxes, in the total amount of $43,218.26, on APN 136-039-003-000, identified in Exhibit 12.A, ¶18, as "the Salida Property" with a street address of 5260 Pirrone Court, Salida, CA, and in Exhibit 12.B, ¶11, as "real property commonly known as 5258-5260 Pirrone Court, Salida, California." MCCJ proffers Exhibit 11 as evidence that as of April 10, 2020, Dr. Singh, through one or more of his businesses, owed Stanislaus County the sum of $43,218.26 in unpaid property taxes.

**Exhibit 12:**

The Stanislaus County Superior Court documents proffered as Exhibits 12.A, 12.B, and 12.C are true, correct, and complete copies of court filings obtained by accessing that court's public portal. They are court filings whose accuracy cannot reasonably be questioned and are therefore judicially noticeable. *Id*. MCCJ proffers the complaint (12.A) to establish that Bank of the West leveled the allegations of the complaint against Dr. Singh, but not necessarily for the truth of the accusations themselves. MCCJ proffers the declaration of Dr. Singh (12.B) as the statement of a party, made under oath, and admissible pursuant to FRE Rule 801(d)(2)(A) and (B). MCCJ proffers the Superior Court's attachment order (12.C) as a judicial determination that

Dr. Singh held at the time of the order, May 20, 2021, an attachable interest in the assets and properties listed at Attachment 9(c), and that the plaintiff had a right to attach property of Dr. Singh in the amount of $5,606.423.71.

**Exhibits 13 and 14:**

The documents proffered as Exhibits 13 and 14 are true, correct, and complete copies of documents downloaded from "sources whose accuracy cannot reasonably be questioned": the website of a California State agency, California Department of Health Access and Information (HCAI). See, e.g., *Johnson v. DTBA, LLC,* N.D.Cal.2019, 424 F.Supp.3d 657 [court takes judicial notice of public records maintained on government websites]; see also, *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010) (taking judicial notice of list of vendors displayed on publicly available websites of government entities). MCCJ proffers these documents for the truth of the data, in particular to show the financial performance of the hospitals AAM already operates.

**Exhibit 15:**

The Sonoma County Superior Court documents proffered as Exhibit 15 are true and correct copies of court filings and court records obtained by accessing that court's public portal. They are court filings whose accuracy cannot reasonably be questioned and are therefore judicially noticeable. MCCJ proffers the complaint in *Medley v. Sonoma Specialty Hospital* (15.A) to establish that as recently as ten days ago, AAM's spinoff corporation was being sued for sums approaching half a million dollars. MCCJ proffers the docket summaries for the *McElroy*, *CONMED*, and *McKesson* matters (15.B, 15.C, and 15.D) to establish that Sonoma Specialty Hospital owed relatively small sums, refused to pay them, forced the creditors to file actions to recover amounts due, and allowed the matters to go to default. In two cases, the record establishes that each judgment was satisfied, if months later; the small claims court docket

did not provide that information.

MCCJ therefore respectfully requests that this Court judicially notice the documents itemized above, which are filed and served with this Request.

DATED:April3,2024: Respectfully submitted,

/s/ Patience Milrod
Patience Milrod
Attorney for
Madera Coalition for Community Justice