**11**

| | |
|---|---|
| PERKINS COIE LLP | SILLS CUMMIS & GROSS P.C. |
| Paul S. Jasper (CA Bar No. 200138) | Andrew H. Sherman (admitted *pro hac vice*) |
| 505 Howard Street, Suite 1000 | Boris I. Mankovetskiy (admitted *pro hac vice*) |
| San Francisco, CA 94105 | One Riverfront Plaza |
| Telephone: 415.344.7000 | Newark, New Jersey 07102 |
| Email: PJasper@perkinscoie.com | Telephone: 973.643.7000 |
| | Email: ASherman@sillscummis.com |
| | BMankovetskiy@sillscummis.com |

*Co-Counsel to the Official Committee of Unsecured Creditors*

RAINES FELDMAN LITTRELL LLP
Hamid R. Rafatjoo (SBN 181564)
1900 Avenue of the Stars, 19th Floor
Los Angeles, CA 90067
Telephone: 310.440.4100
E-mail: hrafatjoo@raineslaw.com

RAINES FELDMAN LITTRELL LLP
Mark S. Melickian (IL SBN 6229843)
30 North LaSalle Street, Suite 3100
Chicago, IL 60602
Telephone: 312.704.9400
E-mail: mmelickian@raineslaw.com

*Attorneys for American Advanced Management, Inc.*

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**FRESNO DIVISION**

| | |
|---|---|
| In re<br><br>MADERA COMMUNITY HOSPITAL,<br><br>    Debtor in Possession.<br><br>Tax ID#   23-7429117<br>Address:   1250 E. Almond Avenue<br><br>    Madera, CA 93637 | Case No. 23-10457<br>Chapter: 11<br><br>**DC No.: PSJ-025**<br><br>Date: April 11, 2024<br>Time: 9:30 a.m.<br>Place: 2500 Tulare Street<br>Courtroom 13<br>Fresno, CA 93721<br>Judge: Honorable René Lastreto II |

**JOINT MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND AMERICAN ADVANCED MANAGEMENT, INC. TO STRIKE OBJECTIONS TO CONFIRMATION FILED BY MADERA COALITION FOR COMMUNITY JUSTICE AND CALIFORNIA RURAL LEGAL ASSISTANCE AND RELATED PLEADINGS**

1

10719342

TO THE HONORABLE RENÉ LASTRETO II, UNITED STATES BANKRUPTCY JUDGE:

The Official Committee of Unsecured Creditors (the "Committee") of Madera Community Hospital (the "Debtor") and American Advanced Management, Inc. ("AAM" and, together with the Committee, the "Movants"), jointly move (the "Motion"), pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9017 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9014-1(f) of the Local Rules of Practice for the United States Bankruptcy Court for the Eastern District of California (the "Local Rules"), for entry of an order, substantially in the form attached hereto as **Exhibit A**, striking and dismissing for a lack of standing (i) *Objections to Confirmation of Second Amended Chapter 11 Plan of Liquidation Proposed by the Official Committee of Unsecured Creditors* [Docket No. 1554] filed by Madera Coalition for Community Justice ("MCCJ"), (ii) *Objections to Plan Supplement to Second Amended Chapter 11 Plan of Liquidation Proposed by The Official Committee of Unsecured Creditors* [Docket No. 1636] filed by MCCJ, (iii) *Request for Evidentiary Hearing* [Docket No. 1640] filed by MCCJ,[1] (iv) the declarations, exhibits and requests for judicial notice filed in support of the foregoing [Docket Nos. 1555, 1556, 1558, 1559, 1561, 1637, 1638, and 1639], and (v) the *Declaration of Baldwin S. Moy in Support of Objections to Confirmation of Second Amended Chapter 11 Plan of Liquidation Proposed by the Official Committee of Unsecured Creditors* (the "CRLA Joinder")[2] [Docket No. 1642] filed on behalf of California Rural Legal Assistance ("CRLA" and, together with MCCJ, the "Objectors") (collectively, the "Plan Objections") from the record of this case, and respectfully state as follows:

## PRELIMINARY STATEMENT[3]

1. The Movants file this Motion in an effort to preserve valuable estate resources and promote judicial economy to strike or otherwise dismiss the Plan Objections as the Objectors lack

---

[1] MCCJ's *Request for Evidentiary Hearing* was filed after the April 2, 2024 deadline for filing objections to confirmation of the Plan but makes legal arguments in opposition to confirmation.

