**3**

Paul S. Jasper, Bar No. 200138
PJasper@perkinscoie.com
Kathleen Allare, IL Bar No. 6236536 (pro hac vice)
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, CA 94105
Telephone: 415.344.7000
Facsimile: 415.344.7050

*Co-Counsel to the Official Committee of Unsecured Creditors*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA
# FRESNO DIVISION

| | |
|---|---|
| In re<br><br>MADERA COMMUNITY HOSPITAL,<br><br>    Debtor in Possession.<br><br>Tax ID#:    23-7429117<br>Address:    1250 E. Almond Avenue<br>                 Madera, CA 93637 | Case No. 23-10457<br><br>Chapter: 11<br><br>**DCN:**      **PSJ-025**<br><br>Date:      April 11, 2024<br>Time:      9:30 AM<br>Place:      2500 Tulare Street<br>           Courtroom 13<br>           Fresno, CA 93721<br>Judge:      Honorable René Lastreto II |

**DECLARATION OF PAUL S. JASPER IN SUPPORT OF JOINT MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND AMERICAN ADVANCED MANAGEMENT, INC. TO STRIKE OBJECTIONS TO CONFIRMATION FILED BY MADERA COALITION FOR COMMUNITY JUSTICE AND CALIFORNIA RURAL LEGAL ASSISTANCE AND RELATED PLEADINGS**

I, Paul S. Jasper, hereby declare and represent as follows:

1. I am co-counsel to the Official Committee of Unsecured Creditors (the "<u>Committee</u>") and maintain an office at 505 Howard Street, Suite 1000, San Francisco, California 94105.

2. I submit this declaration in support of the *Joint Motion of the Official Committee of Unsecured Creditors and American Advanced Management, Inc. to Strike Objections to*

*Confirmation Filed by Madera Coalition For Community Justice and California Rural Legal Assistance and Related Pleadings* (the "<u>Motion to Strike</u>") filed jointly by the Committee and American Advanced Management, Inc. ("<u>AAM</u>" and, together with the Committee, the "<u>Movants</u>").

3. By the Motion to Strike, Movants request that the Court enter an order striking the Plan Objections[1] from the record of this case because the Objectors lack statutory and constitutional standing to object to the Plan, and because the Plan Objections are subject to collateral estoppel.

4. A review of the claims register and schedules in this case reflects that neither of the Objectors has filed a proof of claim or been scheduled as a creditor in this case.

5. The substance of the Objectors' objections to confirmation of the Plan – concerns about AAM's qualifications, financial wherewithal and/or ability to operate the Hospital – was already litigated and denied in connection with the Court's approval of the AAM Transaction Approval Motion at the hearing held on February 13, 2024. The Court approved both agreements, the time for appeal has expired, the effective date of both agreements has occurred, and AAM is already acting as manager of the Hospital. The Plan Objections therefore constitute a collateral attack on this Court's approval of the MSA and the MTA pursuant to the AAM Transaction Approval Order that was entered over 45 days ago.

6. The Plan is a *liquidating* plan that provides for distributions to creditors regardless of whether AAM is ultimately able to successfully reopen the Hospital. Indeed, AAM's counsel stated at the February 13, 2024 hearing on the AAM Transaction Approval Motion that AAM waived any contingencies under the MTA other than confirmation of the Plan, and acknowledged that AAM's obligation to fund the liquidation trust in an amount up to $30 million is not contingent on reopening of the Hospital, nor on any other contingency other than confirmation of the Plan. Based on that waiver, the MTA (and the Plan's provisions that conform to the MTA) were modified to decouple reopening of the Hospital from AAM's obligation to fund the liquidation trust. Thus, whether or not AAM ultimately succeeds in reopening the Hospital, the Plan can be consummated

---

[1] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Motion to Strike.

1. and *all* creditors (except those who agree otherwise) are expected to be paid in full under the Plan.

2. 7. I believe there is a substantial likelihood that the only other objection to confirmation of the Plan (a limited objection filed by California Physicians' Service dba Blue Shield of California ("Blue Shield of California") [Docket No. 1628]) will be resolved before the Confirmation Hearing. Movants have reached an agreement with Blue Shield of California to address its objection through language to be incorporated in the Confirmation Order.

3. 8. Accordingly, it is my belief that, if the Plan Objections are stricken, the Confirmation Hearing will be able to proceed unopposed on April 16, 2024.

4. 9. Given the Objectors' lack of standing, AAM's waiver of any contingencies other than Plan confirmation, and the Court's prior approval of the AAM Transaction over the Objectors' objection, conducting a lengthy evidentiary hearing on AAM's qualifications, and ability, to reopen and operate the Hospital would revisit issues already litigated before this Court and would be an extreme waste of judicial time and resources and the limited resources of the Debtor's estate.

I declare under penalty of perjury that the foregoing facts are true and correct under the laws of the United States.

DATED: April 9, 2024

                         */s/ Paul S. Jasper*
                         Paul S. Jasper