[2] The CRLA Joinder was filed after the April 2, 2024 deadline for filing objections to confirmation of the Plan. It is not an objection in the formal sense as it is in the form of a declaration of counsel that does not address any of the requirements for confirmation of the Plan as set forth in section 1129 of the Bankruptcy Code, but instead makes a plea to reopen the Hospital, which is the core focus of AAM's plans.

[3] Capitalized terms that are used but not defined in this Preliminary Statement are defined below in this Motion.

2

10719342

standing and because the issues raised in the Plan Objections are barred by the doctrine of collateral estoppel.

2. The Objectors lack standing to object to confirmation of the Plan based upon the standards articulated by the United States Court of Appeals for the 9th Circuit because they are not a party in interest under section 1109(b) of the Bankruptcy Code and have not suffered any injury to satisfy Article III constitutional requirements or meet federal court prudential standing requirements as they have no financial stake to protect. The Objectors are simply "foreigners" to this bankruptcy case trying to obfuscate the otherwise unopposed chapter 11 confirmation process, and their pleadings in opposition to confirmation should be stricken and/or summarily dismissed.

3. The Objectors primarily assert challenges to the suitability of AAM as a Hospital operator despite the fact that such issues have already been litigated and decided by this Court. The Objectors are collaterally estopped from raising the Plan Objections because the Objectors already raised AAM's acceptability as an operator at the hearing on the AAM Transaction Approval Motion (defined below) held by this Court on February 13, 2024. Both MCCJ and CRLA, through counsel, were present and actively participated in that hearing. This Court subsequently entered an order granting the AAM Transaction Approval Motion, and overruling those objections, and that order was not appealed and is now final. Thus, the Plan Objections should be stricken as the Objectors are collaterally estopped from relitigating those issues based on applicable federal and California law.[4]

4. An evidentiary hearing on any of the other tangential issues that the Objectors are collaterally estopped from relitigating would be an extreme waste of judicial and estate resources, and could lead to delay in confirmation of a plan that the Movants anticipate will otherwise be uncontested at the Confirmation Hearing.[5]

---

[4] Moreover, the California Department of Health Care Access and Information and the California Health Facilities Financing Authority recently approved the Hospital for a $57 million no-interest loan through the Distressed Hospital Loan Program, and the California Department of Public Health approved a Change of Management Application filed by AAM for the Hospital. Thus, aside from a lack of standing and collateral estoppel, there is simply no basis for the Objectors, with no financial stake, to object to confirmation of the Plan, which will further pave the way for a reopening of the Hospital for the benefit of the local community.

[5] An additional limited objection to confirmation was filed by California Physicians' Service dba Blue Shield of California ("Blue Shield") [Docket No. 1628]. Movants have reached an agreement with Blue Shield of California to address its objection through language to be incorporated in the Confirmation Order.

10719342

5. Finally, the Objectors' Bankruptcy Code-based challenges to confirmation of the Plan are misplaced, without any merit and will be addressed in the Plan Proponent's brief in support of confirmation of the Plan.

6. In order to avoid sidetracking the confirmation process to address objections of parties that lack standing, and who seek to relitigate issues that this Court has already decided against them, the Motion should be granted prior to the Confirmation Hearing, and the Plan Objections should be stricken from the record of this case.

## JURISDICTION

7. The United States Bankruptcy Court for the Eastern District of California (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. The Movants confirm their consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

8. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

9. The statutory bases for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 9017 and Local Rule 9014-1(f).

## BACKGROUND

10. On March 10, 2023, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is operating its business and managing its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in this bankruptcy case.

11. On April 5, 2023, the United States Trustee appointed the Committee pursuant to section 1102(a)(1) of the Bankruptcy Code [Docket No. 195].

12. The pertinent facts relating to this Motion are set forth in the following documents, which are incorporated herein by reference:

| | (i) | *Declaration in Support of Application for Order Shortening Time of Emergency Motions* [Docket No. 5]; |

(ii) *Joint Motion of the Debtor and the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code Authorizing the Debtor to Enter into a Master Transition Agreement and a Management Services Agreement with American Advanced Management, Inc.* [Docket No. 1298] (the "AAM Transaction Approval Motion");

(iii) *Third Amended Disclosure Statement for Chapter 11 Plan of Liquidation Proposed by the Official Committee of Unsecured Creditors* [Docket No. 1449];

(iv) *Modified Second Amended Chapter 11 Plan of Liquidation Proposed by the Official Committee of Unsecured Creditors* [Docket No. 1630] (including all exhibits thereto and as amended, modified, or supplemented, the "Plan");[6] and

(v) *Order Authorizing the Debtor to Enter into a Master Transition Agreement and a Management Services Agreement with American Advanced Management, Inc.* [Docket No. 1454] (the "AAM Transaction Approval Order").

**RELIEF REQUESTED**

13. By this Motion, Movants respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, striking the Plan Objections from the record of this case.

**BASIS FOR RELIEF REQUESTED**

**A.  The Objectors Do Not Have Standing to Assert the Plan Objections**

14. The Plan Objections should be stricken or dismissed in their entirety because the Objectors lack standing to object to the Plan. The United States Court of Appeals for the Ninth Circuit has made clear that to have standing to be heard in this Court, a party must qualify as a "party in interest" under section 1109(b) of the Bankruptcy Code and must also have both constitutional and prudential standing. *In re Tower Park Properties, LLC*, 803 F.3d 450, 456 (9th

---

[6] The Plan, filed April 3, 2024, contains technical amendments and clarifications to the *Second Amended Chapter 11 Plan of Liquidation Proposed by the Official Committee of Unsecured Creditors* [Docket No. 1451]. Capitalized terms that are used but not defined herein have the meanings ascribed to them in the Plan.

5

10719342

Cir. 2015); *see also In re Thorpe Insulation Co.*, 677 F.3d 869, 884, 887 (9th Cir. 2012) (holding that to have bankruptcy standing a party must: (i) meet statutory "party in interest" requirements under section 1109(b) of the Bankruptcy Code; (ii) satisfy Article III constitutional requirements; and (iii) meet federal court prudential standing requirements).

15.　To constitute a party in interest under section 1109(b) with the ability to appear and be heard on any issue in a chapter 11 case, a party must have a "legally protected interest that could be affected by a bankruptcy proceeding." *Id.* at 457. Thus, a party "that may suffer collateral damage" but does not have a legally protected interest does not have standing under § 1109(b)." *Id.* (quoting *In re C.P. Hall Co.,* 750 F.3d 659, 661 (7th Cir. 2014)). Such interests are "too remote to entitle the entity to intervene in a bankruptcy case." *Id.* (quoting *C.P. Hall Co.,* 750 F.3d at 661).

16.　To have constitutional standing under Article III, the party seeking standing must demonstrate an injury in fact that is traceable to the challenged action and that is likely to be redressed by a favorable decision. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992). As applied in the chapter 11 context, Article III standing exists where "the participant holds a financial stake in the outcome of the proceeding such that the participant has an appropriate incentive to participate in an adversarial form to protect his or her interests." *In re Thorpe Insulation Co.,* 677 F.3d at 887. Prudential standing is a judicially self-imposed limit on the exercise of federal jurisdiction and requires that "[a] plaintiff's grievance must arguably fall within the zone of interests protected or regulated by the statutory provision or constitutional guarantee invoked in the suit." *Id.* at 888 (quoting *Bennett v. Spear*, 520 U.S. 154, 162 (1997)). The "zone of interests" requirement is analogous to statutory standing.

17.　The Objectors lack standing to object to the Plan because neither of them is a party in interest under section 1109(b) of the Bankruptcy Code as they are not creditors of the Debtor and have no legally protected interest that could be affected by confirmation of the Plan. Even if they had statutory standing to object to the Plan, which they do not, the Objectors also lack constitutional standing to object to the Plan because they do not hold any financial stake in whether the Plan is confirmed. For the same reasons, the Objectors lack prudential standing to object to the Plan. In fact, the Plan Objections make no effort to meet or otherwise address how the Objectors meet the

10719342

standing requirements and categorically failed to satisfy the most basic and rudimentary requirements a party must satisfy to seek relief in this Court. Accordingly, the Court should strike or otherwise dismiss the Plan Objections from the record of this case.

**B. The Objectors are Collaterally Estopped from Raising Any Objection to AAM's Acceptability as an Operator of the Hospital**

18. Under California law, issue preclusion, also known as collateral estoppel, "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Rodriguez v. City of San Jose*, 930 F.3d 1123, 1130 (9th Cir. 2019) (citations omitted).

19. The crux of the Plan Objections challenges the acceptability of and/or raises concerns about AAM serving as an operator of the Hospital. The concerns about AAM's qualifications, financial wherewithal, or ability to operate the Hospital have already been addressed and litigated in the context of the AAM Transaction Approval Motion and the hearing with respect to that motion, in which the Objectors participated. In effect, the Plan Objections are a direct collateral attack on this Court's approval of the MSA and the MTA and the AAM Transaction Approval Order that was entered over 45 days ago. Any issues that MCCJ or CRLA wanted addressed regarding AAM's proposed consummation of a Hospital reopening transaction should have been raised in an objection or other form of response to the AAM Transaction Approval Motion. Because MCCJ failed to timely respond, object, or otherwise engage with the Committee, the Debtor or AAM regarding the AAM Transaction Approval Motion, and the response of CRLA to the AAM Transaction Approval Motion [Docket No. 1381] (the "Prior CRLA Response") was overruled, MCCJ and CRLA are collaterally estopped from relitigating these issues.[7]

20. The Court should not countenance MCCJ's last-ditch attempt to add substantial requirements to the operational obligations already mandated in connection with the MSA and MTA

---

[7] It bears noting that MCCJ and CRLA previously expressed "elation" over the proposed transactions with AAM and the planned reopening of the Hospital: "CRLA and Madera Coalition for Community Justice are elated over the latest turn of events given the many false starts. As community stakeholders, we are supremely appreciative and applaud the court, parties, government officials and other key players who have worked tirelessly to bring this lawsuit to near resolution without losing sight of the prize, i.e., reopening Madera Community Hospital, while Maderans anxiously await the reopening of Madera Community Hospital." *See* Prior CRLA Response, p. 2.

7

10719342

and the conditions to approval of both agreements previously negotiated between AAM and the California Attorney General, the California Department of Public Health, and the California Department of Health Care and Information Access to resolve their objections to approval of the MSA. The Court approved both agreements, the time for appeal has expired, the effective date of both agreements has occurred, and AAM is already acting as manager of the Hospital.

21. Moreover, as noted above, the California Department of Health Care Access and Information and the California Health Facilities Financing Authority recently approved the Hospital for a $57 million no-interest loan through the Distressed Hospital Loan Program, and the California Department of Public Health approved a Change of Management Application filed by AAM for the Hospital. Thus, aside from a lack of standing and collateral estoppel, there is simply no basis for the Objectors, with no financial stake, to object to confirmation of the Plan, which will further pave the way for a reopening of the Hospital for the benefit of the local community.

22. Thus, even if the Objectors had standing to object to the Plan, which they do not, the crux of the Plan Objections are subject to collateral estoppel. Accordingly, the Plan Objections should be stricken from the record of this case.

**C.    The Objectors Challenges to the Plan Under Section 1129 of the Bankruptcy Code are Misplaced and Will be Addressed by the Plan Proponent's Confirmation Brief**

23. Even if the Objectors had standing to object to the Plan (which they do not) and their objections had not already been considered and overruled in connection with the AAM Transaction Approval Motion, the issues raised by MCCJ concerning whether the Plan is proposed in "good faith," as required by section 1129(a)(3) of the Bankruptcy Code, and whether the Plan is feasible as required by section 1129(a)(11) of the Bankruptcy Code, are misplaced.[8] First, the good faith requirement applies to the Committee as the proponent of the Plan, not to AAM. The Plan Objections, however, focus solely on the (purported) bad faith of AAM, who is not a proponent of the Plan. MCCJ has not challenged the Committee's good faith and, given the Committee's goal of maximizing creditor recoveries and a plan that projects a potential a 100% recovery for unsecured

---

[8] The issues of "good faith" and feasibility will be separately and more fully addressed in the Plan Proponent's brief in support of confirmation of the Plan.

8

10719342

creditors, the Committee's good faith, as Plan Proponent, cannot reasonably be questioned. Second, the "feasibility" objection is likewise misplaced because it fails to recognize that the Plan is a *liquidating* plan that provides for distributions to creditors. Whether AAM is ultimately able to successfully reopen the Hospital is *AAM's* risk to bear. As was clarified by AAM at the hearing on the AAM Transaction Approval Motion, AAM's obligation to fund the liquidation trust in an amount up to $30 million is not contingent on reopening of the Hospital. Upon plan confirmation, AAM is obligated to fund its financial commitment under the AAM transaction that this Court has already approved in the AAM Transaction Approval Order. Whether or not AAM ultimately succeeds in reopening the Hospital, the Plan can be consummated and *all* creditors (except those who agree otherwise) are expected to be paid in full under the Plan. Thus, the Plan is feasible.

### D. An Evidentiary Hearing with Respect to the Plan Objections is Unnecessary and Would Be a Waste of Judicial and Estate Resources

24. As part of the Plan Objections, MCCJ has requested an unnecessary evidentiary hearing with respect to confirmation of the Plan. The issues that MCCJ appears to seek to present evidence on, as evidenced by the 559 pages of exhibits it has asked this Court to take judicial notice of [*see* Docket Nos. 1555, 1558, 1559, 1561, 1637 and 1639], have already been decided by this Court in the AAM Transaction Approval Order and have no bearing on whether the Plan should be confirmed.

25. Conducting a lengthy evidentiary hearing on AAM's qualifications, and ability, to reopen and operate the Hospital would be an extreme waste of judicial time and resources and the limited resources of the Debtor's estate given the Objectors' lack of standing, the fact that they already received a bite at this apple, and the irrelevance of such evidentiary issues to the confirmability of the Plan. No evidence is needed for the Court to confirm the Plan beyond what the Plan Proponent shall submit to the Court in its confirmation brief and supporting declarations, particularly given that Movants anticipate that, if this Motion is granted on shortened time, the Confirmation Hearing will likely be uncontested. Thus, an evidentiary hearing with respect to the issues raised by the Plan Objections is unnecessary and improper, and the request for one should be

9

10719342

1. stricken in advance of the Confirmation Hearing to avoid the Objectors' attempt to delay
2. confirmation in order to relitigate already-tread ground.
3. 26. Lastly, the Objectors failed to comply with LBR 9014-1(f)(1)(B) as the Plan
Objections did not include a separate statement of disputed material factual issues identifying each alleged disputed material factual issue that the Objectors believe require an evidentiary hearing in connection with confirmation of the Plan. Thus, even if the Objectors had raised legitimate confirmation issues (which they did not), had standing, and their objections were not collaterally estopped, they have consented to resolution of all disputed material factual issues pursuant to Fed. R. Civ. P. 43(c) and the Court may, in its discretion, determine such issues on affidavits without oral testimony.

**NOTICE**

Notice of this Motion will be provided to the Objectors and pursuant to the Order Limiting Scope of Notice [Docket No. 116]. In light of the nature of the relief requested, Movants submit that no further notice is necessary.

**CONCLUSION**

WHEREFORE, Movants respectfully request entry of the proposed order, substantially in the form attached hereto as **Exhibit A,** and such additional relief as the Court deems appropriate.

//
//
//
//
//
//
//
//
//
//
//

10

10719342

1  Dated:  April 9, 2024

2  PERKINS COIE LLP                                    SILLS CUMMIS & GROSS P.C.
                                                       Andrew H. Sherman (admitted *pro hac vice*)
3  /s/ Paul S. Jasper                                  Boris I. Mankovetskiy (admitted *pro hac vice*)
4  Paul S. Jasper (CA Bar No. 200138)                  One Riverfront Plaza
   505 Howard Street, Suite 1000                       Newark, New Jersey 07102
5  San Francisco, CA  94105                            Telephone:  973.643.7000
   Telephone:  415.344.7000                            Facsimile:     973.643.6500
6  Facsimile:     415.344.7050                         Email:         Asherman@sillscummis.com
7  Email:         PJasper@perkinscoie.com                             Bmankovetskiy@sillscummis.com

8  *Co-Counsel to the Official Committee of Unsecured Creditors*

9  RAINES FELDMAN LITTRELL LLP
   Hamid R. Rafatjoo (SBN 181564)
10 1900 Avenue of the Stars, 19th Floor
   Los Angeles, CA 90067
11 Telephone: 310.440.4100
12 E-mail: hrafatjoo@raineslaw.com

13 RAINES FELDMAN LITTRELL LLP
   Mark S. Melickian (IL SBN 6229843)
14 30 North LaSalle Street, Suite 3100
   Chicago, IL 60602
15 Telephone: 312.704.9400
16 E-mail: mmelickian@raineslaw.com

17 *Attorneys for American Advanced Management, Inc.*

18

19

20

21

22

23

24

25

26

27

28

11

10719342